LAW OFFICES OF

WALKUP, MELODIA, KELLY & SCHOENBERGER
A PROFESSIONAL CORPORATION

650 CALIFORNIA STREET, 26ᵀᴴ FLOOR
SAN FRANCISCO, CALIFORNIA 94108-2615
T: (415) 981-7210 · F: (415) 391-6965

MICHAEL A. KELLY (State Bar #71460)
mkelly@walkuplawoffice.com
DORIS CHENG (State Bar #197731)
dcheng@walkuplawoffice.com

Scott A. Powell (*pro hac vice* motion to be filed)
scott@hwnn.com
Bruce J. McKee (*pro hac vice* motion to be filed)
bruce@hwnn.com
Christopher S. Randolph, Jr. (*pro hac vice* motion to be filed)
chris@hwnn.com
Tempe D. Smith (*pro hac vice* motion to be filed)
tempe@hwnn.com
HARE, WYNN, NEWELL & NEWTON, LLP
2025 Third Avenue North, 8th Floor
Birmingham, Alabama 35203

David G. Hymer (*pro hac vice* motion to be filed)
dhymer@bradley.com
Linda A. Friedman (*pro hac vice* motion to be filed)
lfriedman@bradley.com
Michael R. Pennington (*pro hac vice* motion to be filed)
mpennington@bradley.com
Ellen S. Presley (*pro hac vice* motion to be filed)
epresley@bradley.com
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203

**ATTORNEYS FOR PLAINTIFF**
**MICHEL KECK**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHEL KECK, on behalf of herself and others similarly situated, | Case No. |
| | **COMPLAINT** |
| Plaintiff, | |
| | **CLASS ACTION** |

1    v.                                          **DEMAND FOR JURY TRIAL**

2  ALIBABA.COM, INC., et al.,

3                    Defendants.

4

5                              **INTRODUCTION**

6        Alibaba is a global e-commerce giant that facilitates billions of dollars in transactions

7  between merchants and buyers around the world, including in the United States, through online

8  shopping platforms including Alibaba.com, AliExpress.com, Taobao, Tmall, and 1688.com.

9  Alibaba makes billions of dollars annually off of these platforms through sales commissions,

10 charges to merchants, and digital advertising.  Long dominant in the Chinese e-commerce

11 industry, Alibaba has expanded into the United States and other markets in recent years, opening

12 physical offices and data centers in California and undertaking marketing efforts that have led to

13 the United States becoming one of the top markets for the AliExpress and Alibaba.com platforms.

14 A few months after a high-profile meeting with then-President Elect Donald Trump and the

15 announcement of additional efforts to extend Alibaba's presence in the United States, Alibaba

16 founder and executive chairman Jack Ma explained in a video message directed to American small

17 businesses that, "at Alibaba we fight for the little guy, the small business and their customers."[1]

18       But Michel Keck's experience with Alibaba has not borne that out.  Keck, a full-time

19 artist, had enjoyed success for over a decade selling her original copyrighted and trademarked

20 artwork ("Artwork") over the internet and in stores through authorized dealers.  That was until

21 merchants started displaying and selling copies of her Artwork on the Alibaba platforms without

22 her permission and without paying her any royalties.  The merchants who invested no time in

23 creating the Artwork could sell infringing copies of the Artwork at lower prices that Keck could

24 charge.  Over the past year, dozens of merchants have posted hundreds of listings on the Alibaba

25 sites displaying Keck's Artwork and offering to sell unauthorized copies of that Artwork—often

26 offering to sell buyers thousands of copies of any one painting.  Keck made repeated efforts to get

27

28
_____

[1] *See* http://www.alibabagroup.com/en/news/video?clip=32

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

1   the listings for her Artwork taken down from the Alibaba platforms.  But Alibaba failed to

2   expeditiously remove infringing material from its sites after receiving takedown requests from

3   Keck and has allowed merchants who repeatedly infringe her intellectual property rights to

4   continue doing business on the Alibaba platforms.  And Keck is not alone.  Alibaba admits that it

5   has identified millions of counterfeit goods for sale on its websites, and the United States Trade

6   Representative has identified one of the Alibaba platforms, Taobao, as a "Notorious Market."

7   Keck now seeks damages and declaratory and injunctive relief on behalf of herself and other

8   copyright holders who have been harmed by Alibaba's infringement of their copyrights.

9                                    **PARTIES**

10  *Plaintiff*

11       1.       Michel Keck ("Keck" or "Plaintiff") is a citizen of Indiana who resides in Coal

12  City, Owen County, Indiana.

13       2.       Keck also seeks to represent the class and subclasses defined in paragraph 295

14  below.

15  *Alibaba Defendants*

16       3.       Alibaba.com, Inc. is organized and exists under the laws of Delaware, with its

17  principal place of business at 400 S. El Camino Real, Suite 400, San Mateo, CA 94402.

18  Alibaba.com, Inc. is an indirect subsidiary of Alibaba Group and is Alibaba Group's principal

19  American subsidiary.  Alibaba.com, Inc. "is a business-to-business e-commerce company that

20  focuses on technology maintenance, marketing, and administrative services."   In its role as

21  marketer, Alibaba.com, Inc. "promotes the brand awareness of the Alibaba Platforms primarily via

22  trade show exhibitions, event marketing, online display advertising, search engine marketing,

23  affiliate marketing, email marketing, social media marketing, cross promotional business

24  partnership and public relations."[2]

25       4.       Alibaba Group (U.S.) Inc. ("Alibaba Group (U.S.)"), formerly known as Nimbus

26  Development, Inc., is a Delaware corporation with its principal place of business located at 400 S.

27  _____

28  [2] *See* Decl. of Michael Lee, Dec. 10, 2015, D.E. 44-1, *Atmos Nation, LLC v. Alibaba Group Holding, Ltd.*, No. 0:15-cv-62104-KMM (S.D. Fla.) (herein "Lee Declaration (S.D. Fla.)").

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

3
COMPLAINT

El Camino Real, Suite 400, San Mateo, California 94402.  Alibaba Group (U.S.) is a subsidiary of Alibaba Group that, with Alibaba.com, Inc. and Alipay US, has operations in California and "performs marketing, investment, and R&D support services for [] non-domestic entities that operate online and mobile marketplaces that enable businesses to conduct both wholesale and retail transactions."[3]

5.     Alipay US, Inc. ("Alipay US"), is organized and exists under the laws of Delaware and has its principal place of business at 400 S El Camino Real, San Mateo, California 94402.  Alipay US is the principal American affiliate of Alipay.com Ltd. ("Alipay").

6.     Alibaba Group Holding Ltd. ("Alibaba Group") is organized and exists under the laws of the Cayman Islands, with its principal address at 969 West Wen Yi Road, Yu Hang District, Hangzhou 311121, People's Republic of China.  Its registered office in the Cayman Islands is located at the offices of the Trident Trust Company (Cayman) Limited, Fourth Floor, One Capital Place, P.O. Box 847, George Town, Grand Cayman, Cayman Islands.  Alibaba Group has a registered agent for service of process in the United States, Corporation Service Company, at the following address:  1180 Avenue of the Americas, Suite 210, New York, New York 10036.  It has an office at 140 New Montgomery, 26th Floor, in San Francisco and also represents on its website that it has an office at 400 South El Camino Real, Suite 400, San Mateo, California.

7.     Alibaba.com Hong Kong Ltd. ("Alibaba.com Hong Kong") is organized and exists under the laws of Hong Kong, S.A.R., with its principal place of business at 26/F Tower One, Times Square, 1 Matheson Street, Causeway Bay, Hong Kong, S.A.R..   Alibaba.com Hong Kong is wholly owned by Alibaba.com Ltd.  Alibaba.com Hong Kong operates the websites www.alibaba.com and www.aliexpress.com.  Alibaba.com Hong Kong does business under the names Alibaba.com and AliExpress.

8.     Taobao China Holding Ltd. ("Taobao China Holding") is organized and exists under the laws of Hong Kong, S.A.R., with an address at 26/F Tower One, Times Square, 1

---

[3] California Competes Tax Credit Allocation Agreement between Alibaba.com, Inc., Alipay US, Inc., Nimbus Development, Inc. 11 Main, Inc. and the California Governor's Office of Business and Economic Development. April 2, 2015.  (herein "California Competes Tax Credit Allocation Agreement").

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

1  Matheson Street, Causeway Bay, Hong Kong, S.A.R..  Taobao China Holding is the direct,

2  wholly-owned, subsidiary of Taobao Holding.  Taobao China Holding is a direct holding company

3  of the PRC subsidiaries relating to the Taobao Marketplace and Tmall platforms, and is the

4  operating entity for the business outside of China of Taobao Marketplace and Tmall.

5          9.      The parties identified in paragraphs 3 through 8 above may be referred to herein

6  collectively as the "Alibaba Defendants" or as "Alibaba."  Alibaba Group in its Form 20-F

7  submitted to the Securities and Exchange Commission uses the term "our" and "our company" to

8  refer to "Alibaba Group Holding Limited and its consolidated subsidiaries and its affiliated

9  consolidated entities, including our variable interest entities and their subsidiaries." It accurately

10  states in its Form 20-F that "our" registered agent for service of process in the United States is

11  Corporation Service Company, 1180 Avenue of the Americas, Suite 210, New York, New York

12  10036.

13  **The Alibaba Defendants Are All Alter Egos or Agents of Each Other.**

14          10.     Alibaba Group directs efforts of the other Alibaba Defendants towards Alibaba

15  Group's stated mission to "make it easy to do business anywhere."  And the Alibaba Defendants

16  work together with merchants in an interconnected market that Alibaba Group describes as an

17  online "ecosystem."

18          11.     Alibaba Group's Form F-1, submitted to the Securities and Exchange Commission,

19  accurately states that the Alibaba Defendants constitute "one single operating and reportable

20  segment, namely the provisions of online and mobile commerce and related services" and that

21  Alibaba Group does not "manage [its] business by allocating revenue among individual

22  marketplaces or business units" and similarly does "not allocate operating costs or assets to its

23  business units."  It further explains in its F-1 that its "operating philosophy is to manage [its]

24  various business units to a single profit and loss, or P&L, rather than setting compartmentalized

25  P&L targets for each business unit."  Rather than setting financial targets for individual businesses

26  or managers, Alibaba Group, as it explained in its 20-F, asks its managers "to be accountable for

27  operating metrics that reflect the health of [its] marketplaces and the contribution of their units to

28  [its] entire business."

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

5
COMPLAINT

12.     Employees of the various Alibaba Defendants provide services across corporate lines to other Alibaba Defendants.  For example, Alibaba.com, Inc. helps build awareness in the United States for the Alibaba brand name and Alibaba's platforms.  Alibaba.com, Inc., Alipay US, Inc. and Alibaba Group (U.S.) provide support services from locations in California for the foreign Alibaba entities.  Alibaba Group's website (alibabagroup.com) promotes its various online shopping platforms, including Taobao, 1688.com, AliExpress, and Alibaba.com.  Moreover, Alibaba Group owns over 60 active U.S. trademark registrations, including registrations for the word marks "AliExpress," "Alibaba," "Alibaba.com," "Alipay," and "Taobao."  Alibaba.com, Ltd. also owns U.S. trademark registrations.  And under the Alibaba.com and AliExpress Terms of Use Alibaba.com Hong Kong Limited provides services to users of the AliExpress and Alibaba.com platforms.  Alibaba Group explained in its F-1 that "we conduct our business in China through our subsidiaries and variable interest entities."

13.     Alibaba Group, as it accurately represented in its Form 20-F, relies "on Alipay to conduct substantially all of the payment processing and all of the escrow services on our marketplaces."  The other Alibaba Defendants benefit economically from Alipay through the contractual arrangements with "preferential terms" to the other Alibaba Defendants.  The Alibaba Group derives revenue through commissions for transactions settled through Alipay.  The Alibaba Group also receives royalty fees and software technology service fees from Alipay.  Alipay is thus a key component of the Alibaba "ecosystem."  Alipay US serves as the American affiliate of Alipay, providing in the United States services for Alipay that Alipay would otherwise perform itself.

14.     The control that Alibaba Group exercises over Alipay and Alipay US is further demonstrated by Alipay US's representation in its 2017 filing with the California Secretary of State that Alipay US's secretary is Timothy Steinert—who is Alibaba Group's general counsel—and that Alipay US's chief financial officer is Wei Zhang—who is an officer of other Alibaba entities.  The Hong Kong, S.A.R. address provided for Steinert and Zhang on that form is an address shared by several other Alibaba entities, including Alibaba.com Hong Kong and Taobao China Holding.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

15.     Significantly, Alibaba has centralized much of its intellectual property protection efforts (although those efforts remain lacking).  For example, Alibaba in 2016 consolidated its platforms for reporting intellectual property infringement into one platform—known as AliProtect—used to receive infringement reports on AliExpress, Alibaba.com, 1688.com, Taobao, and Tmall.  Alibaba Group also operates a website (ipp.alibabagroup.com) that addresses intellectual property concerns on its various online shopping platforms, including AliExpress, Alibaba.com, 1688.com, and Taobao.  Alibaba Defendants have also represented that they have taken other consolidated efforts to identify infringement of intellectual property rights across the various Alibaba platforms.  And employees at Alibaba Group's office located at 140 New Montgomery, 26th Floor in San Francisco, including Matthew Bassiur and Daniel Dougherty, address intellectual property infringement claims arising out of activities conducted on the AliExpress and Alibaba.com websites.

16.     At least some of the Alibaba Defendants have interlocking boards of directors or corporate officers.  For example, Timothy Steinert serves as secretary for Alipay US, Inc., as general counsel and secretary for Alibaba Group, the secretary for Alibaba Group (U.S.), and as one of the governing persons of Alibaba.com, Inc.  And, as noted above, several of the Alibaba Defendants share addresses.

17.     The Alibaba Defendants all use the name "Alibaba" in commerce and regularly refer to themselves as "Alibaba" with no further description.

18.     Alibaba.com, Inc. acts as an agent for the other Alibaba Defendants by providing marketing and other brand promotion services in the United States for the Alibaba Defendants.

19.     Alibaba Group (U.S.) similarly provides in the United States various services for the Alibaba Defendants.

20.     Alibaba Group openly promotes the various online platforms that it runs through a network of subsidiaries, and Alibaba Group officers and directors are involved in setting certain policies regarding the development, promotion, and operation of various online platforms, such as Alibaba.com, AliExpress, 1688.com and Taobao.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

7
COMPLAINT

21.     Alibaba Group formulates overall strategy for other Alibaba Defendants such that the other Alibaba Defendants do not function independently but under the Alibaba Group umbrella.

***Defendant Stores***

22.     Da Fen Oil Painting Store is a business operated by Jing Liang that sells unauthorized copies of artwork on AliExpress as store number 1836225.  Da Fen Oil Painting store is located at Mao Ye Art plaza Da Fen Oil Painting Village, Shen Zhen, Guangdong, China 518112.  Da Fen Oil Painting Store opened its virtual store on AliExpress on June 18, 2015.  Da Fen Oil Painting Store, as of August 16, 2017, is selling artwork on AliExpress, publishing its site in English, offering products for sale in U.S. dollars, and has the United States as the default shipping location when accessed from the United States.

23.     FineArt Store is a business that sells unauthorized copies of artwork on AliExpress as store number 829856.  FineArt Store opened its virtual store on AliExpress on July 1, 2013.  FineArt Store, as of August 16, 2017, is selling artwork on AliExpress, publishing its site in English, offering products for sale in U.S. dollars, and has the United States as the default shipping location when accessed from the United States.

24.     Gen Di Micro spray art is a business that sells unauthorized copies of artwork on AliExpress as store number 1255160.  Gen Di Micro spray art is located in the People's Republic of China.   Gen Di Micro spray art opened its virtual store on AliExpress on May 7, 2014.  Gen Di Micro spray art, as of August 16, 2017, is selling artwork on AliExpress, publishing its site in English, offering products for sale in U.S. dollars, and has the United States as the default shipping location when accessed from the United States.

25.     Houseware Depot is a business that sold unauthorized copies of artwork on AliExpress.  Houseware Depot is located in China.

26.     Ou Li Da Oil Painting Art is a business that sells unauthorized copies of artwork on AliExpress as store number 239010.  Ou Li Da Oil Painting Art is located in Wenzhou, Zhejiang, China. Ou Li Da Oil Painting Art opened its virtual store on October 16, 2013.  Ou Li Da Oil Painting Art, as of August 16, 2017, is selling artwork on AliExpress, publishing its site in

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

8

COMPLAINT

English, offering products for sale in U.S. dollars, and has the United States as the default shipping location when accessed from the United States.

27.     Shenzhen Shangmei Painting Craft Co., Ltd. is a business that sells unauthorized copies of artwork on AliExpress as store number 342136.  Shenzhen Shangmei Painting Craft Co., Ltd is located in China. Shenzhen Shangmei Painting Craft Co. Ltd. opened its virtual store on August 14, 2013.  Shenzhen Shangmei Painting Craft Co. Ltd., as of August 16, 2017, is selling artwork on AliExpress, publishing its site in English, offering products for sale in U.S. dollars, and has the United States as the default shipping location when accessed from the United States.

28.     Tan Art is a business that sold unauthorized copies of artwork on AliExpress as store number 2064035.  Tan Art is located in China.  Tan Art started selling merchandise on AliExpress on February 25, 2016, and, as of June 2, 2017, was selling artwork on AliExpress, publishing its site in English, offering products for sale in U.S. dollars, and has the United States as the default shipping location when accessed from the United States.

29.     YW-meixiang Store is a business that sells unauthorized copies of artwork on AliExpress as store number 2406067.  YW-meixiang Store is located in China. YW-meixiang Store started selling merchandise on AliExpress on September 3, 2016, and, as of August 16, 2017, is selling artwork on AliExpress, publishing its site in English, offering products for sale in U.S. dollars, and has the United States set as its default shipping location when accessed from the United States.

30.     Shenzhen Xinsichuang Arts & Crafts Co., Ltd. is a business owned by Miles Tang that sells unauthorized copies of artwork on Alibaba.com.  Shenzhen Xinichuang Arts & Crafts Co., Ltd. is located at 3/F & 5/F, Building A, Yaqiuhu Industrial Zone, Buji Community, Bjui Street, Longgang District, Shenzhen, Guangdong, China. Shenzhen Xinichuang Arts & Crafts Co. Ltd., as of 2017, has sold merchandise on Alibaba.com for seven years.  Shenzhen Xinichuang Arts & Crafts Co. represents that 30 percent of its sales are to North America.  As of August 16, 2017, Shenzhen Xinichuang Arts & Crafts Co. Ltd. is selling artwork on Alibaba.com, publishing its site in English and offering products for sale in U.S. dollars.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

9
COMPLAINT

31.     Yiwu Décor Art Co., Ltd. is a business managed by Jason Zhang that sells unauthorized copies of artwork on Alibaba.com.  Yiwu Décor Art Co., Ltd. is located at No. 18, Jintang Road, Shangxi Town, Yiwu, Zhejiang, China 322006.  Yiwu Décor Art Co., Ltd. represents that 10 percent of its sales are to North America.  As of August 16, 2017, Yiwu Décor Art Co., Ltd. is selling artwork on Alibaba.com, publishing its site in English, offering products for sale in U.S. dollars, and has the United States as the default shipping location when accessed from the United States.

32.     [oLo Art Gallery] Wholesale Retail Oil Paintings is a business that sells unauthorized copies of artwork on AliExpress as store number 211045.  [oLo Art Gallery] is located in China.  [oLo Art Gallery] Wholesale Retail Oil Paintings opened its virtual store on AliExpress on March 28, 2012 and, as of August 16, 2017, is selling artwork on AliExpress, publishing its site in English, offering products for sale in U.S. dollars, and has the United States as the default shipping location when accessed from the United States.

33.     Art Village 2016 is a business that sold unauthorized copies of artwork on AliExpress as store number 328163.  Art Village 2016 is located in China.  Art Village 2016 opened its virtual store on AliExpress on March 13, 2013.

34.     Artgow Official Store is a business that sells unauthorized copies of artwork on AliExpress as store number 2133129.  Artgow Official Store is located in China.  Artgow Official Store opened its virtual store on AliExpress on March 29, 2016, and, as of August 16, 2017, is selling artwork on AliExpress, publishing its site in English, offering products for sale in U.S. dollars, and has the United States as the default shipping location when accessed from the United States.

35.     Artryst Store is a business that sold unauthorized copies of artwork on AliExpress as store number 1848321.

36.     Best Art paintings Store is a business that sold unauthorized copies of artwork on AliExpress as store number 1960876.

37.     Bo Bo Art is a business that sells unauthorized copies of artwork on AliExpress as store number 722284.  Bo Bo Art is located in China.  Bo Bo Art opened its virtual store on

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

10
COMPLAINT

AliExpress on April 2, 2013, and as of August 16, 2017, is selling artwork on AliExpress, publishing its site in English, offering products for sale in U.S. dollars, and has the United States as the default shipping location when accessed from the United States.

38.    CHENFART is a business that sold unauthorized copies of artwork on AliExpress as store number 1752010. CHENFART is located in China. CHENFART opened its virtual store on AliExpress on March 23, 2015, and, as of June 2, 2017, was selling artwork on AliExpress, publishing its site in English, offering products for sale in U.S. dollars, and had the United States as the default shipping location when accessed from the United States.

39.    China Arts Painting Ltd. is a business that sells unauthorized copies of artwork on AliExpress as store number 1850419. China Arts Painting Ltd. is located in China. China Arts Painting Ltd opened its virtual store on AliExpress on June 28, 2015, and, as of August 16, 2017, is selling artwork on AliExpress, publishing its site in English, offering products for sale in U.S. dollars, and has the United States as the default shipping location when accessed from the United States.

40.    DD ART oil Painting Workshop was a business that sold unauthorized copies of artwork on AliExpress as store number 516646.

41.    DPARTISAN Store is a business that sells unauthorized copies of artwork on Aliexpress as store number 1328031. DPARTISAN Store is located in China. DPARTISAN Store opened its virtual store on AliExpress on June 23, 2014, and, as of August 16, 2017, is selling artwork on AliExpress, publishing its site in English, offering products for sale in U.S. dollars, and has the United States as the default shipping location when accessed from the United States.

42.    Dream World 1989 is a business that sells unauthorized copies of artwork on AliExpress as store number 1441316. Dream World 1989 is located in China. Dream World 1989 opened its virtual store on AliExpress on September 15, 2015, and, as of August 16, 2017, is selling artwork on AliExpress, publishing its site in English, offering products for sale in U.S. dollars, and has the United States as the default shipping location when accessed from the United States.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

11
COMPLAINT

43.     AtFipan Fashionable Art Décor Co. Store is a business that sells unauthorized copies of artwork on AliExpress as store number 131724.  AtFipan Fashionable Art Décor Co. Store is located in China.  AtFipan Fashionable Art Décor Co. Store opened its virtual store on AliExpress on July 16, 2013, and as of August 16, 2017, is selling artwork on AliExpress, publishing its site in English, offering products for sale in U.S. dollars, and has the United States as the default shipping location when accessed from the United States.

44.     Hand painted oil painting666 Store was a business that sold unauthorized copies of artwork on AliExpress as store number 2341204.

45.     Handpainted oil painting666 Store was a business that sold unauthorized copies of artwork on AliExpress as store number 2342274.

46.     YW-MX-Store is a business that sells unauthorized copies of artwork on AliExpress as store number 2839073.  YW-MX-Store represents that it opened its virtual store on AliExpress on February 15, 2017.  YW-MX-Store is located in China.  As of August 16, 2017, YW-MX-Store is selling artwork on AliExpress, publishing its site in English, offering products for sale in U.S. dollars, and has the United States as the default shipping location when accessed from the United States.

47.     Yw-Art was a business that sold unauthorized copies of artwork on AliExpress as store number 1981305.  Yw-Art opened its virtual store on AliExpress on December 17, 2015, and, as of June 2, 2017, was selling artwork on Alibaba, publishing its site in English, and offering products for sale in U.S. dollars.

48.     Yiwu KingSing Art & Crafts Co., Ltd. is a business that sells unauthorized copies of artwork on Alibaba.com.  Yiwu KingSing Art & Crafts Co., Ltd. is located at Floor 5, No. 708, Huimin Road, Niansanli Ind. Zone, Yiwu, Jinhua, Zhejiang, China.  Yiwu KingSing Art & Crafts Co., Ltd. opened its virtual store on Alibaba.com in or about 2011 and, as of August 16, 2017, is selling artwork on Alibaba.com, publishing its site in English, and offering products for sale in U.S. dollars.

49.     Yiwu Honour Décor is a business that sells unauthorized copies of artwork on AliExpress as store number 2022017.  Yiwu Honour Décor is located in China.  Yiwu Honor

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

1  Décor opened its virtual store on AliExpress on January 21, 2016, and, as of August 16, 2017, is

2  selling artwork on AliExpress, publishing its site in English, offering products for sale in U.S.

3  dollars, and has the United States as the default shipping location when accessed from the United

4  States.

5     50.    Yiwu Art paingting Store is a business that sells unauthorized copies of artwork on

6  AliExpress as store number 2317008.  Yiwu Art paingting Store is located in China.  Yiwu Art

7  paingting Store opened its virtual store on AliExpress on July 10, 2016, and, as of August 16,

8  2017, is selling artwork on AliExpress, publishing its site in English, offering products for sale in

9  U.S. dollars, and has the United States as the default shipping location when accessed from the

10  United States.

11     51.    YD Oil Painting a/k/a Yuan Dian Handpainted Painting Store, Yuan Dian Painting

12  Art is a business that sells unauthorized copies of artwork on AliExpress as store number

13  1950996.  YD Oil Painting a/k/a Yuan Dian Handpainted Painting Store, Yuan Dian Painting Art

14  is located in China.  YD Oil Painting a/k/a Yuan Dian Handpainted Painting Store, Yuan Dian

15  Painting Art opened its virtual store on AliExpress on October 27, 2015, and, as of August 16,

16  2017, is selling artwork on AliExpress, publishing its site in English, offering products for sale in

17  U.S. dollars, and has the United States as the default shipping location when accessed from the

18  United States.

19     52.    Xiamen Dearchic Arts And Crafts Co., Ltd. is a business that sold unauthorized

20  copies of artwork on AliExpress as store number 517227.  Xiamen Dearchic Arts And Crafts Co.,

21  Ltd is located in China.  Xiamen Dearchic Arts And Crafts Co., Ltd. opened its virtual store on

22  AliExpress on December 11, 2012.

23     53.    Wholasele oil oaitning shop Store is a business that sells unauthorized copies of

24  artwork on AliExpress as store number 2400048.  Wholasele oil oaitning shop Store is located in

25  China.  Wholasele oil oaitning shop Store opened its virtual store on AliExpress on September 1,

26  2016, and, as of August 16, 2017, is selling artwork on AliExpress, publishing its site in English,

27  offering products for sale in U.S. dollars, and has the United States as the default shipping location

28  when accessed from the United States.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

13
COMPLAINT

54.     Hangzhou Home Deco Arts & Crafts Co., Ltd. is a business that sold unauthorized copies of artwork on Alibaba.com.  Hangzhou Home Deco Arts & Crafts Co., Ltd. is located at No: 65, Younghua Street, Xia Cheng Zone, Hangzhou, Zhejiang, China 311215.

55.     Ha's World Painting is a business that sells unauthorized copies of artwork on AliExpress as store number 1279506.  Ha's World Painting is located in China.  Ha's World Painting opened its virtual store on AliExpress on May 24, 2014, and, as of August 16, 2017, is selling artwork on AliExpress, publishing its site in English, offering products for sale in U.S. dollars, and has the United States as the default shipping location when accessed from the United States.

56.     HomeLivingWallArt Store is a business that sells unauthorized copies of artwork on AliExpress as store number 2542006.  HomeLivingWallArt Store is located in China.  HomeLivingWallArt Store opened its virtual store on AliExpress on September 22, 2016, and, as of August 16, 2017, is selling artwork on AliExpress, publishing its site in English, offering products for sale in U.S. dollars, and has the United States as the default shipping location when accessed from the United States.

57.     Idea Art & Paintings Factory is a business that sells unauthorized copies of artwork on AliExpress as store number 1981627.  Idea Art & Paintings Factory is located in China.  Idea Art & Paintings Factory opened its virtual store on AliExpress on December 29, 2015, and, as of August 16, 2017, is selling artwork on AliExpress, publishing its site in English, offering products for sale in U.S. dollars, and has the United States as the default shipping location when accessed from the United States.

58.     My House Painting Store, f/k/a Love Painting Store Co., Ltd. is a business that sells unauthorized copies of artwork on AliExpress as store number 2340002.  My House Painting Store f/k/a Love Painting Store Co., Ltd. is located in China.  My House Painting Store f/k/a Love Painting Store Co., Ltd. opened its virtual store on AliExpress on July 11, 2016, and, as of August 16, 2017, is selling artwork on AliExpress, publishing its site in English, offering products for sale in U.S. dollars, and has the United States as the default shipping location when accessed from the United States.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

14
COMPLAINT

59.     Mai painting flagship store is a business that sells unauthorized copies of artwork on AliExpress as store number 1965768.  Mai painting flagship store is located in China.  Mai painting flagship store opened its virtual store on AliExpress on December 1, 2015, and, as of August 16, 2017, is selling artwork on AliExpress, publishing its site in English, offering products for sale in U.S. dollars, and has the United States as the default shipping location when accessed from the United States.

60.     Mei Mei is a business that sells unauthorized copies of artwork on AliExpress as store number 1433037.  Mei Mei is located in China.  Mei Mei opened its virtual store on AliExpress on September 9, 2014, and, as of August 16, 2017, is selling artwork on AliExpress, publishing its site in English, offering products for sale in U.S. dollars, and has the United States as the default shipping location when accessed from the United States.

61.     Modern Art Co., Ltd. is a business that sells unauthorized copies of artwork on AliExpress as store number 2300072.  Modern Art Co., Ltd. is located in China.  Modern Art Co., Ltd. opened its virtual store on AliExpress on July 8, 2016, and, as of August 16, 2017, is selling artwork on AliExpress, publishing its site in English, offering products for sale in U.S. dollars, and has the United States as the default shipping location when accessed from the United States.

62.     Modern House Decoration Painting is a business that sells unauthorized copies of artwork on AliExpress as store number 2180111.  Modern House Decoration Painting is located in China.  Modern House Decoration Painting opened its virtual store on AliExpress on May 16, 2016, and, as of August 16, 2017, is selling artwork on AliExpress, publishing its site in English, offering products for sale in U.S. dollars, and has the United States as the default shipping location when accessed from the United States.

63.     Moon Oil Painting Art Co., Ltd. is a business that sold unauthorized copies of artwork on AliExpress as store number 1935157.

64.     NanYan Art Painting, a/k/a NanYa Electronic Commerce Co., Ltd. is a business that sold unauthorized copies of artwork on AliExpress as store number 908999.  NanYan Art Painting a/k/a NanYa Electronic Commerce Co., Ltd is located in China.  NanYan Art Painting a/k/a NanYa Electronic Commerce Co., Ltd opened its virtual store on AliExpress on October 9,

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

15
COMPLAINT

2011, and, in 2017 was selling artwork on AliExpress, publishing its site in English, offering products for sale in U.S. dollars, and has the United States as the default shipping location when accessed from the United States.

65.     Nan'an Yihui Painting & Arts Fty Co., Ltd. is a business that sells unauthorized copies of artwork on Alibaba.com.  Nan'an Yihui Painting & Arts Fty Co., Ltd. is located at No.2, Nongzi Comperhensive Building, Panlong District, Shuitou Town, Nan'an City, Fujian Province, China 362342.  Nan'an Yihui Painting & Arts Fty Co., Ltd. represents that 39.70 percent of its sales are to the North American market.  Nan'an Yihui Painting & Arts Fty Co., Ltd., as of August 16, 2017, is selling artwork on Alibaba and offering products for sale in U.S. dollars.

66.     Xiamen Colourful Art & Craft Co.,ltd is a business that sells unauthorized copies of artwork on Alibaba.com.  Xiamen Colourful Art & Craft Co.,ltd is located at No.412 Dongyu Village, Shitang, Haicang District, Xiamen, Fujian, China 361000.  Xiamen Colourful Art & Craft Co.,ltd, as of August 16, 2017, is selling artwork on Alibaba.com and offering products for sale in U.S. dollars.

67.     RACHAEL ZHU'S STORE is a business that sells unauthorized copies of artwork on AliExpress as store number 1248701.  RACHAEL ZHU'S STORE is located in China.  Rachel Zhu's Store opened its virtual store on AliExpress on May 4, 2014, and, as of August 16, 2017, is selling artwork on AliExpress, publishing its website in English, offering products for sale in U.S. dollars, and has the United States as the default shipping location when accessed from the United States.

68.     Roy Fit Trading Co., Ltd. is a business that sells unauthorized copies of artwork on AliExpress as store number 2021011.  Roy Fit Trading Co., Ltd. is located in China.  Roy Fit Trading Co., Ltd. opened its virtual store on AliExpress on January 20, 2016, and, as of August 16, 2017, is selling artwork on AliExpress, publishing its website in English, offering products for sale in U.S. dollars, and has the United States as the default shipping location when accessed from the United States.

69.     Wenddy's Store is a business that sells unauthorized copies of artwork on AliExpress as store number 2341350.  Wenddy's Store is located in China.  Wenddy's Store

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

16
COMPLAINT

opened its virtual store on AliExpress on August 15, 2016, and, as of August 16, 2017, is selling artwork on AliExpress, publishing its website in English, offering products for sale in U.S. dollars, and has the United States as the default shipping location when accessed from the United States.

70.    Tonny's Store Store is a business that sells unauthorized copies of artwork on AliExpress as store number 2346063.  Tonny's Store Store is located in China.  Tonny's Store Store opened its virtual store on AliExpress on July 18, 2016, and, as of August 16, 2017, is selling artwork on AliExpress, publishing its website in English, offering products for sale in U.S. dollars, and has the United States as the default shipping location when accessed from the United States.

71.    KINGSTONEART is a business that sells unauthorized copies of artwork on AliExpress as store number 2189166.  KINGSTONEART is located in China.  KINGSTONEART opened its virtual store on AliExpress on May 22, 2016, and, as of August 16, 2017, is selling artwork on AliExpress, publishing its website in English, offering products for sale in U.S. dollars, and has the United States as the default shipping location when accessed from the United States.

72.    Handpainted oil painting is a business that sells unauthorized copies of artwork on AliExpress as store number 2304043 and as store number 2349024.  Handpainted oil painting is located in China.  Handpainted oil painting opened its virtual store on AliExpress on July 5, 2016, and, as of August 16, 2017, is selling artwork on AliExpress, publishing its website in English, offering products for sale in U.S. dollars, and has the United States as the default shipping location when accessed from the United States.

73.    Shenzhen No. 1 Technology Co. Ltd. is a business that sells unauthorized copies of artwork on AliExpress as store number 1897218.  Shenzhen No. 1 Technology Co. Ltd. is located in China.  Shenzhen No. 1 Technology Co. Ltd. opened its virtual store on AliExpress on August 13, 2016, and, as of August 16, 2017, is selling artwork on AliExpress, publishing its website in English, offering products for sale in U.S. dollars, and has the United States as the default shipping location when accessed from the United States.

74.    Maiyaca phone accessories Store is a business that sells unauthorized copies of artwork on AliExpress as store number 2411078.  Maiyaca phone accessories Store is located in

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

17
COMPLAINT

China.  Maiyaca phone accessories Store opened its virtual store on AliExpress on September 3, 2016, and, as of August 16, 2017, is selling artwork on AliExpress, publishing its website in English, offering products for sale in U.S. dollars, and has the United States as the default shipping location when accessed from the United States.

75.     MOONCRESIN Factory Store is a business that sells unauthorized copies of artwork on AliExpress as store number 1129060.  MOONCRESIN Factory Store is located in China.  MOONCRESIN Factory Store opened its virtual store on AliExpress on February 16, 2014, and, as of August 16, 2017, is selling artwork on AliExpress, publishing its website in English, offering products for sale in U.S. dollars, and has the United States as the default shipping location when accessed from the United States.

76.     CNLX factory Co., Ltd. is a business that sells unauthorized copies of artwork on AliExpress as store number 1851831.  CNLX factory Co., Ltd. is located in China.  CNLX factory Co., Ltd. opened its virtual store on AliExpress on July 11, 2015, and, as of August 16, 2017, is selling artwork on AliExpress, publishing its website in English, offering products for sale in U.S. dollars, and has the United States as the default shipping location when accessed from the United States.

77.     Folash painting art Store is a business that sells unauthorized copies of artwork on AliExpress as store number 3018123.  Folash painting art Store is located in China.  Folash painting art Store opened its virtual store on AliExpress on June 19, 2017, and, as of August 16, 2017, is selling artwork on AliExpress, publishing its website in English, offering products for sale in U.S. dollars, and has the United States as the default shipping location when accessed from the United States.

78.     Rachel Greens Store is a business that sells unauthorized copies of artwork on AliExpress as store number 2927070.  Rachel Greens Store is located in China.  Rachel Greens Store opened its virtual store on AliExpress on March 1, 2017, and, as of August 16, 2017, is selling artwork on AliExpress, publishing its website in English, offering products for sale in U.S. dollars, and has the United States as the default shipping location when accessed from the United States.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

18
COMPLAINT

79.     Shenzhen Fine Art Co. Ltd. is a business that sells unauthorized copies of artwork on Alibaba.com.  Shenzhen Fine Art Co. Ltd is located in Guangdong, China.  Shenzhen Fine Art Co. Ltd. represents that 20 percent of its sales are to the North American market.  Shenzhen Fine Art Co. Ltd., as of August 16, 2017, is selling artwork on Alibaba and offering products for sale in U.S. dollars.

80.     Xiamen Englant Trading Co. Ltd. is a business that sells unauthorized copies of artwork on Alibaba.com.  Xiamen Englant Trading Co. Ltd is located in Fujian, China.  Xiamen Englant Trading Co. Ltd. represents that 35 percent of its revenues come from sales to the North American market.  Xiamen Englant Trading Co. Ltd., as of August 16, 2017, is selling artwork on Alibaba.com and offering products for sale in U.S. dollars.

81.     Xiamen Noah Art&Craft Co. Ltd. is a business that sells unauthorized copies of artwork on Alibaba.com.  Xiamen Noah Art&Craft Co. Ltd is located at 2469-2471, Xing Gang Road, Hai Cang, Xiamen, Fujian, China.  Xiamen Noah Art&Craft Co. Ltd. represents that 31 percent of its revenues come from sales to the North American market.  Xiamen Noah Art&Craft Co. Ltd., as of August 16, 2017, is selling artwork on Alibaba.com and offering products for sale in U.S. dollars.

82.     Happy Family – Paintings is a business that sold unauthorized copies of paintings on AliExpress as store number 1199764. Happy Family – Paintings represented that it was located in the United States, but Happy Family—Paintings is, on information and belief, actually located in China consistent with AliExpress policy that only merchants located in China may sell merchandise over AliExpress.  Happy Family – Paintings opened its virtual store on AliExpress on April 7, 2014, and, as of May 1, 2017, was selling artwork on AliExpress, publishing its website in English, offering products for sale in U.S. dollars, and had the United States as the default shipping location when accessed from the United States.

83.     DIY-Market-Xuan is a business that sold unauthorized copies of paintings on AliExpress.

84.     Home-Décor Market is a business that sold unauthorized copies of paintings on AliExpress.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

19
COMPLAINT

85.     Shope1872602 f/k/a Candy Home Garden Store is a business that sells unauthorized copies of artwork on AliExpress as store number 1872602.  Shope1872602 f/k/a Candy Home Garden Store is located in China.  Shope1872602 f/k/a Candy Home Garden Store opened its virtual store on AliExpress on July 27, 2015, and, as of September 5, 2017, is selling artwork on AliExpress, publishing its website in English, offering products for sale in U.S. dollars, and has the United States as the default shipping location when accessed from the United States.

86.     Xiamen Mei Yi Te Imports & Exports Trading Co., Ltd. is a business that sold unauthorized copies of artwork on Alibaba.com.  Xiamen Mei Yi Te Imports & Exports Trading Co. Ltd. is located at BinHu North Road, HaiCang, XiaMen, Fujian, China 361026.

87.     Xia Men Beautiful Art Oil Painting is a business that sells unauthorized copies of artwork on AliExpress as store number 1396145.  Xia Men Beautiful Art Oil Painting opened its virtual store on August 5, 2014, and, as of September 5, 2017, is selling artwork on AliExpress, publishing its website in English, offering products for sale in U.S. dollars, and has the United States as the default shipping location when accessed from the United States.

88.     Xia Men MYT Oil Painting is a business that sells unauthorized copies of artwork on AliExpress as store number 1851045.  Xia Men MYT Oil Painting opened its virtual store on June 25, 2015, and, as of September 5, 2017, is selling artwork on AliExpress, publishing its website in English, offering products for sale in U.S. dollars, and has the United States as the default shipping location when accessed from the United States.

89.     TOPERFECTART is a business that sells unauthorized copies of artwork on AliExpress as store number 938459.  TOPERFECTART is located in China.  TOPERFECTART opened its virtual store on AliExpress on October 10, 2013, and, as of September 5, 2017, is selling artwork on AliExpress, publishing its website in English, offering products for sale in U.S. dollars, and has the United States as the default shipping location when accessed from the United States.

90.     Dafen Oushi Oil Painting is a business that sells unauthorized copies of artwork on AliExpress as store number 1093028.  Dafen Oushi Oil Painting is located in China.  Dafen Oushi Oil Painting opened its virtual store on AliExpress on January 10, 2014, and, as of September 5,

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

1  2017, is selling artwork on AliExpress, publishing its website in English, offering products for sale

2  in U.S. dollars, and has the United States as the default shipping location when accessed from the

3  United States.

4      91.    ArtsStory of Accessories is a business that sells unauthorized copies of artwork on

5  AliExpress as store number 2180083.  ArtsStory of Accessories is located in China.  ArtsStory of

6  Accessories opened its virtual store on AliExpress on May 12, 2016, and, as of September 5, 2017,

7  is selling artwork on AliExpress, publishing its website in English, offering products for sale in

8  U.S. dollars, and has the United States as the default shipping location when accessed from the

9  United States.

10     92.    OSM Oil Painting Store is a business that sells unauthorized copies of artwork on

11  AliExpress as store number 911016.  OSM Oil Painting Store is located in China.  OSM Oil

12  Painting Store opened its virtual store on AliExpress on March 23, 2012, and, as of September 5,

13  2017, is selling artwork on AliExpress, publishing its website in English, offering products for sale

14  in U.S. dollars, and has the United States as the default shipping location when accessed from the

15  United States.

16     93.    China Furniture Accessories Store is a business that sells unauthorized copies of

17  artwork on AliExpress as store number 632656.  China Furniture Accessories Store is located in

18  China.  China Furniture Accessories Store opened its virtual store on AliExpress on July 31, 2013,

19  and, as of September 5, 2017, is selling artwork on AliExpress, publishing its website in English,

20  offering products for sale in U.S. dollars, and has the United States as the default shipping location

21  when accessed from the United States.

22     94.    CSB HO ME GAR D ON Store is a business that sells unauthorized copies of

23  artwork on AliExpress as store number 2342251.  CSB HO ME GAR D ON Store is located in

24  China.  CSB HO ME GAR D ON Store opened its virtual store on AliExpress on August 8, 2016,

25  and, as of September 5, 2017, is selling artwork on AliExpress, publishing its website in English,

26  offering products for sale in U.S. dollars, and has the United States as the default shipping location

27  when accessed from the United States.

28

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

95.    Seventh Sense Store is a business that sells unauthorized copies of artwork on AliExpress as store number 2401055.  Seventh Sense Store is located in China.  Seventh Sense Store opened its virtual store on AliExpress on September 1, 2016, and, as of September 5, 2017, is selling artwork on AliExpress, publishing its website in English, offering products for sale in U.S. dollars, and has the United States as the default shipping location when accessed from the United States.

96.    D-I-Y painting Factory Store is a business that sells unauthorized copies of artwork on AliExpress as store number 2850041.  D-I-Y painting Factory Store is located in China.  D-I-Y painting Factory Store opened its virtual store on AliExpress on February 14, 2017, and, as of September 5, 2017, is selling artwork on AliExpress, publishing its website in English, offering products for sale in U.S. dollars, and has the United States as the default shipping location when accessed from the United States.

97.    The parties identified in paragraphs 22-96 above may be referred to collectively herein as "Defendant Stores."

## SUBJECT MATTER JURISDICTION

98.    This is a civil action seeking damages and declaratory and injunctive relief for copyright infringement under the copyright laws of the United States, *see* 17 U.S.C. § 101, *et seq.*

99.    This civil action also seeks damages and other relief for violation of the Lanham Act, 15 U.S.C. §§ 1114(1), 1125.

100.    This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338 and 15 U.S.C. § 1121(a).

## PERSONAL JURISDICTION

101.    Alibaba.com, Inc. has its principal place of business, and is at home, in San Mateo, California[4] and has acknowledged in federal court that "the Northern District of California has general personal jurisdiction over Alibaba.com, Inc."[5] Alibaba.com, Inc., among other activities, is

---

[4] *See* Lee Declaration (S.D. Fla.).

[5] Defendant Alibaba.Com, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction and

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

a "marketer" that "promotes the brand awareness of the Alibaba Platforms via trade show exhibitions, event marketing, online display advertising, search engine marketing, e-mail marketing, social media marketing, cross promotional business partnership and public relations."[6] Alibaba.com, Inc. is thus an agent for the other Alibaba Defendants, providing marketing and other services that those entities would otherwise perform themselves. Alibaba.com, Inc.'s Michael Lee has also represented to a federal court that "[a]ll of Alibaba.com, Inc.'s employees are either based in its San Mateo, California office or spend some portion of their time working out of that office.  A significant portion, if not all, of its records are located or accessible there."

102.    Similarly, Alipay US and Alibaba Group (U.S.) have their principal places of business in California and are thus at home, and subject to general personal jurisdiction, in California.  Like Alibaba.com, Inc., Alipay US and Alibaba Group (U.S.) provide services from California for other Alibaba Defendants related to the development and maintenance of online shopping platforms that those entities would otherwise perform themselves.  In 2015, the State of California even provided Alibaba.com, Inc., Alipay US, Alibaba Group (U.S.) (then known as Nimbus Development, Inc.), and 11 Main, Inc. a $560,000 tax credit conditioned on those entities satisfying certain criteria, such as having 235 full time employees in California in the 2015 tax year and 283 full time employees in California in the 2016 tax year.[7]

103.    Alibaba Group, according to its website, www.alibabagroup.com, has its principal American office at 400 South El Camino Real, Suite 400, San Mateo, California.  Alibaba Group also has corporate offices at 140 New Montgomery, 26th floor in San Francisco, and global intellectual property enforcement personnel with whom Keck communicated regarding infringement of her copyrights worked out of that San Francisco office. Alibaba Group accurately represented in its Form 20-F that it maintains offices in the United States and also maintains data centers in the United States.

---

Improper Venue or, in the Alternative, to Transfer., *Fellowship Filtering Techs., LLC v. Alibaba.com, Inc., et al.*, No. 2:15-cv-02049 (E.D. Tex.).  2016 WL 1533889.

[6] *See* Lee Declaration (S.D. Fla.).

[7] *See* California Competes Tax Credit Allocation Agreement.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

23
COMPLAINT

104.    Alibaba accurately represented in its F-1 that its company Alibaba Cloud Computing "supports our e-commerce ecosystem" by "offer[ing] a complete suite of cloud computing services, including elastic computing, database services and storage and large scale computing services for our platforms and the platforms of our related companies, such as Alipay, to sellers on our marketplaces. . . ." Alibaba Cloud operates data centers in Silicon Valley, California.

105.    www.AliExpress.com is an English-language site operated by or on behalf of Alibaba Group, Alibaba.com Hong Kong, and others that is hosted in this District and accessible to internet users in California and elsewhere in the United States.

106.    When accessed from the United States, the AliExpress website appears in English, prices provided on AliExpress are listed in American currency (U.S. dollars), and the default shipping location is the United States.  Alibaba Group correctly represented in its Form 20-F dated June 15, 2017, that the United States is one of the "[t]op consumer markets where AliExpress is popular."  According to the website hypestat.com, aliexpress.com has more users from the United States than China; indeed, aliexpress.com has more users in the United States than any country other than Russia.

107.    The AliExpress website does not specifically target users in any one state of the United States, and instead targets users across the United States.

108.    The AliExpress website is highly interactive as it provides methods for American internet users to create their own accounts, communicate with merchants, chat with AliExpress customer service representatives, search for products, provide user feedback, place orders for merchandise, and pay for merchandise. Unauthorized copies of Keck's Artwork have been reproduced and displayed on AliExpress where they have been viewed by internet users in the United States and unauthorized copies of Keck's Artwork have also been shipped to customers in the United States through orders placed through AliExpress.

109.    Further evidencing Alibaba's efforts to increase its presence in the American market, in 2015, Cainiao—Alibaba's logistics service—reached an agreement with the United

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

24
COMPLAINT

1  States Postal Service to improve cross-border logistics and facilitate the shipment to U.S. buyers

2  of products purchased on AliExpress.

3         110.    Alibaba has earned revenue from the sale through AliExpress of unauthorized

4  copies of Keck's original Artwork to American customers.

5         111.    Alibaba.com is similarly an English-language website that is hosted in this District

6  and accessible to internet users in California and elsewhere in the United States.

7         112.    When accessed from the United States, Alibaba.com appears in English and prices

8  provided on Alibaba.com are listed in American currency (U.S. dollars).  Alibaba.com allows

9  visitors to navigate to its "United States Channel," through which buyers may purchase

10  merchandise from sellers located in California or other parts of the United States.  Alibaba Group

11  represented in its F-1 that the United States was "among the leading countries" where buyers on

12  Alibaba.com are located.  According to hypestat.com, 10.1 percent of Alibaba.com users are in the

13  United States; only China has a greater portion of Alibaba.com users.

14         113.    Alibaba.com does not specifically target users in any one state of the United States,

15  instead targeting users across the United States.

16         114.    The Alibaba.com website is highly interactive as it provides methods for American

17  internet users to create their own accounts, communicate with merchants, chat with Alibaba.com

18  customer service representatives, search for products, provide user feedback, place orders for

19  merchandise, and pay for merchandise.  Unauthorized copies of Keck's Artwork have been

20  reproduced and displayed on Alibaba.com where they have been viewed by internet users in the

21  United States and unauthorized copies of Keck's Artwork have also been shipped to customers in

22  the United States through orders placed through Alibaba.com.

23         115.    Alibaba also utilizes a content delivery network ("CDN") located in the United

24  States in operating Alibaba.com and AliExpress.  The CDN provides faster delivery of website

25  content to viewers local to the CDN by locating the servers with the content as geographically

26  close to the end user as possible.  The CDN is used to transmit images—including images of

27  Keck's Artwork—viewed on both Alibaba.com and AliExpress.

28

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

25
COMPLAINT

116.    The Taobao website (www.taobao.com) is also accessible to internet users in California and elsewhere in the United States.  According to taobao.com.hypestat.com, taobao.com is the 168th most popular website in the United States, and 1.6 percent of its visitors are located in the United States.  By comparison, according to hypestat.com, nfl.com is the 217th most popular website in the United States, and westlaw.com is the 1,461st most popular website in the United States.

117.    The Taobao website is also highly interactive.  That website provides methods for American internet users to create their own accounts, search for products, provide user feedback, place orders for merchandise, and pay for merchandise.  Alibaba accurately represented in its 20-F that "Through the website at www.taobao.com and the Taobao App, Taobao Marketplace is positioned as the starting point and destination portal for the shopping journey.  Consumers come to Taobao Marketplace, a commerce-oriented social platform, to enjoy an engaging, personalized shopping experience, optimized by our big data analytics.  Through highly relevant and engaging content and real-time updates from merchants, consumers can learn about products and new trends.  They can also interact with each other and their favorite merchants and brands on Taobao Marketplace.  Taobao Marketplace provides a top-level traffic funnel that directs users to the various marketplaces, channels and features within our China retail marketplaces.  For example, a search result on Taobao Marketplace displays listings not only from Taobao Marketplace merchants but also from Tmall merchants, thereby generating traffic for Tmall."

118.    The Taobao World page (world.taobao.com) may be accessed by internet users in California and elsewhere in the United States and is geared toward buyers outside of China.  When accessed from the United States, "United States" is written at the top of the homepage and the site has tabs for "cross-borders logistics management" and "overseas help."  Some pages on world.taobao.com also have an American flag at the top of the page when accessed from the United States.  On information and belief, the Taobao World platform may be accessed through a CDN located in the United States.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

26
COMPLAINT

119.    Unauthorized copies of Keck's Artwork have been reproduced and displayed on Taobao and on the Taobao World page where they have been viewed by internet users in the United States.

120.    Taobao's mobile app may be downloaded in the United States.

121.    Alibaba's American depository shares are traded on the New York Stock Exchange, under the symbol BABA.

122.    The Defendant Stores target the American market by, as noted above, advertising prices in dollars, offering to ship products to the United States, and publishing their storefronts in English.  The Defendant Stores furthermore, by doing business on AliExpress and Alibaba.com, operate on internet platforms that are widely viewed in California and elsewhere in the United States and for which the United States is one of the target markets.  Certain Defendant Stores, as noted below, have also sold and shipped unauthorized copies of Keck's paintings to buyers in the United States and earned revenue from those sales.  As noted above, certain Defendant Stores represent that large portions of their sales are to North American buyers.

123.    The Alibaba Defendants, as alleged above, have sufficient minimum contacts with California and the United States to be subject to jurisdiction in this District.  As alleged above, all of the Defendant Stores—none of which are located in the United States—have sufficient contacts with the United States to be subject to personal jurisdiction in this District.  *See* Fed. R. Civ. P. 4(k)(2).

## VENUE

124.    Venue is proper in this District because the Defendants or their agents may be found in this District.  *See* 28 U.S.C. § 1400(a).  As alleged above, all Defendants are subject to personal jurisdiction in this District.  Alibaba.com, Inc., Alibaba Group (US), and Alipay US, which have their principal places of business in this District, are also agents for the other Alibaba Defendants, as alleged above.

125.    Venue is also proper in this District because a substantial part of the events or omissions giving rise to the claims herein occurred in this District.  *See* 28 U.S.C. § 1391(b)(2). Specifically, Alibaba Group, Alibaba Group (U.S.), Alibaba.com, Inc., and Alipay US have

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

1    offices in this District; members of Alibaba's intellectual property protection team that Keck

2    interacted with are based in this District; Alibaba.com, Taobao, and AliExpress are accessible by

3    internet users in this District and unauthorized copies of Keck's Artwork and artwork by other

4    artists may be viewed in this District over Alibaba.com, Taobao, and AliExpress; and the Alibaba

5    Defendants have data centers in this District used to operate their shopping platforms.

6                                **INTRADISTRICT ASSIGNMENT**

7           126.    This case presenting trademark and copyright claims is an Intellectual Property

8    Action.  A substantial part of the events or omissions which gave rise to the claims occurred in

9    San Francisco and San Mateo counties.

10                                  **FACTUAL BACKGROUND**

11   *Alibaba Is a Global e-Commerce Giant.*

12          127.    Founded in 1999, Alibaba has quickly grown to be the largest retail commerce

13   company in the world in terms of gross merchandise value.  Among its most well-known

14   businesses are its website, Alibaba.com, which is an online wholesale marketplace, and its website

15   AliExpress, which is an online retail marketplace.  Alibaba also operates the Taobao and

16   1688.com online marketplaces.

17          128.    Millions of vendors work with Alibaba in what Alibaba describes in its Form 20-F

18   as a "large ecosystem for online and mobile commerce" where the vendors use one of Alibaba's

19   platforms, such as Alibaba.com, AliExpress.com, or Taobao, to sell goods to consumers around

20   the world.  Alibaba explains on its website that "[a]t the nexus of this ecosystem are our

21   technology platform, our marketplace rules and the role we play in connecting these participants to

22   make it possible for them to discover, engage and transact with each other and manage their

23   businesses anytime and anywhere.  Much of our effort, time and energy is spent on initiatives that

24   are for the greater good of the ecosystem and on balancing the interests of its participants.  We feel

25   a strong responsibility for the continued development of the ecosystem and we take ownership in

26   this development.  Accordingly, we refer to this as 'our ecosystem.'"[8]

27

28

---

[8] http://www.alibabagroup.com/en/about/faqs

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

129.   Alibaba provides marketing services for the Alibaba.com and AliExpress platforms, uses Alibaba Cloud data centers located in California and elsewhere to operate those sites, and provides various other services to merchants who do business over Alibaba.com, AliExpress, and Taobao.  For example, as Alibaba represented in its Form 20-F, a vendor on Alibaba.com may "purchase an upgraded membership package to receive value-added services such as upgraded storefront management tools and P4P marketing services."  The Alibaba.com and AliExpress platforms further provide various menu and search options to allow visitors to locate goods for sale.  Those platforms also provide methods for potential buyers to communicate with merchants, including Defendant Stores, and for buyers to place orders for and pay merchants for merchandise.  Alibaba.com and AliExpress also provide customer service to American shoppers who shop with Defendant Stores.

130.   Similarly, Alibaba accurately represented in its 20-F that "Taobao Marketplace merchants can purchase P4P and display marketing services to direct traffic to their storefronts" and that "Taobao Marketplace merchants can also pay for advanced storefront software that helps to upgrade, decorate and manage their online storefronts."  It further accurately represents that "[w]e provide a suite of tools that assist storefront owners on Taobao Marketplace and Tmall and managing their storefronts, free of charge.  Advanced versions of our storefront management software with upgraded functionalities, such as dynamic data-enabled personalized interfaces, AI-assisted storefront design, and multi-media content support, are available for a subscription fee."  The Taobao website, similar to Alibaba.com and AliExpress, provides visitors menu and search features that help visitors locate merchandise and provides methods for buyers to place orders for and pay for merchandise.

131.   Alibaba was established in China, but it now does business around the world, including in the United States.  Alibaba has accurately represented that the United States is now among the top markets for its AliExpress and Alibaba.com platforms.  Taobao also has millions of visitors from the United States every month.

132.   Alibaba accurately represented in its form 20-F that for the year ending March 31, 2017, its revenues were $22.994 billion and that its net income was $6.345 billion.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

133.     Alibaba generates this revenue, at least in part, from charging transaction fees to merchants who do business over AliExpress.  As Alibaba explained in its Form 20-F, "Merchants on AliExpress pay a commission, which is typically 5% to 8% of transaction value.  [Alibaba] also generate[s] revenue on AliExpress from merchants who participate in the third-party marketing affiliate program and those who purchase P4P marketing services.  In the twelve months ended March 31, 2017, AliExpress generated $7.2 billion of transaction value."

134.     In addition to transaction and service fees, Alibaba derives billions of dollars annually from digital advertising revenue.  For example, Alibaba represented in its F-1 that Taobao generates revenue from "display marketing," which is "where sellers bid for display positions on the relevant marketplaces or through our third-party marketing affiliates at fixed prices established by a real-time bidding system on a cost-per-thousand impression, or CPM, basis."

135.     Alibaba has developed a reputation as a marketplace where intellectual property rights are disregarded.  Knock-off goods are bought and sold every day on the Alibaba websites at prices that are a fraction of those that the intellectual property rights holders charge for goods they produce.

136.     Alibaba is aware that goods have been, and are being, sold on the Alibaba.com and AliExpress platforms in violation of third parties' copyright and trademark rights.

137.     Alibaba acknowledged in its form F-1 that "[w]e have received in the past, and we anticipate that we will receive in the future, communications alleging that items offered or sold through our online marketplaces by third parties . . . infringe third-party copyrights, trademarks and patents or other intellectual property rights."  Alibaba further recognized in its F-1, which was filed in 2014, that "[i]n 2008, 2009 and 2010, Alibaba.com, and in 2008, 2009, 2010 and 2011 Taobao Marketplace, were named as 'notorious markets' in the annual Special 301 Report or Special 301 Out-of-Cycle Review prepared by the Office of the U.S. Trade Representative."

138.     Numerous media outlets—including *Forbes*, the *New York Times*, and the *Wall Street Journal*—have published articles describing how Alibaba's websites are full of counterfeit goods.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

30
COMPLAINT

139.    Alibaba has undertaken public relations efforts to respond to arguments that its websites are a haven for copyright infringers.  Alibaba, for instance, has publicly boasted about the volume of intellectual property theft that it proactively identifies on its websites and about technology it has purportedly developed to detect counterfeit goods.  For example, Alibaba president Michael Evans was quoted in a December 21, 2016 *Fortune* article as saying that over the 12-month period ending in August 2016 his company took down 380 million listings for counterfeit goods.  But millions of other infringing items remain available on the Alibaba platforms.

140.    Alibaba's disregard for intellectual property rights has caught the attention of the United States Trade Representative.  The United States Trade Representative identified Taobao.com and Alibaba.com in a 2008 report as platforms "for facilitating the sale of counterfeit and pirated goods to consumers and businesses."[9]  During a 2015 review, the Trade Representative learned from commenters that various Alibaba platforms were still "used to sell large quantities of counterfeit goods."[10]

141.    While Alibaba had purportedly taken efforts to combat the sale of counterfeit goods on its websites, the United States Trade Representative reported in 2015 that it was "increasingly concerned by rights holders' reports that Alibaba Group's enforcement program is too slow, difficult to use, and lacks transparency" and admonished that "[g]iven the size and the scale of Alibaba's platforms, stronger and more efficient systems for addressing right holders' concerns should be undertaken without delay."[11]

142.    Alibaba's platforms nonetheless continued to operate as a haven for intellectual property right thieves, and in December 2016 the United States Trade Representative added Taobao.com to its list of "Notorious Markets."[12]

---

[9] *See* Office of the United States Trade Representative, *2015 Out-of-Cycle Review of Notorious Markets* (Dec. 2015).
[10] *Id.*
[11] *Id.*
[12] *Id.*

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

143.    The report listing Taobao.com as a Notorious Market explained that "[l]ongstanding obstacles to understanding and utilizing basic IP enforcement procedures continue unabated.  Right holders report that initial attempts to report IPR infringement are refused inconsistently; denials of takedown requests contain little to no justification or guidance on how the right holder may amend its notification to get results; error messages stall or prevent use of IP complaint systems; pertinent communications to right holders are not translated from Chinese; and broken hyperlinks prevent direct communications between right holders and Taobao sellers."[13]

144.    Rights holders who attempt to report copyright or trademark infringement by vendors operating off of the AliExpress and Alibaba.com platforms face similar difficulties. AliProtect, described as Alibaba's online "Intellectual Property Protection System," purportedly allows rights holders to report infringements of their intellectual property rights, but AliProtect has a cumbersome registration system, is plagued by numerous technical problems, and often sends rights holders error messages written in Chinese.

145.    Alibaba developed its Good Faith Program to provide an allegedly more effective and efficient method for rights holders to enforce their intellectual property rights.  But as the United States Trade Representative reported in 2016, "the Good Faith Program reportedly remains out of reach for the vast majority of right holders, particularly SMEs, due to stringent eligibility criteria that must be met and maintained over a period of time." [14]

***Michel Keck Is a Professional Artist.***

146.    Michel Keck has enjoyed painting since she was a child, and, in 2003, turned her hobby into a career as she began working full time as an abstract and mixed media artist.  She has sometimes done business under the name Keck Fine Art.

147.    Keck primarily paints modern artwork.  Many of her paintings are abstract.  Her most popular Artwork include a series of paintings featuring various dog breeds as well as paintings featuring religious images such as crosses or Bible verses.

---

[13] *Id.*

[14] *See* Office of the United States Trade Representative, *2016 Out-of-Cycle Review of Notorious Markets* (Dec. 2016).  "SMEs" refers to "small and medium enterprises."

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

148.    Keck sells original paintings and giclee prints of her Artwork from her own website and also through authorized dealers.  Keck's sole source of income is the sale of her original paintings and prints of her paintings.

149.    All of Keck's Artwork is her original product, are pictorial or graphic works, and are all fixed in a tangible medium of expression.

150.    Keck has registered with the United States Copyright Office the copyrights she owns for the Artwork listed in Exhibit 1.

151.    Keck's registration certificates for the Artwork listed in Exhibit 1 are attached as Exhibit 2.

152.    Keck also owns, but has not registered, the copyrights to other Artwork she has created, such as the paintings *Monkey See Monkey Do* and *Your Stupidity Amazes Me*.

153.    Keck also uses KECK and "Michel Keck" as trademarks and service marks and has registered MICHEL KECK with the United States Patent and Trademark Office as a trademark for her Artwork.  The trademark was assigned registration number 5,280,022.  Keck has been featuring KECK on her Artwork throughout her career.  She has sold her Artwork commercially under her MICHEL KECK trademark since 1999.  She has used both KECK and MICHEL KECK in marketing her Artwork to buyers across the United States and in other countries.  Buyers and art dealers recognize KECK as well as MICHEL KECK and associate them with her Artwork.

154.    Keck has not granted any of the Defendant Stores or Alibaba Defendants a license to reproduce, distribute, or display her Artwork or prepare derivative works that are substantially similar to her Artwork.  Nor has she granted any of the Defendant Stores or Alibaba Defendants the right to use her name or trademarks.

***Merchants Operating on Alibaba.com, AliExpress, and Taobao Have Reproduced, Displayed, Distributed, or Prepared Derivatives of Keck's Artwork.***

155.    Keck enjoyed commercial success as an artist for over a decade, selling her paintings to buyers across the United States (including in California) and in approximately thirty foreign countries.  But since late 2015 her sales have declined considerably.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

156.    Toward the end of 2015, one of Keck's authorized art dealers—who had stopped buying paintings from her—notified her that copies of her Artwork were being sold on the AliExpress platform at prices significantly lower than Keck was charging for her Artwork.

157.    Keck then searched AliExpress and saw that much of her Artwork had been reproduced and displayed by numerous merchants on AliExpress who were offering unauthorized copies of the Artwork for sale over the internet at prices significantly lower than what Keck could charge for that Artwork.  Many of the AliExpress vendors were even offering to sell thousands of copies of any one piece of Artwork.  For example, Ha's World Painting represented on March 11, 2017, that 5992 copies of Keck's painting *Shih Tzu* were available for purchase, HomeLivingWallArtStore represented on February 20, 2017 that 4995 copies of Keck's painting *Pug* were available for purchase, and Tan Art represented on August 27, 2017 that 6000 copies of Keck's painting *Nevermore* were available for purchase.   Other Defendant Stores selling Keck's Artwork represented that they "manufactured" the paintings they were selling.

158.    Keck later learned that her Artwork was being reproduced and displayed, and unauthorized copies of her Artwork were being offered for sale, on AliExpress' sister platforms—Alibaba.com, Taobao, and 1688.com.

159.    Merchants on Alibaba.com were offering to sell even larger quantities of Keck's paintings than were merchants on AliExpress, with some stores representing that 10,000 copies of some of Keck's paintings were available for purchase.

160.    Keck had never given Alibaba, any of the Defendant Stores, or any other merchant who sells artwork on one of the Alibaba platforms permission to copy, display, reproduce or distribute her Artwork or prepare derivative works of her Artwork.

161.    And not just canvas prints of Keck's Artwork have been offered for sale on the Alibaba websites.  Merchants have also displayed in their Taobao, AliExpress or Alibaba.com storefronts, and offered for sale, consumer products such as cell phone covers that feature Keck's Artwork. Some of the Defendant Stores have also displayed and offered for sale artwork that is substantially similar to Keck's Artwork and thus infringes her United States copyrights.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

34
COMPLAINT

162. Exhibit 3 lists infringements of Keck's Artwork on the Alibaba.com, AliExpress, and Taobao platforms. Exhibit 3 also provides the dates when Keck notified Alibaba of these infringements.

163. The unauthorized use of Keck's Artwork by the Defendant Stores on Alibaba.com and AliExpress—and by other merchants on Taobao—has been substantial. In most of the instances of infringement identified in Exhibit 3 Keck's works were reproduced and displayed on Alibaba.com, AliExpress, or Taobao in their entirety. In the remaining instances of unauthorized reproduction and display the most significant portions of her Artwork were reproduced and displayed, with perhaps just the edges of a painting cropped and the painting's subject left intact. Only minor differences exist between Keck's Artwork and the works identified in Exhibit 3 as derivative works.

164. Many of the images of Keck's Artwork displayed on Alibaba.com, AliExpress, and Taobao show "KECK" on the unauthorized images of Keck's Artwork, just as the mark appears on Keck's genuine Artwork.

165. The Defendant Stores clearly copied Keck's Artwork. The Defendant Stores, on information and belief, obtained from the internet images of Keck's Artwork which they then reproduced and displayed on their Alibaba.com and AliExpress storefronts and printed and sold to buyers. As noted above, most of the images of Keck's Artwork on the Alibaba.com and AliExpress platforms are exact replicas of her work, and the images that are not identical to Keck's Artwork are substantially similar to her Artwork. Further suggesting that the Defendant Stores obtained copies of Keck's Artwork over the internet, one of Keck's paintings that was displayed upside down on the website of an American dealer authorized to sell some of Keck's Artwork was also displayed upside down on AliExpress.

166. Merchants operating on Taobao similarly copied Keck's Artwork, as demonstrated by the fact that the images of Keck's Artwork on Taobao were exact replicas of her work or images substantially similar to her Artwork.

167. The images of Keck's Artwork and of works that are substantially similar to Keck's Artwork that are displayed on Alibaba.com, AliExpress, and Taobao serve commercial purposes

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

35
COMPLAINT

1  since they are being used to advertise and promote the sale of unauthorized copies of copyrighted

2  works.

3  168.     Defendant Stores operating off the Alibaba.com and AliExpress platforms have

4  distributed unauthorized copies of Keck's Artwork to buyers in the United States.  For example,

5  Da Fen Oil Painting Store sold and shipped to a buyer in the United States a print substantially

6  similar to Keck's painting *Never Say Never*.  FineArt Store sold and shipped to a buyer in the

7  United States copies of Keck's paintings *Great Dane*, *U.S. Map II* and *World Map I*.  Gen Di

8  Micro spray art sold and shipped to a buyer in the United States copies of Keck's painting *Dahlia*.

9  Houseware Depot sold and shipped to a buyer in the United States a copy of Keck's painting *Pig*

10 *1*.  Ou Li Da Oil Painting sold and shipped to a buyer in the United States a copy of Keck's

11 painting *Full Throttle*.  Shenzhen Shangmei sold and shipped to a buyer in the United States

12 copies of Keck's painting *Cross Mark* and an untitled painting that Keck refers to as #080630.  Tan

13 Art sold and shipped to a buyer in the United States a copy of *Guardian Angel Prayer*.  YW-

14 meixiang sold and shipped to a buyer in the United States copies of *Paper Cut IV* and *Dalmatian*.

15 HomeLivingWallArtStore sold and shipped to a buyer in the United States a copy of Keck's

16 painting *Cat 2*.  CHENFART sold and shipped to a buyer in the United States a copy of Keck's

17 painting *Short Haired Chihuahua*.  Yiwu Décor Art Co. Ltd. shipped to a buyer in the United

18 States a copy of Keck's painting *Short Haired Chihuahua*.  Keck has registered her copyrights to

19 all of these Artworks with the United States Copyright Office.  The copies of all these paintings

20 purchased through Alibaba.com or AliExpress were printed on lower quality canvas than is used

21 for the prints that Keck sells to customers.

22 169.     Nan'an Yihui Painting & Arts Fty. Co., LTD has sold to purchasers in the United

23 States five copies of a painting substantially similar to Keck's painting *Short Haired Chihuahua*.

24 Keck has registered her copyright to that painting with the United States Copyright Office.

25 170.     Xiamen Colourful Art & Craft Co.,ltd has sold to purchasers in the United States

26 five copies of a painting that is substantially similar to Keck's painting *Short Haired Chihuahua*

27 and five copies of a painting substantially similar to Keck's painting *Pug*.  Keck has registered her

28 copyrights to *Short Haired Chihuahua* and *Pug* with the United States Copyright Office.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

36
COMPLAINT

171.    On information and belief, other Defendant Stores, accepting orders through the Alibaba.com and AliExpress platforms, have sold and shipped to buyers in the United States unauthorized copies of Keck's Artwork.

172.    Some of these sales of unauthorized copies of Keck's Artwork were to Keck's husband; the identity of other American purchasers is unknown.

173.    Keck has further learned that retailers around the world have purchased unauthorized copies of Keck's Artwork through AliExpress and then re-sold those copies to consumers.  A store in Australia also sold over 150 unauthorized copies of Keck's paintings that it obtained through AliExpress.  A gift shop in the United States offered for sale on its website unauthorized copies of Keck's Artwork that the shop's owner admitted would be obtained through AliExpress.

174.    Keck, as explained in more detail below, has repeatedly notified Alibaba of the infringement of her copyrights on Alibaba.com, AliExpress and Taobao and requested that the infringing material be taken down.  While Alibaba has often failed to act expeditiously in responding to Keck's requests, some of the infringing images were ultimately taken down from AliExpress, Alibaba.com, and Taobao storefronts.

175.    But even after images were taken down from the storefronts Alibaba kept many of those images available to internet users.  Those images are found on webpages with an Alibaba-owned domain name (such as "alicdn").  Internet users can locate those images using tools such as Google image search or the "AliExpress Search by Image" tool that may be downloaded for free.  Users clicking some of the images of Keck's works are directed to promotional webpages for AliExpress.  For example, in late February 2017 a user clicking on an image of one of Keck's collages, which was found using Google image search, would be directed to AliExpress's "cheap printing fine art" page which advertised inexpensive paintings being sold on AliExpress by numerous merchants.  After Keck reported that these images could be found on the internet, an Alibaba representative told Keck in a June 6, 2017 e-mail that Alibaba had "no legal obligation to remove images such as these . . ." and that any efforts to remove such images "are undertaken without prejudice and on a discretionary basis."

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

37
COMPLAINT

176.     Keck has lost a significant amount of business as a result of the repeated infringement of her works and has notified Alibaba that this repeated infringement has caused her serious economic harm.

177.     The availability of unauthorized copies of Keck's Artwork on Alibaba's websites has furthermore prevented Keck from having a broader market for her work since art dealers and consumers interested in purchasing her paintings can obtain inexpensive copies of her Artwork through the Alibaba stores.

178.     Keck has not received attribution for Artwork that has been displayed and offered for sale on Alibaba, AliExpress, and Taobao.

**Certain Defendant Stores Added Their Own Names or Marks to Keck's Artwork.**

179.     The unauthorized copies of Keck's Artwork reproduced, displayed, and offered for sale on Alibaba.com, AliExpres, and Taobao were frequently complete copies of her Artwork that included Keck's signed surname.

180.     Ou Li Da Oil Painting Art removed Keck's signature from the images of works that it displayed in their entirety in the Ou Li Da Oil Painting Art virtual store on AliExpress, including *Labrador I*, *Golden Retriever I*, and *Husky*.  Keck notified Alibaba in a December 22, 2016 e-mail that Ou Li Da Oil Painting Art had removed KECK from the images of her artwork it was displaying.

181.     Xiamen Dearchic Arts And Crafts Co., Ltd removed Keck's surname from an image of her painting *Doberman*—which, other than the surname, was displayed in its entirety in its virtual store—and added the watermark "dcart.en.alibaba.com" to the image of the painting.

182.     Yiwu KingSing Art & Crafts Co., Ltd removed Keck's surname from an image of Keck's painting *Horse 2*—which, other than the signature, was displayed in its entirety in its virtual store—and added the watermark "kingsing.en.alibaba.com" to the image of the painting.

183.     Shenzen Shangmei Painting Craft Co., Ltd. added its watermark "U2-art.com" to dozens of images of Keck's Artwork that were displayed on its virtual store on AliExpress.  The paintings covered with that watermark included *Drawn Together*, *Full Throttle*, *Running Free*, *Taking a Breather*, *Husky*, *Rottweiler*, *Yorkshire Terrier*, *Golden Retriever II*, *American Bulldog*,

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

1   *German Shepard III, Poodle*, an untitled painting referred to as #30629, *Dalmatian, Great Dane,*

2   *Beagle, Greyhound II, Long Way From Home, Never Stop, Cross Mark, 1 Corinthians 13:5,*

3   *Guardian Angel Prayer, I Wonder How You'd Be If Someone Tried to Call You On It*, an untitled

4   painting referred to as #60637, *Pretty Little Things, Hearts and Flowes, Faith and Patience, Thick*

5   *Skull, Angry is Better than Tearful, Just to Have That Feeling Again, Hurdle, Matthew 7, In the*

6   *End We Stand Alone, The Truth Is Setting In, Good at Running Away, Cross*, an untitled painting

7   referred to as #80626, *You Might Just Get What You Wanted*, an untitled painting referred to as

8   #80630, *If Tomorrow Never Comes, F_____ Pride, I Gave You My Word, Returned to Kind*, an

9   untitled painting referred to as #90611, *Give It a Try*, an untitled painting referred to as #90633,

10  *Guarded Heart, Something to Remind You, Don't Let Me Fall, Bury, I Don't Make It Easy, All the*

11  *Times You Screwed Me Over, Come Out Swinging*, an untitled painting referred to as #120614,

12  *World Map I*, and *Nevermore*.  Keck notified Alibaba in a November 2016 e-mail that Shenzen

13  Shangmei Painting Craft Co., Ltd. had added its watermark to dozens of her paintings and

14  provided Alibaba hyperlinks to the displays of her Artwork with the watermark on Shenzen

15  Shangmei Painting Craft Co., Ltd's virtual store.

16          184.    Rachel Greens Store displayed and offered for sale on its AliExpress store a cell

17  phone cover that featured Keck's painting *Jack Russell Terrier*.  A watermark that said "Rachel

18  Green" was superimposed over part of the image of Keck's painting.  Keck provided the Alibaba

19  Defendants a link to this image in a July 31, 2017, e-mail to registeredagent@alibaba-inc.com.

20  ***Alibaba Provides the Site and Facilities for, and Substantially Assists with, Infringing Activity.***

21          185.    Alibaba has substantially assisted with the Defendant Stores' and other merchants'

22  copyright infringement by creating online marketplaces where the Defendant Stores and other

23  merchants have openly displayed copyrighted works by Keck and others without the right holders'

24  permission and have sold unauthorized copies of those works to purchasers in the United States.

25          186.    Alibaba provides the Defendant Stores and other merchants server space and allows

26  internet users to access images of copyrighted works reproduced and displayed on merchants'

27  virtual stores that operate on the Alibaba.com, AliExpress, and Taobao platforms.

28

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

39
COMPLAINT

187.     Alibaba provides more than just space for a virtual storefront.  It accurately represented in its F-1 that "[s]ellers not only build their storefronts and product catalogues on our marketplaces, they also rely on our platform for a range of essential support services to operate their businesses.  These include Web-based and mobile interfaces to manage listings, orders and customer relationships, as well as cloud computing services for their enterprise resource planning, or ERP, and client relationship management, or CRM, systems.  Through China Smart Logistics [now known as Cainiao], we provide sellers with performance analytics on their logistics partners, including delivery performance, customer satisfaction ratings and complaint statistics.  Sellers can place shipment orders with our partner logistics providers directly through the China Smart Logistics platform.  Through the shipment ordering systems, we aim to enable sellers to improve the buyer shopping experience by providing performance analytics and tools such as shipment fee calculators."

188.     Alibaba also provides marketing services for merchants doing business over the Alibaba platforms.  For example, as it represented in its F-1, Alibaba maintains databases of "transactional and user behavior data" that allows it to "construct a powerful search engine that generates personalized results."  Alibaba uses its "online marketing technology" to "continuously improve the effectiveness of [its] online marketing services for . . . sellers through the use of aggregated behavioral targeting data and analytics."

189.     The Alibaba.com, AliExpress, and Taobao platforms both have systems for buyers to purchase infringing works and have them shipped to the United States.  These platforms have a messaging system for potential buyers to communicate with merchants regarding potential purchases and provide systems to place orders for infringing works and facilitate payment for those purchases.

190.     Alibaba on its Alibaba.com, AliExpress, and Taobao platforms also provides standardized layouts for virtual stores, with features allowing shoppers to search for products across either a particular virtual store or the entire AliExpress, Alibaba.com, or Taobao platform, and menu options directing shoppers to stores selling particular products.  The Alibaba.com, AliExpress, and Taobao homepages advertise products sold by different merchants.  Alibaba also

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

40
COMPLAINT

1  offers downloadable apps to facilitate shopping from mobile devices and provides technical

2  assistance to shoppers accessing the platforms.

3      191.    Alibaba, for a fee, offers additional marketing services to merchants operating off

4  Alibaba.com and Taobao.  For example, Alibaba.com offers special storefront management tools

5  and P4P marketing to merchants who pay a special fee.

6      192.    Alibaba by undertaking marketing efforts in the United States to build the Alibaba

7  brand has further helped merchants, who sell products on the Alibaba platforms, obtain greater

8  access to the American consumer market.

9      193.    AliExpress and Alibaba.com also offer a buyer protection program in which

10  Alibaba will mediate disputes between merchants and dissatisfied buyers.

11      194.    Alibaba has the ability to take simple measures to prevent further damage to

12  copyrighted works when it learns that infringing material is available on its websites.  Alibaba, for

13  instance, has the ability to remove infringing material from AliExpress, Alibaba.com, and Taobao.

14      195.    As explained in more detail below, Alibaba has had actual knowledge of, or has

15  reason to know of, the frequent infringement of Keck's works on Alibaba.com, AliExpress, and

16  Taobao because of the numerous complaints that Keck submitted.  Alibaba has also publicly

17  admitted that it has identified millions of counterfeit items pictured and listed for sale on its

18  websites.

19      196.    Alibaba also has actual knowledge of, or has reason to know of, the infringement

20  on its platforms of copyrights owned by others.  Alibaba has technology that has allowed it to

21  identify hundreds of millions of counterfeit goods on its platforms, and rights holders such as

22  Keck have notified Alibaba that their copyrights and trademarks are being infringed on the

23  Alibaba platforms.

24  ***Alibaba Has the Right and Ability to Supervise the Infringing Activity.***

25      197.    Alibaba has the right and ability to remove listings on Alibaba.com, AliExpress,

26  and Taobao where merchants are displaying and offering to sell unauthorized copies of

27  copyrighted works.  Alibaba also has to provide a merchant an account on Alibaba.com,

28  AliExpress, or Taobao before the merchant may sell goods over those platforms.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

41
COMPLAINT

198.   Alibaba has stated that it reserves the right to terminate the membership on the Alibaba.com or AliExpress platforms of merchants who repeatedly infringe copyrights or trademarks owned by others.

199.   The Terms of Use for Alibaba.com and AliExpress expressly provide that "Alibaba.com reserves the right in our sole discretion to remove, modify or reject any User Content that you submit to, post or display on the Sites [defined as Alibaba.com and AliExpress] which we reasonably believe is unlawful, violates the Terms, could subject Alibaba.com or our affiliates to liability, or is otherwise found inappropriate in Alibaba.com's opinion."

200.   The Terms of Use further provide that Alibaba.com, in its discretion, may suspend, or terminate a member's account or restrict a member's access to services provided by Alibaba.com, or remove product listings.

201.   Alibaba also will withhold approval of certain product listings. Alibaba explains in the "Help Center" of Alibaba.com that, "If your product was not approved, our system will send you an email to your registered email for the reason why your product is not approved.  Please have a check.  Normally, the main reason for the product not approved is that you may post Banned or Brand product on Alibaba.com."[15]

202.   Alibaba has also represented that it has technology that allows it to identify counterfeit works for sale on its websites and also represents that it has exercised its authority to take down from its websites millions of postings that infringed third parties' intellectual property rights.

203.   In addition to maintaining the rights to terminate merchants, Alibaba exercises high levels of control over merchants' activities.  For example, Alibaba has authority to mediate disputes between merchants and customers that arise over Alibaba.com or AliExpress transactions. As noted above, Alibaba also provides marketing services to merchants, facilitates transactions between merchants and buyers, and offers, for an additional fee, storefront management tools.

---

[15] *See* https://service.alibaba.com/buyer/faq_detail/20153571.htm

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

204.    Alibaba also has the right and ability to remove from its servers images that infringe copyrights.  On information and belief, images that are viewed on Alibaba.com and AliExpress storefronts are routinely copied onto Alibaba's servers and may be viewed at a "alicdn" web address.  Those images remain available on the internet at an Alibaba-owned website even after the image is reported to Alibaba as infringing a copyright and the associated product listing on Alibaba.com or AliExpress is taken down.  Alibaba has the ability to remove these images, though it has represented that it has no obligation to remove them.

***Alibaba Obtains Financial Benefit from the Infringement of Copyrights.***

205.    Alibaba receives commissions from the sale of items listed on AliExpress, including sales of unauthorized copies of Keck's Artwork.

206.    The unauthorized display, reproduction and sale of copyrighted works owned by Keck and others draw visitors to Alibaba's Taobao, Alibaba.com and AliExpress platforms.  All of the infringing material that Keck has complained to Alibaba about could be viewed by any user of the internet without having to establish any account with Alibaba.

207.    Internet users have viewed unauthorized images of Keck's Artwork that are displayed on the Taobao, AliExpress and Alibaba.com platforms, and Alibaba has earned revenue from the unauthorized sale of copies of some of Keck's Artwork.

208.    Alibaba earns billions of dollars annually through advertising revenue on platforms, including Taobao.  And increases in the number of visitors to the Alibaba sites and increased webpage views can allow Alibaba to earn greater revenue from advertising.

***Keck Notifies Alibaba of the Repeated Infringements of Her Copyrights.***

209.    Keck had, on a few isolated occasions, seen others sell unauthorized copies of her Artwork on eBay or Amazon.  She had promptly reported those infringements, and eBay and Amazon almost always removed the reported listings from their sites within a day of Keck's reporting of the infringement.  She is not aware of Amazon or eBay ever taking more than two days to remove from their websites listings for unauthorized copies of her artwork.

210.    Alibaba, on the other hand, was not as responsive as eBay or Amazon.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

43
COMPLAINT

211.    Keck, in or around late 2015, began reporting the infringement of her copyrights through AliExpress' online form for reporting infringement of intellectual property rights.  Despite her reports to Alibaba, the number of merchants known to be selling unauthorized copies of Keck's paintings over AliExpress and Alibaba.com multiplied in the following year. She learned in 2017 that unauthorized copies of her Artwork were also being displayed and listed for sale on Taobao.

212.    Keck after reporting infringements through AliExpress' online form received automated responses on October 24, 2016, October 25, 2016, October 26, 2016, November 2, 2016, November 16, 2016, November 17, 2016, November 18, 2016, November 20, 2016, and November 21, 2016, that cryptically said, "We refer to your recent report about suspicious product listing(s).  Please be informed that the reported listing(s) has/have been removed or is / are not prohibited and controlled item(s) under our Product Listing Policy. . . . Products not as described http://channel.alibaba.com/complaint/postComplaint.htm?type=goods_not_match_description. Thank you for your kind attention to our platform, and we appreciate your information greatly!"

213.    Despite submitting numerous reports of copyright infringement through AliExpress' online form, Alibaba did not remove from its websites all the infringing material that Keck reported.

214.    Keck communicated with an Alibaba representative through an internet chat in early November 2016 and requested a phone number to speak with an Alibaba employee who could assist with processing her complaints.  She was told that Alibaba would not address such concerns over the phone.

215.    As Alibaba had failed to take action in response to Keck's notices, Keck in November 2016 sought assistance from an official at the American embassy in Beijing.  The embassy official put Keck in touch with Xinghao Wang, an Alibaba employee based in the United States who dealt with intellectual property concerns.

216.    Keck in November 2016 began an e-mail exchange with Wang.  Keck on November 10 explained to Wang that thirty-five stores on AliExpress were selling over 500 items

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

44
COMPLAINT

of her artwork.  She also provided Wang hyperlinks to those listings and the names of the infringing merchants.

217.    Wang suggested that Keck report infringements through AliProtect, an online platform for reporting intellectual property infringements on Alibaba.com and AliExpress.

218.    On multiple occasions in the fall of 2016 when Keck tried to register for AliProtect, Keck received e-mails from "taobao.com" e-mail accounts that said, after a series of Chinese characters, "Dear Michel Keck, Welcome to Alibaba Intellectual Property Protection Platform. Your submitted proof of intellectual property right Michel Keck Artwork [Chinese text] cannot be processed because of the following reason. Please check your information carefully. Reason: [explanation written in Chinese]."   Wang told Keck that Alibaba was not acting on Keck's reported infringements because Keck had, due to security concerns, redacted certain parts of the copy of her drivers' license that she submitted in response to Alibaba's request that she submit photo identification.  Wang added that Keck "need[ed] to submit a copy of the actual copyright certification and accompany it with a copy of the actual copyright protected art work" or "submit copyright with a signed ownership statement claiming the ownership of the artwork on your website and screen shots of the webpages that show the protected work."   Wang added:  "It may be worth noting that all these requirements of submitting the notice and takedown requests are imposed by law, such as the Digital Millennium Copyright Act of the United States, but not by Alibaba.  All the rights holders have the same requirements.  Therefore, we have to resolve these formality issues required by law before processing your takedown requests."

219.    Technical problems further plagued AliProtect, making it difficult, if not sometimes impossible, to submit takedown requests through that system.  Keck received on multiple occasions "network error" messages when submitting takedown requests.

220.    The AliProtect system also suffered from a number of other defects that prevented it from being an effective mechanism for reporting infringing activity.  The AliProtect system, for example, sometimes did not allow users to report infringement of unregistered copyrights. AliProtect at times did not accept submissions without a copyright registration number being provided.  Keck also received error messages when attempting to use AliProtect, written in

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

45
COMPLAINT

1   Chinese, that, when translated through an online translation service, stated that she had to submit

2   copyright registration certificates "stamped with the Copyright Office of the work content and

3   works published information."

4       221.   AliProtect sometimes would also not process requests to take down infringing

5   material posted on a non-English version of AliExpress or Alibaba.com, even though the material

6   is accessible in the U.S.

7       222.   Keck, without any assistance from Alibaba, directly contacted a number of

8   merchants directly through the AliExpress messaging system and asked them to take down the

9   infringing materials from their virtual stores.  On November 17, 2016, Keck submitted an e-mail

10  to tradesecurity@aliexpress.com and alibaba@service.alibaba.com where she provided several

11  hundred hyperlinks to listings on AliExpress and Alibaba.com where her Artwork was being

12  displayed and offered for sale by twenty-four stores.  Those listings had been included in her

13  November 10, 2016 e-mail to Wang.  Keck added that "[t]his notice, as well as all previous

14  notices, I am providing in good faith that my copyrights I own are being infringed" and stated that

15  "[u]nder penalty of perjury I certify the information contained in the notification is both true and

16  accurate." Keck signed the e-mail with her name and provided her address and phone number.

17      223.   Because of Alibaba's continued failure to respond to electronically submitted

18  notices, Keck on November 25, 2016, mailed to Alibaba (China) Co. Ltd. in Hangzhou, China

19  (whose address was identified on Alibaba's website as the address for "Alibaba Group Corporate

20  Campus") the list of infringing listings that she had attached to her November 17 e-mail.

21      224.   On November 26, 2016, Keck e-mailed Wang the links to infringing material that

22  she had previously submitted via e-mail on November 17 and mailed to Alibaba's corporate office

23  in China on November 25.  On November 28, 2016, Keck sent that same request to

24  buyerservice@aliexpress.com, tradesecurity@aliexpress.com, and alibaba@service.alibaba.com.

25  Wang on November 28, 2016 acknowledged that Keck had submitted "a valid notice and

26  takedown request and we will process it."

27      225.   On November 30, 2016, Keck e-mailed Matthew Bassiur, Alibaba's head of global

28  intellectual property enforcement, and explained to him the difficulties that she had experienced

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

46
COMPLAINT

1   reporting copyright infringement.  Keck attached to that November 30 e-mail a takedown request

2   in which she provided the same list of hyperlinks that she had provided in her November 17,

3   November 26, and November 28 takedown requests. Keck affixed her signature to the takedown

4   request and certified under penalty of perjury that the information contained in the notification was

5   true and accurate, that she was the owner of the copyrights, and that her copyrights were being

6   infringed.  She also provided her mailing address, phone number, and e-mail address and provided

7   a link to her own website where her works could be viewed.  Alibaba did not seek additional

8   information from Keck in response to this request or indicate that this notice was inadequate.

9          226.   Infringing material that Keck identified in her November 10, November 17,

10  November 25, November 26, November 28, and November 30 takedown notices remained listed

11  on Alibaba.com and AliExpress in early December 2016.

12         227.   On December 5, 2016, after Keck sent Bassiur a follow-up e-mail, Daniel

13  Dougherty responded to Keck's November 30 e-mail on behalf of Bassiur and indicated that he

14  would address Keck's complaints. Dougherty was the senior director for Alibaba Group's global

15  IP enforcement team and was based at Alibaba Group's San Francisco office.

16         228.   But some of the Defendant Stores continued to display and offer for sale Keck's

17  Artwork on AliExpress.  On December 7, 2016, Keck e-mailed Dougherty a list of approximately

18  75 hyperlinks to pages on the AliExpress site where Tan Art, Fine Art Store, Gen Di Micro spray

19  art, and yw-Art were still displaying and offering for sale items listed in the takedown notices she

20  had submitted in November.  On December 8, 2016, Keck reported to Dougherty and Bassiur that

21  Gen Di Micro spray art, Tan Art, and Fine Art Collection—which Keck had all identified in a

22  previous takedown notice—had re-listed infringing material after it was taken down, and Keck

23  provided dozens of hyperlinks to pages on those stores' AliExpress storefronts where her work

24  was being displayed.  On December 9, 2016, Keck e-mailed Bassiur and Dougherty a list of

25  approximately 20 hyperlinks to listings on AliExpress where YW-meixiang Store—which she had

26  also previously identified as an infringer of her copyrights—was displaying and offering for sale

27  Keck's works.  On December 22, 2016, she reported yet another merchant that she had already

28  identified as an infringer, Ou Li Da Painting Art, that was displaying and offering for sale her

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

47
COMPLAINT

copyrighted works; she provided hyperlinks to approximately 20 infringing listings on Ou Li Da Painting Art's AliExpress page.  Dougherty on December 27, 2016, told Keck that "we forwarded your takedown requests to the relevant team in Hangzhou last week when we received your email. If there are any follow-ups related to those submissions the team in Hangzhou will be in direct contact with you."   Dougherty also said in that e-mail that Keck could submit takedown notices to ipr@alibaba-inc.com.

229.    On December 22, 2016, Keck submitted through AliProtect a takedown request that provided URLs directing Alibaba to approximately 100 listings on the AliExpress platform where unauthorized copies of her Artwork were being displayed and offered for sale.  Keck affixed her signature to the takedown request and certified under penalty of perjury that the information contained in the notification was true and accurate, that she was the owner of the copyrights, and that her copyrights were being infringed.  She also provided her mailing address, phone number, and e-mail address and provided a link to her own website where her Artwork could be viewed.

230.    On December 30, 2016, Keck submitted an e-mail to ipr@alibaba-inc.com providing notice that unauthorized copies of her Artwork were being listed for sale by eleven different merchants on the AliExpress and Alibaba.com platforms and provided about 40 hyperlinks to pages on AliExpress and Alibaba.com where her Artwork was being displayed and offered for sale.  Keck received a response, written in English and Chinese, that said, "Thank you for your email.  We will respond to you in due course.  Alibaba Intellectual Property Rights Protection Department.  This is an automatically generated email."  Alibaba did not seek additional information from Keck in response to this request or indicate that this notice was inadequate.

231.    On January 2, 2017, Keck submitted an additional notice to ipr@alibaba-inc.com providing notice that fourteen stores were selling unauthorized copies of her Artwork on AliExpress and Alibaba.com.  Keck provided in that notice hyperlinks to the webpages where her Artwork was being displayed and sold, stated that her intellectual property was being infringed and that everything in the notice was true and accurate, and provided her phone number and a link to her own websites where her works could be viewed.  Keck received a response, written in

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

English and Chinese, that said, "Thank you for your email.  We will respond to you in due course. Alibaba Intellectual Property Rights Protection Department.  This is an automatically generated email."  Alibaba did not seek additional information from Keck in response to her notice or indicate that her notice was inadequate.

232.    Many of the items listed in the December 30 and January 2 notices were still listed for sale on Alibaba or AliExpress on various stores on January 10, 2017, prompting Keck to submit yet another request for those items to be removed.  Keck, in a January 10 e-mail, provided hyperlinks to thirteen pages included in the December 30 notice and eleven pages included in the January 2 notice that were still displaying and listing for sale of Keck's Artwork on Alibaba.com and AliExpress.  Artwork listed on the December 30 and January 2 notices were still listed for sale in mid-January.

233.    On January 12, 2017, Keck submitted a takedown request to ipr@alibaba-inc.com in which she provided Alibaba hyperlinks to approximately 20 listings on the AliExpress platform where her Artwork was being displayed and sold.  She explained in that request that some of the stores identified were repeat infringers of her works.  Keck received a response, written in English and Chinese, that said, "Thank you for your email.  We will respond to you in due course. Alibaba Intellectual Property Rights Protection Department.  This is an automatically generated email." Alibaba did not seek additional information from Keck in response to this notice or indicate that her notice was inadequate.

234.    On January 15, 2017, Keck submitted a takedown request that provided URLs directing Alibaba to approximately 40 listings on the AliExpress and Alibaba platforms where unauthorized copies of her Artwork were being displayed and offered for sale.  Keck affixed her signature to the takedown request and certified under penalty of perjury that the information contained in the notification was true and accurate, that she was the owner of the copyrights, and that her copyrights were being infringed.  She also provided her mailing address, phone number, and e-mail address and provided a link to her own website where her Artwork could be viewed. Alibaba did not seek additional information from Keck in response to this notice or indicate that the notice was inadequate.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

235.    On January 20, 2017, Keck reported numerous infringements through the AliProtect system.  She received an error message for about ten of the submitted hyperlinks, so she e-mailed those hyperlinks to Alibaba.  In both the AliProtect submission and the e-mail submission, Keck affixed her signature to the takedown request and certified under penalty of perjury that the information contained in the notification was true and accurate, that she was the owner of the copyrights, and that her copyrights were being infringed.  She also provided her mailing address, phone number, and e-mail address and provided a link to her own website where her works could be viewed.

236.    On January 23, 2017, Keck received an e-mail from tradeservice@service.alibaba.com that was written partially in Chinese.  That e-mail included a list of seven URLs that Keck submitted on January 20 that provided links to webpages displaying unauthorized copies of her Artwork.  The e-mail said, "The Copyright in Question is not found in the listing.  Please advise the specific location where the infringement part is in the listing for our reference.  Thank you for your cooperation."  But Keck clicked all seven of those URLs, and saw that they were all active links to pages on the Alibaba platform where unauthorized copies of her works were being displayed and offered for sale.  Keck responded to the January 23, 2017 e-mail, by explaining that the internet links referenced in the Alibaba e-mail directed a reader to internet pages displaying the listing for the sale of unauthorized copies of her works.  On February 6, 2017, she received a response from Alibaba.com's Intellectual Property Rights Protection Department, sent from ipr@alibaba-inc.com, that said, "Please understand that normally for copyright complaints, the complainant need to provide the original pictures or links of the copyright works thus we can confirm the infringement, thus why the colleagues didn't accept your complaints.  We have confirmed with the colleagues who handled your complaints, they will handle it later.  You can submit the complaints again, and we will cancel it as soon as possible."

237.    On January 27, 2017, Keck submitted another takedown notice through AliProtect in which she provided approximately 45 hyperlinks to listings on the AliExpress and Alibaba.com platforms where unauthorized copies of her Artwork were being displayed and offered for sale.  She then e-mailed to Alibaba the approximately 30 hyperlinks for which AliProtect provided an

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

50
COMPLAINT

error message.  In both the AliProtect and the e-mail submission, Keck affixed her signature to the takedown request and certified under penalty of perjury that the information contained in the notification is true and accurate, that she is the owner of the copyrights, and that her copyrights were being infringed.  She also provided her mailing address, phone number, and e-mail address and provided a link to her own website where her works could be viewed. It was not until February 21, 2017 when Keck received an e-mail from ipr@alibaba-inc.com in reference to her January 27 takedown request that stated that the "complaint links have been handled already."

238.    Keck tried submitting takedown requests through the online AliProtect system, but she continued to encounter technical problems.  She explained in e-mails dated January 27, 2017, and February 5, 2017, to ipr@alibaba-inc.com that AliProtect would not process requests to take down certain listings, instead sending Keck a message that the URL links she provided to those listings were invalid.

239.    On February 5, 2017, Keck submitted a takedown request that provided URLs directing Alibaba to approximately 20 listings on the AliExpress platform where unauthorized copies of her Artwork were being displayed and offered for sale.  Keck affixed her signature to the takedown request and certified under penalty of perjury that the information contained in the notification was true and accurate, that she was the owner of the copyrights, and that her copyrights were being infringed.  She also provided her mailing address, phone number, and e-mail address and provided a link to her own website where her works could be viewed.  Keck had attempted to report those listings through AliProtect, but she received an error message stating that the URLs she provided for the listings were invalid—even though the appropriate web pages would open when the URLs were pasted into an internet browser.

240.    On February 6, 2017, Keck attempted to submit through AliProtect a takedown request that provided URLs directing Alibaba to approximately 30 listings on the AliExpress platform where unauthorized copies of her Artwork were being displayed and offered for sale. But she received a "504 Gateway Error" message while submitting that request and had to submit some of the hyperlinks to Alibaba by e-mail.  Keck affixed her signature to the takedown request and certified under penalty of perjury that the information contained in the notification was true

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

51
COMPLAINT

1   and accurate, that she was the owner of the copyrights, and that her copyrights were being

2   infringed.  She also provided her mailing address, phone number, and e-mail address and provided

3   a link to her own website where her works could be viewed.  Alibaba failed to remove the reported

4   listings, prompting Keck to re-submit her takedown request on February 11.  Keck then received

5   an e-mail on February 21 stating that the infringing material had been removed.

6        241.    Also on February 6, 2017, Keck received an e-mail from ipr@alibaba-inc.com

7   responding to one of her takedown notices where she had pasted into the notice the URLs

8   directing Alibaba to the pages on the AliExpress platform where unauthorized copies of her

9   Artwork were being displayed and offered for sale.  That e-mail stated:  "We noticed the links you

10  attached are not English links, please understand that our system can only support the original

11  English links."   A February 21, 2017, e-mail to Keck from ipr@alibaba-inc.com similarly said,

12  "Regrettably AliProtect is not yet ready to support product listings from any non-English

13  Alibaba/AliExpress sites."  AliExpress was thus refusing to process the request even though the

14  non-English versions of AliExpress, such as es.aliexpress.com (Spanish), de.aliexpress.com

15  (German), and fr.aliexpress.com (French) advertise products for sale in U.S. dollars and provide

16  the United States as the default shipping location for items purchased.  An IP location tool also

17  indicated that those websites operate off of servers located in the United States.

18       242.    On February 13, 2017, Keck submitted a takedown request through AliProtect

19  where she provided URLs directing Alibaba to approximately 40 listings on the AliExpress

20  platform where unauthorized copies of her Artwork were being displayed and offered for sale.

21  Keck affixed her signature to the takedown request and certified under penalty of perjury that the

22  information contained in the notification was true and accurate, that she was the owner of the

23  copyrights, and that her copyrights were being infringed.  She also provided her mailing address,

24  phone number, and e-mail address and provided a link to her own website where her works could

25  be viewed.  Alibaba did not seek additional information from Keck in response to this request or

26  indicate that this notice was inadequate.

27       243.    On February 20, 2017, Keck submitted through AliProtect a takedown request that

28  provided URLs directing Alibaba to approximately 55 listings on the Alibaba.com platform where

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

unauthorized copies of her Artwork were being displayed and offered for sale.  A number of the links that Keck provided in that submission had been included in Keck's February 13 submission but were nonetheless still active.  Keck affixed her signature to the takedown request and certified under penalty of perjury that the information contained in the notification was true and accurate, that she was the owner of the copyrights, and that her copyrights were being infringed.  She also provided her mailing address, phone number, and e-mail address and provided a link to her own website where her works could be viewed. Alibaba did not seek additional information from Keck in response to this request or indicate that this notice was inadequate.

244.    Keck continued to experience additional technical problems when she tried to submit takedown requests through AliProtect.  She explained in a March 11, 2017 e-mail to ipr@alibaba-inc.com that she was trying to report twelve stores who were displaying and offering for sale unauthorized copies of her Artwork on Alibaba.com or AliExpress but that "in filling out the information on your form at ipp.alibabagroup.com we experienced errors with your system.  Your forms tonight will not allow us to attach any documents to the complaint form.  The text box allows us to submit the URLs but no attachments were accepted.  Your system just keeps 'spinning' and will not allow us to attach the full DMCA."  She attached a signed copy of a DMCA takedown request to that e-mail. The response she received from ipr@alibaba-inc.com just said in English and in Chinese, "Thank you for your email.  We will respond to you in due course.  Alibaba Intellectual Property Rights Protection Department.  This is an automatically generated email." Alibaba did not seek additional information from Keck in response to this request or indicate that this notice was inadequate.

245.    On March 11, 2017, Keck e-mailed a takedown request to ipr@alibaba-inc.com that provided URLs directing Alibaba to approximately 45 listings on the AliExpress and Alibaba.com platforms where unauthorized copies of her Artwork were being displayed and offered for sale.  Keck affixed her signature to the takedown request and certified under penalty of perjury that the information contained in the notification was true and accurate, that she was the owner of the copyrights, and that her copyrights were being infringed.  She also provided her mailing address, phone number, and e-mail address and provided a link to her own website where

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

53
COMPLAINT

1   her works could be viewed.  Alibaba acknowledged receipt of the request but did not seek

2   additional information from Keck in response to this request or indicate that this notice was

3   inadequate.

4        246.   On March 13, 2017, Keck e-mailed Bassiur, Dougherty, Wang, and Eric Pelletier

5   of Alibaba and explained that the sale of her Artwork is her sole source of income and that

6   "[c]ounterfeit sales of my artwork through websites owned or controlled by Alibaba has virtually

7   destroyed my print sales and caused me significant monetary damage."  She further explained that

8   she had, by that time, submitted over thirteen takedown requests and that "[e]ven when I am

9   successful in completing a takedown request, it often takes weeks for the counterfeit merchandise

10  to be pulled from Alibaba's websites."

11       247.   Even if Alibaba removed from its site some of the product listings she had

12  complained about, Alibaba kept available on the internet images of Keck's Artwork that had been

13  displayed in those listings.  Those images could be accessed on the internet and could be easily

14  found using tools such as Google image search.  On March 18, 2017, Keck e-mailed Bassiur,

15  Dougherty, Wang, and Pelletier a takedown request that provided hyperlinks to approximately 180

16  images of Keck's works which had formerly been available on various vendors' webpages but

17  were still available on Alibaba's servers.  Keck affixed her signature to the note, provided her

18  mailing address, phone number, and e-mail address, and certified under penalty of perjury that the

19  information in the notice was true and accurate, that she was the owner of the copyrights, and that

20  her copyrights were being infringed.  She also provided a link to her own website where her works

21  could be viewed. Alibaba did not seek additional information from Keck in response to this

22  request or indicate that this notice was inadequate. The images Keck references were available at

23  https://ae01.alicdn.com; http://g02.a.alicdn.com; http://g01.a.alicdn.com; http://g04.a.alicdn.com;

24  http://g03.a.alicdn.com.  All of those URLs and the associated domain names are affiliated with

25  Alibaba and, according to an IP location finder, operate off servers located in the United States.

26       248.   On April 3, 2017, Keck e-mailed to Dougherty, Wang, Pelleiter, Bassiur, and

27  ipr@alibaba-inc.com a takedown request that provided URLs for approximately 260 images of her

28  Artwork that were accessible over the internet from Alibaba's servers.  The images were available

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

54
COMPLAINT

at http://g02.a.alicdn.com; https://ae01.alicdn.com; http://g01.a.alicdn.com; https://g03.a.alicdn.com; http://sc02.alicdn.com; http://g04.a.alicdn.com.  Keck affixed her signature to the note, provided her mailing address, phone number, and e-mail address, and certified under penalty of perjury that the information in the notice was true and accurate, that she was the owner of the copyrights, and her copyrights were being infringed.  She also provided a link to her own website where her works could be viewed.  Alibaba acknowledged receipt of the e-mail but did not seek additional information from Keck in response to this request or indicate that this notice was inadequate.

249.    Also on April 3, 2017, Keck e-mailed Dougherty, Wang, Bassiur, and ipr@alibaba-inc.com a takedown request that provided URLs directing Alibaba to nineteen pages on the AliExpress platform where unauthorized copies of her works were being displayed and offered for sale.  These paintings were being sold by seven different stores.  In the takedown request Keck certified under penalty of perjury that the information contained in the notification is true and accurate, that she was the owner of the copyrights, and that her copyrights were being infringed.  She affixed her signature to the notice and provided her mailing address, phone number, and e-mail address.  She provided in her e-mail a link to her own website where her copyrighted works were shown.  Keck also submitted a takedown request for these infringements on AliProtect. The response she received from ipr@alibaba-inc.com just said in English and in Chinese, "Thank you for your email.  We will respond to you in due course.  Alibaba Intellectual Property Rights Protection Department.  This is an automatically generated email." Alibaba did not seek additional information from Keck in response to her takedown request or indicate that her notice was inadequate.

250.    On April 21, 2017, Keck submitted a takedown request via e-mail to registeredagent@alibaba-inc.com and to ipr@alibaba-inc.com that identified over thirty stores that were displaying and offering for sale her paintings over the Taobao, AliExpress, and Alibaba.com platforms and provided about 50 URLs directing Alibaba to the pages on the Taobao, AliExpress, and Alibaba where those works were being displayed and offered for sale.  In the notice, Keck stated that she had a good faith belief that use of the material in the manner she was complaining

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

55
COMPLAINT

about was not authorized by her as the copyright holder, her agent, or the law; stated that she did not believe the activities she was complaining about constituted fair use of any of her copyrighted works; and certified under penalty of perjury that the information in the notice was true and accurate, and that she was the owner of the copyrights being infringed.  She affixed her signature to the notice, provided her mailing address, e-mail address, and telephone number, and provided images of her copyrighted works.  She provided in the e-mail a link to her own website where her copyrighted works were shown and also attached a document to the e-mail that included images of all her copyrighted works.  The response she received from ipr@alibaba-inc.com just said in English and in Chinese, "Thank you for your email.  We will respond to you in due course. Alibaba Intellectual Property Rights Protection Department.  This is an automatically generated email." Alibaba did not seek additional information from Keck in response to this request or indicate that this notice was inadequate.

251.    On May 7, 2017, Keck submitted a takedown request via e-mail to Dougherty, Bassiur, Wang, registeredagent@alibaba-inc.com and ipr@alibaba-inc.com that provided approximately 30 URLs directing Alibaba to the pages on the Taobao, Tmall, AliExpress, and Alibaba.com platform where her Artwork was being displayed and offered for sale.  In the notice, Keck stated that she had a good faith belief that use of the material in the manner she was complaining about was not authorized by her as the copyright holder, her agent, or the law; stated that she did not believe the activities she was complaining about constituted fair use of any of her copyrighted works; and certified under penalty of perjury that the information in the notice was true and accurate, and that she was the owner of the copyrights being infringed.  She affixed her signature to the notice, provided her mailing address, e-mail address, and telephone number, and provided images of her copyrighted works.  She provided in the e-mail a link to her own website where her copyrighted works were shown.  She also noted in the e-mail that three of the stores reported in that notice (Ha's World Painting, Da Fen Oil Painting Store, and Mei Mei) were repeat infringers of her works.  Alibaba did not seek additional information from Keck in response to this request or indicate that this notice was inadequate.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

56
COMPLAINT

252.     On May 9, 2017, Keck submitted a takedown request via e-mail to Dougherty, Bassiur, Wang, registeredagent@alibaba-inc.com and to ipr@alibaba-inc.com that provided approximately 20 URLs directing Alibaba to the pages on Taobao where unauthorized copies of her Artwork were being displayed and offered for sale.  In the notice, Keck stated that she had a good faith belief that use of the material in the manner she was complaining about was not authorized by her as the copyright holder, her agent, or the law; stated that she did not believe the activities she was complaining about constituted fair use of any of her copyrighted works; and certified under penalty of perjury that the information in the notice is true and accurate, and that she is the owner of the copyrights being infringed.  She affixed her signature to the notice, provided her mailing address, e-mail address, and telephone number, and provided images of her copyrighted works.  She provided in the e-mail a link to her own website where her copyrighted works were shown.  She also noted in the e-mail that five of the stores reported in that notice were repeat infringers of her works.  Alibaba did not seek additional information from Keck in response to this request or

 indicate that this notice was inadequate.

253.     On May 10, 2017, Keck submitted a takedown request via e-mail to Dougherty, Bassiur, Wang, registeredagent@alibaba-inc.com and to ipr@alibaba-inc.com that provided approximately 12 URLs directing Alibaba to pages with alicdn.com suffixes where unauthorized copies of her Artwork were being displayed and offered for sale.  In the notice, Keck stated that she had a good faith belief that use of the material in the manner she was complaining about was not authorized by her as the copyright holder, her agent, or the law; stated that she did not believe the activities she was complaining about constituted fair use of any of her copyrighted works; and certified under penalty of perjury that the information in the notice was true and accurate, and that she was the owner of the copyrights being infringed.  She affixed her signature to the notice, provided her mailing address, e-mail address, and telephone number, and provided images of her copyrighted works.  She provided in the e-mail a link to her own website where her copyrighted works were shown.  Alibaba did not seek additional information from Keck in response to this request or indicate that this notice was inadequate.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

57
COMPLAINT

254.   On June 5, 2017, Keck submitted an e-mail to Bassiur, Dougherty, Wang ipr@alibaba-inc.com and registeredagent@alibaba-inc.com that explained that as of that date most of the images that she had reported on May 10 remained active.  She attached to that June 5 e-mail a list of approximately 10 hyperlinks with "alicdn.com" domain names where those works were being displayed.  In the notice, Keck stated that she had a good faith belief that use of the material in the manner she was complaining about was not authorized by her as the copyright holder, her agent, or the law; stated that she did not believe the activities she was complaining about constituted fair use of any of her copyrighted works; and certified under penalty of perjury that the information in the notice was true and accurate, and that she was the owner of the copyrights being infringed.  She affixed her signature to the notice, provided her mailing address, e-mail address, and telephone number, and provided images of her copyrighted works.

255.   On June 22, 2017, Keck submitted a takedown request via e-mail that provided approximately 15 URLs directing Alibaba to pages on AliExpress, Taobao, and Tmall where unauthorized copies of her Artwork were being displayed and offered for sale. In the notice, Keck stated that she had a good faith belief that use of the material in the manner she was complaining about was not authorized by her as the copyright holder, her agent, or the law; stated that she did not believe the activities she was complaining about constituted fair use of any of her copyrighted works; and certified under penalty of perjury that the information in the notice was true and accurate and that she was the owner of the copyrights being infringed.  She affixed her signature to the notice and provided her mailing address, e-mail address, and telephone number.  She provided in the e-mail a link to her own website where her copyrighted works were shown and attached to the e-mail pictures of her copyrighted works.

256.   On July 8, 2017, Keck submitted a takedown request via e-mail that provided approximately 50 URLs directing Alibaba to pages on 1688.com, Taobao, AliExpress, and Alibaba.com where unauthorized copies of her Artwork were being displayed and offered for sale. In the notice, Keck stated that she had a good faith belief that use of the material in the manner she was complaining about was not authorized by her as the copyright holder, her agent, or the law; stated that she did not believe the activities she was complaining about constituted fair use of any

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

58
COMPLAINT

of her copyrighted works; and certified under penalty of perjury that the information in the notice was true and accurate and that she was the owner of the copyrights being infringed.  She affixed her signature to the notice and provided her mailing address, e-mail address, and telephone number.  She provided in the e-mail a link to her own website where her copyrighted works were shown and attached to the e-mail pictures of her copyrighted works.

257.    On July 18, 2017, Keck submitted a takedown request via e-mail that provided approximately 25 URLs directing Alibaba to the pages on 1688.com, Taobao, and Tmall where unauthorized copies of her Artwork were being displayed and offered for sale.  In the notice, Keck stated that she had a good faith belief that use of the material in the manner she was complaining about was not authorized by her as the copyright holder, her agent, or the law; stated that she did not believe the activities she was complaining about constituted fair use of any of her copyrighted works; and certified under penalty of perjury that the information in the notice was true and accurate, and that she was the owner of the copyrights being infringed.  She affixed her signature to the notice and provided her mailing address, e-mail address, and telephone number.  She provided in the e-mail a link to her own website where her copyrighted works were shown and attached to the e-mail pictures of her copyrighted works.

258.    On July 25, 2017, Keck submitted a takedown request via e-mail to ipr@alibaba-inc.com and registeredagent@alibaba-inc.com that provided approximately 30 URLs directing Alibaba to the pages on 1688.com and Taobao where unauthorized copies of her Artwork were being displayed and offered for sale.  In the notice, Keck stated that she had a good faith belief that use of the material in the manner she was complaining about was not authorized by her as the copyright holder, her agent, or the law; stated that she did not believe the activities she was complaining about constituted fair use of any of her copyrighted works; and certified under penalty of perjury that the information in the notice was true and accurate, and that she was the owner of the copyrights being infringed.  She affixed her signature to the notice and provided her mailing address, e-mail address, and telephone number.  She provided in the e-mail a link to her own website where her copyrighted works were shown and attached to the e-mail pictures of her copyrighted works.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

59
COMPLAINT

259.     On July 31, 2017, Keck submitted a takedown request via e-mail to registeredagent@alibaba-inc.com that provided approximately 20 URLs directing Alibaba to the pages on AliExpress and Alibaba.com where unauthorized copies of her Artwork were being displayed and offered for sale.  In the notice, Keck stated that she had a good faith belief that use of the material in the manner she was complaining about was not authorized by her as the copyright holder, her agent, or the law; stated that she did not believe the activities she was complaining about constituted fair use of any of her copyrighted works; and certified under penalty of perjury that the information in the notice was true and accurate, and that she was the owner of the copyrights being infringed.  She affixed her signature to the notice, provided her mailing address, e-mail address, and telephone number, and provided images of her copyrighted works.  She provided in the e-mail a link to her own website where her copyrighted works were shown and attached to the e-mail pictures of her copyrighted works.  As of September 27, 2017, she has received no response to that e-mail and all the listings that she reported in that e-mail remain active. Alibaba did not seek additional information from Keck in response to this request or indicate that this notice was inadequate.

260.     On August 2, 2017, Keck submitted a takedown request that provided approximately 20 URLs directing Alibaba to pages on Taobao and Tmall where unauthorized copies of her Artwork were being displayed and offered for sale.  In the notice, Keck stated that she had a good faith belief that use of the material in the manner she was complaining about was not authorized by her as the copyright holder, her agent, or the law; stated that she did not believe the activities she was complaining about constituted fair use of any of her copyrighted works; and certified under penalty of perjury that the information in the notice was true and accurate, and that she was the owner of the copyrights being infringed.  She affixed her signature to the notice, provided her mailing address, e-mail address, and telephone number, and provided images of her copyrighted works.  She provided in the e-mail a link to her own website where her copyrighted works were shown and attached to the e-mail pictures of her copyrighted works.

261.     On August 14, 2017, Keck submitted a takedown request to ipr@alibaba-inc.com that provided approximately 15 URLs directing Alibaba to pages on Taobao and Tmall where

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

60
COMPLAINT

1   unauthorized copies of her Artwork were being displayed and offered for sale.  In this notice,

2   Keck stated that she had a good faith belief that use of the material in the manner she was

3   complaining about was not authorized by her as the copyright holder, her agent, or the law; stated

4   that she did not believe the activities she was complaining about constituted fair use of any of her

5   copyrighted works; and certified under penalty of perjury that the information in the notice was

6   true and accurate, and that she was the owner of the copyrights being infringed.  She affixed her

7   signature to the notice, provided her mailing address, e-mail address, and telephone number, and

8   provided images of her copyrighted works.  She provided in the e-mail a link to her own website

9   where her copyrighted works were shown and attached to the e-mail pictures of her copyrighted

10  works.

11          262.    On August 28, 2017, Keck submitted a takedown request to ipr@alibaba-inc.com

12  that provided approximately 9 URLs directing Alibaba to pages on Taobao where unauthorized

13  copies of her Artwork were being displayed and offered for sale and also directed Alibaba to

14  approximately 17 images accessible via addresses on the "alicdn.com" domain.  In this notice,

15  Keck stated that she had a good faith belief that use of the material in the manner she was

16  complaining about was not authorized by her as the copyright holder, her agent, or the law; stated

17  that she did not believe the activities she was complaining about constituted fair use of any of her

18  copyrighted works; and certified under penalty of perjury that the information in the notice was

19  true and accurate, and that she was the owner of the copyrights being infringed.  She affixed her

20  signature to the notice, provided her mailing address, e-mail address, and telephone number, and

21  provided images of her copyrighted works.  She provided in the e-mail a link to her own website

22  where her copyrighted works were shown and attached to the e-mail pictures of her copyrighted

23  works.  Images she reported as being accessible on the "alicdn.com" domain remained active over

24  a month after submission of the August 28 takedown request.

25          263.    On September 5, 2017, Keck submitted a takedown request to ipr@alibaba-inc.com

26  that provided approximately 20 URLs directing Alibaba to pages on Taobao and Tmall where

27  unauthorized copies of her Artwork were being displayed and offered for sale.  In this notice,

28  Keck stated that she had a good faith belief that use of the material in the manner she was

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

61
COMPLAINT

complaining about was not authorized by her as the copyright holder, her agent, or the law; stated that she did not believe the activities she was complaining about constituted fair use of any of her copyrighted works; and certified under penalty of perjury that the information in the notice was true and accurate, and that she was the owner of the copyrights being infringed.  She affixed her signature to the notice, provided her mailing address, e-mail address, and telephone number, and provided images of her copyrighted works.  She provided in the e-mail a link to her own website where her copyrighted works were shown and attached to the e-mail pictures of her copyrighted works.

264.    On September 14, 2017, Keck submitted a takedown notice to registeredagent@alibaba-inc.com that provided URLs directing Alibaba to hundreds of unauthorized copies of her Artwork that were displayed on Alibaba.com and AliExpress storefronts or were available online at an "alicdn" domain name.  Keck stated in the takedown notice that she had already provided all of those URLs to Alibaba in previous takedown notices. In this notice, Keck stated that she had a good faith belief that use of the material in the manner she was complaining about was not authorized by her as the copyright holder, her agent, or the law; stated that she did not believe the activities she was complaining about constituted fair use of any of her copyrighted works; and certified under penalty of perjury that the information in the notice was true and accurate, and that she was the owner of the copyrights being infringed.  She provided her name, mailing address, e-mail address, and telephone number, and provided images of her copyrighted works.  She provided in the e-mail a link to her own website where her copyrighted works were shown and attached to the e-mail pictures of her copyrighted works.

265.    Keck in several of her takedown requests notified the Alibaba Defendants that she owned the MICHEL KECK trademark and that many of the images that infringed her copyrights also infringed her trademark rights by displaying KECK on the unauthorized images.

266.    A number of the URLs that Keck provided in takedown notices also included Keck's name.  For example, several dozen URLs that Keck provided in her November 26, 2016 notice that directed Alibaba to pages on the YW-meixiang Store, Tan Art, yw-Art, and chenfart storefronts contained Keck's name, *e.g.*, https://www.aliexpress.com/store/product/Hot-Sale-

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

1   Michael-Keck-Day-Of-Reckoning-Painted-Oil-Painting-Parrot-Art-On-Canvas-Modern-

2   Abstract/1981305_32630764607.html; https://www.aliexpress.com/store/product/single-panel-

3   michel-keck-art-Never-Stop-wall-pictures-wall-art-home-decoration-No-Frame-

4   printed/1752010_32551728985.html; https://www.aliexpress.com/store/product/Michel-Keck-

5   Gave-You-My-Word-Painting-Still-life-Abstract-oil-Painting-Drawing-art-Spray-

6   Unframed/2064035_32646843627.html.  Some storefront pages accessible from URLs that Keck

7   provided also described the displayed unauthorized copies of Artwork as "Michel Keck"

8   paintings.  For example, a link in the November 26 takedown notice directed Alibaba to a page on

9   Tan Art's AliExpress storefront where an unauthorized copy of Keck's painting *2 Samuel Chapter*

10  *22:17-20* was displayed, offered for sale, and described as "Michel Keck Samuel Painting Still life

11  Abstract oil Painting Drawing art Spray."

12      267.    Keck's repeated complaints of copyright infringement made Alibaba actually aware

13  of infringing activity.  Alibaba furthermore exhibited reckless disregard and willful blindness to

14  Keck's rights by failing to act on a number of Keck's complaints and by allowing known, repeat

15  infringers to continue to do business on Alibaba' platforms.

16  ***Alibaba Has Failed to Reasonably Implement a Policy that Provides for Termination of Repeat***

17  ***Infringers.***

18      268.    Alibaba has failed to reasonably implement a policy for terminating the

19  membership of repeat infringers on AliExpress, Alibaba.com, or Taobao.

20      269.    Alibaba's purported guidelines governing Enforcement Actions for Intellectual

21  Property Right Infringement Claims on Alibaba.com and AliExpress, effective April 8, 2015,

22  describe "serious infringements" of intellectual property rights as including the "offer or sale of

23  printed matters, audio and visual recordings or software without permission of the copyright

24  owner" or "offer or sale of products not authorized by the trademark owner or the licensee."  The

25  guidelines also indicate that the "[f]ourth infringement complained by an identical rights holder

26  based on an identical intellectual property" results in "Account termination."

27      270.    The AliExpress Intellectual Property Rights Protection Policy, as updated on

28  January 21, 2015, classified as "serious infringements" the "[o]ffer or sale of printed matters,

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

63
COMPLAINT

1    audio and visual recordings or software without permission of the copyright owner" or the "[o]ffer

2    or sale of products not authorized by the trademark owner or the licensee."

3        271.    Under the AliExpress Intellectual Property Rights Protection Policy (as updated

4    January 21, 2015), merchants may receive "penalty points" for intellectual property complaints.

5    The number of serious infringements is purportedly recorded on a rolling basis for a 365-day

6    period.  For serious infringements that were the subject of complaints submitted by a rights holder,

7    the merchant purportedly receives 0 penalty points for the first complaint, 12 points for the second

8    complaint, 12 or 36 points for the third complaint, and 24 points for the fourth complaint.  Under

9    this purported policy merchants who receive 48 penalty points are supposed to have their

10   AliExpress membership terminated.

11       272.    Nonetheless, multiple vendors who continue to sell merchandise over AliExpress or

12   Alibaba.com have been identified as infringers by Keck in four or more of her takedown requests.

13   For example, Keck identified FineArt Store as infringing her copyrights in complaints that she

14   submitted on November 10, 2016; December 8, 2016; January 12, 2017; January 15, 2017;

15   January 20, 2017; and February 12, 2017.  Keck reported Shenzhen Xinsichuang Arts & Crafts

16   Co., Ltd. as infringing her copyrights in complaints she submitted on December 30, 2016; January

17   15, 2017; January 20, 2017; and January 27, 2017.  Keck reported handpainted oil painting as

18   infringing her copyrights in complaints she submitted on January 2, 2017; January 20, 2017;

19   February 20, 2017; and March 11, 2017.  Keck reported Tonny's Store Store as infringing her

20   copyrights in complaints submitted on January 27, 2017; February 6, 2017; February 13, 2017;

21   and February 20, 2017.  Keck reported wenddy's Store as infringing her copyrights in complaints

22   submitted on January 27, 2017; February 6, 2017; February 13, 2017; and February 20, 2017.

23   Keck reported HomeLivingWallArt Store as infringing her copyrights in complaints submitted on

24   January 12, 2017, January 20, 2017, February 20, 2017, March 11, 2017; and April 3, 2017.  Keck

25   reported Mai painting flagship store as infringing her copyrights in complaints submitted

26   December 30, 2016; January 12, 2017; January 20, 2017; and February 13, 2017.

27       273.    Similarly, several Taobao merchants were listed in multiple takedown notices that

28   Keck submitted.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

64
COMPLAINT

274.   Alibaba has allowed stores that Keck has reported for dozens of infringements to continue to do business on the AliExpress platform.  For example, Keck in her November 26, 2016 takedown notice provided hyperlinks to nearly 150 pages on Tan Art's store where unauthorized copies of over 100 different pieces of Artwork were being displayed and listed for sale.  Keck reported additional infringements by Tan Art in her March 11, 2017 notice.  Yet Tan Art continued to operate its virtual store on AliExpress for several more months.

275.   As another example, Keck in her November 26, 2016 takedown notice provided hyperlinks to nearly 80 pages on Shenzen Shangmei Painting Craft Co. Ltd.'s store where unauthorized copies of her works were being displayed and listed for sale.

276.   Keck has expressly notified Alibaba on multiple occasions that certain merchants are repeat infringers.

277.   Also, Alibaba fails to even maintain adequate records of infringing activity.  An Alibaba employee admitted to Keck in a phone conversation that Alibaba does not impose penalty points against infringers whose infringing activity is reported through takedown notices that are submitted by e-mail.  On information and belief, Alibaba similarly fails to impose penalty points against infringers whose infringing activity is reported by mail.

278.   Also, Alibaba often ignores takedown notices that are e-mailed to registeredagent@alibaba-inc.com.  On information and belief, Alibaba does not impose penalty points against infringers who are reported in takedown notices submitted to that address.

279.   Alibaba fails to impose penalty points for infringing activity reported in takedown notices that the AliProtect system rejects but which are nonetheless valid notices under the Digital Millennium Copyright Act.  As previously noted, Alibaba refused to process some of Keck's requests submitted through AliProtect for reasons unrelated to compliance with the Digital Millennium Copyright Act.  For example, Alibaba acknowledged that "Aliprotect is not yet ready to support product listings from any non-English Alibaba/AliExpress sites." Alibaba also refused in November 2016 to process Keck's takedown requests submitted through AliProtect because it had not received an unredacted copy of her drivers' license.  Alibaba also refused to process

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

65
COMPLAINT

1  requests submitted through the AliProtect system when Keck did not provide a copyright

2  registration number for the relevant works.

3      280.    Alibaba does not have a sufficiently working system for rights holders to notify

4  Alibaba of copyright infringements on Alibaba.com, Taobao, and AliExpress.  The numerous

5  technical problems that users of the AliProtect system have experienced also prevent AliProtect

6  from being an effective and reliable method for reporting copyright infringements, thereby

7  preventing it from being an effective tool for tracking repeat infringers.  Alibaba furthermore

8  ignores takedown notices submitted to registeredagent@alibaba-inc.com.

9  ***Alibaba Has the Right and Ability to Control Infringing Activity and Receives a Direct***

10 ***Financial Benefit from the Infringing Activity.***

11     281.    As noted above, Alibaba provides marketing services to merchants who operate on

12 Taobao, Alibaba.com and AliExpress, provides guidance for the layout of the merchants' virtual

13 stores, and facilitates transactions between merchants and buyers.  Alibaba has also made efforts

14 to make the delivery of goods from merchants to buyers run more smoothly by negotiating

15 arrangements with the U.S. Postal Service.

16     282.    As further alleged in more detail above, Alibaba also has the right and ability to

17 monitor merchants' virtual storefronts and product listings, and Alibaba employees have the

18 authority to remove content that they conclude infringes intellectual property rights.

19     283.    Alibaba further monitors product listings on Alibaba.com and AliExpress, as

20 demonstrated by its right to withhold approval of certain listings.  Alibaba represents that

21 "Alibaba.com has a rechecking process for displayed products.  Displayed products that don't

22 follow our Product Listing Policy or this Product Editing Guidelines will be moved under Editing

23 Required in My Alibaba."[16]  Also, "Alibaba.com reserves the right to reject or remove any product

24 pictures deemed inappropriate or irrelevant" and "reserves the right to correct any spelling

25 mistakes and grammatical errors," "reserves the right to transfer any product information

26

27 ─────────────────────

28 [16] *See* Alibaba.com Product Listing Information-Editing Guidelines,
   https://rule.alibaba.com/rule/detail/2048.htm?spm=a271m.8038972.1999288231.7.42d0da7a3OfX
   Wi

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

66
COMPLAINT

1   submitted in the wrong industry category to the appropriate industry category or reject any product

2   information submitted in the wrong industry category," and "reserves the right to transfer any

3   product information submitted with the wrong product attributes to the appropriate product

4   attributes or reject any product information submitted with the wrong product attributes."[17]

5   Alibaba also removes duplicate product listings.[18]

6      284.   Alibaba furthermore monitors product listings on Alibaba.com or AliExpress and

7   has, at times, removed other products listed in violation of Alibaba's product listing policies.  For

8   example, Alibaba in 2015 announced that it was removing from its platforms listings for

9   Confederate flags, and a search today for "confederate flag" on AliExpress or Alibaba.com will

10  not yield any results.[19]  Alibaba also prohibits the sale on Alibaba.com or AliExpress of certain

11  other items such as precious metals, alcohol, refurbished cell phones, and automotive airbags.[20]

12     285.   Alibaba, as noted above, earns revenue from the sale of counterfeit goods on

13  AliExpress.  The unauthorized reproduction and display of images on Taobao, Alibaba.com and

14  AliExpress also draws internet users to those websites.

15  ***Most of the Defendants Have Failed to Provide the Copyright Office the Name and Contact***

16  ***Information for an Agent Designated to Receive Notices of Infringements.***

17     286.   None of the Alibaba Defendants except for Alibaba.com Hong Kong Limited have

18  provided the U.S. Copyright Office the name and contact information for an agent designated to

19  receive notifications of claimed infringement under the Digital Millennium Copyright Act.  The e-

20  mail address that Alibaba.com Hong Kong Limited provided for its designated agent is

21  registeredagent@alibaba-inc.com.

22

23

24

25  [17] *Id.*

26  [18] *Id.*

27  [19] http://www.businessinsider.com/chinas-alibaba-will-remove-listings-with-confederate-flag-imagery-2015-6

28  [20] *See* Product Listing Policy,
    https://rule.alibaba.com/rule/detail/2047.htm?spm=a271m.8038972.0.0.42d0da7aKVSdzf.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

COMPLAINT

287.    The Amended Interim Designation of Agent to Receive Notification of Claimed Infringement form that Alibaba.com Hong Kong Limited filed with the Copyright Office did not indicate that it did business under the name AliExpress.

288.    Searches on the Copyright Office's DMCA designated agent directories do not show any agent named for AliExpress. No Alibaba Defendant in designating with the Copyright Office an agent for receiving notice of infringement has listed AliExpress as a name under which any Alibaba Defendant does business.

289.    Nor do searches on the Copyright Office's DMCA designated agent directories show any agent named for Taobao.  No Alibaba Defendant in designating with the Copyright Office an agent for receiving notice of infringement has listed Taobao as a name under which any Alibaba Defendant does business.

***Alibaba Fails to Act Expeditiously to Remove or Disable Access to Infringing Material.***

290.    Alibaba has failed to act expeditiously to remove or disable access to material that infringes copyrights.

291.    On numerous occasions Alibaba took weeks from the date it received a takedown notice from Keck to remove listings that infringed Keck's copyrights.  On other occasions Keck's takedown notices—including the July 31 notice sent to registeredagent@alibaba-inc.com--were ignored altogether.

292.    Images that included Keck's trademark were among those that remained visible in virtual storefronts for weeks after Keck submitted a takedown notice.  As just one example, Keck sent the Alibaba Defendants multiple notices over the course of several weeks in November 2016 that included hyperlinks to images on Ou Li Da Oil Painting Art's virtual store on AliExpress that displayed Keck's mark.

293.    Even after images that infringed Keck's copyrights were removed from virtual storefronts, Alibaba kept many of those images of Keck's Artwork available on the internet for months on a website that uses the "alicdn" domain for any internet user to access. And Alibaba communicated to Keck that it would only remove such images on a discretionary basis.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

68
COMPLAINT

294.    As alleged above, Alibaba on other occasions refused to process takedown requests that complied with 17 U.S.C. § 512(c)(3)(A).

## CLASS ACTION ALLEGATIONS

295.    Keck brings this action pursuant to Rules 23(a), 23(b)(1), 23(b)(2), and 23(b)(3) of the Federal Rules of Civil Procure on behalf of herself and

A class consisting of owners of U.S. copyrights to pictorial, graphic, or visual works who own the copyright to at least one such work that has been or is being reproduced or displayed on Alibaba.com, AliExpress, or Taobao and offered for sale without the permission of the owner.

She also brings this action on behalf of

A subclass of the members of the general class who own U.S. copyright registrations for pictorial, graphic or visual works for which the effective date of registrations are prior to the date they were reproduced or displayed and offered for sale on Alibaba.com, AliExpress, or Taobao or for which the effective date of registration was within three months after the first date of publication of the work, and who submitted to Alibaba written notice of the infringement of those works. ("Statutory Damages Subclass")

And

A subclass of the members of the general class who own U.S. copyright registrations for pictorial, graphic or visual works for which the effective date of registrations were not prior to the date they were reproduced or displayed and offered for sale on Alibaba.com, AliExpress, or Taobao or for which the effective date of registration was not within three months after the first date of publication of the copyrighted work, and who submitted to Alibaba written notice of the infringement of those works. ("Non-Statutory Damages Subclass")

296.    Excluded from the class are the Court and its officers, employees, and relatives; Defendants and their subsidiaries, officers, directors, employees, contractors, and agents; and governmental entities.

297.    The requirements of Rule 23(a) are satisfied because the members of the class and subclasses are so numerous and so geographically dispersed that joinder of all its members is impracticable.  Class and subclass members reside across the United States and in foreign

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

1   countries.  Numerous media accounts have related stories about copyright owners such as Keck,

2   whose works have been duplicated and sold on Alibaba.com, AliExpress, or Taobao.  And their

3   stories are not isolated occurrences, as Alibaba represents that it has preemptively detected

4   hundreds of millions of counterfeit products on its websites.

5        298.  The "commonality" requirement of Rule 23(a)(2) is satisfied because there are

6   questions of law and fact common to the claims of Keck and the class members and subclass

7   members that Keck seeks to represent.

8        299.  Questions of law and fact common to the claims of Keck and the class members

9   include:

10       a.  whether the Alibaba Defendants, for their Alibaba.com, AliExpress, and Taobao

11          platforms, have "adopted and reasonably implemented, and inform[ed] subscribers

12          and account holders of [the Alibaba.com, AliExpress, and Taobao platforms] of, a

13          policy that provides for the termination in appropriate circumstances of subscribers

14          and account holders of the service provider's system or network who are repeat

15          infringers," as it must to obtain the benefit of the "safe harbor" provision of the

16          Digital Millennium Copyright Act,  17 U.S.C. § 512(c)(3)(i)(1)(A);

17       b.  whether the Alibaba Defendants have properly designated an agent to receive

18          notifications of claimed infringements on Alibaba.com, AliExpress, and Taobao;

19       c.  whether class members are entitled to a declaration that the Alibaba Defendants are

20          not entitled to a defense under the Digital Millennium Copyright Act's "safe

21          harbor" provisions.

22       d.  whether class members, pursuant to 17 U.S.C. § 502, are entitled to injunctive

23          relief, on such terms as the Court deems reasonable, to prevent or restrain

24          infringement of class members' copyrights.

25        300.  Additional questions of law and fact common to the claims of Keck and the

26   members of the subclasses include:

27       a.  whether the Alibaba Defendants are liable for copyright infringement by failing to

28          take down images of copyrighted works from the internet, and leaving them

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

70
COMPLAINT

accessible to internet users, after taking down those images from virtual stores in response to notices provided by the subclass members, and whether members of the subclasses are entitled to damages;

    b.  whether the Alibaba Defendants are liable for vicarious copyright infringement for images posted on Alibaba.com, AliExpress, and Taobao that were the subject of notices provided by subclass members and whether members of the subclasses are entitled to damages;

    c.  whether the Alibaba Defendants are liable for contributory copyright infringement for images posted on Alibaba.com, AliExpress, and Taobao that were the subject of notices provided by subclass members and whether members of the subclasses are entitled to damages.

301.    For the claims that Keck seeks to pursue on behalf of both herself and the class or subclasses, Keck's claims are typical of the claims of all the members of the class and the subclasses.  As described above, Keck's claims arise from the same course of acts and omissions by the Alibaba Defendants and are based on the same legal theories as the claims of all other members of the class and subclasses.  Accordingly, Keck has satisfied the "typicality" requirements of Rule 23(a)(3) with respect to the class and the subclasses that she seeks to represent.

302.    Because her claims are typical of the class and subclasses that she seeks to represent, Keck has every incentive to pursue those claims vigorously.  Keck has no conflicts with, or interests antagonistic to, the members of the class and subclasses that she seeks to represent relating to the claims set forth herein.  Also, Keck's commitment to the vigorous prosecution of this action is reflected in her retention of competent counsel experienced in complex and class action litigation to represent her and the other members of the class and subclass.  Keck's counsel will fairly and adequately represent the interests of the proposed class and subclasses and (a) have identified and thoroughly investigated the claims set forth herein; (b) are highly experienced in the management and litigation of class actions and complex litigation; (c) have extensive knowledge of the applicable law; and (d) possess the resources to commit to the

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

71
COMPLAINT

1    vigorous prosecution of this action on behalf of the proposed class and subclasses.  Accordingly,

2    Keck satisfies the adequacy of representation requirements of Rule 23(a)(4) with respect to the

3    proposed class and subclasses.

4          303.    In addition, this action meets the requirements of Rule 23(b)(1).  The case further

5    raises questions about Alibaba's liability under theories of vicarious and contributory copyright

6    infringement.  This case raises questions about, *inter alia*, whether Alibaba reasonably

7    implemented a system for terminating repeat infringers from its Alibaba.com, AliExpress, and

8    Taobao platforms, as it must do to obtain the benefit of the Digital Millennium Copyright Act's

9    safe harbor defenses.  The case also raises questions over whether Alibaba infringed copyrights by

10   leaving on the internet images that infringed the rights of copyright owners after those images

11   were removed from merchants' virtual stores.  Adjudication of individual actions would risk

12   inconsistent or varying adjudications regarding such issues, which would establish incompatible

13   standards of conduct for the Alibaba Defendants.  Absent a representative class action, many

14   members of the proposed class and subclasses would also continue to suffer the harms described

15   herein, for which they would have no remedy.  Even if separate actions could be brought by

16   individual class and subclass members, the resulting multiplicity of lawsuits would cause undue

17   hardship and expense for both the Court and the litigants, as well as create a risk of inconsistent

18   rulings and adjudications that might be dispositive of the interests of similarly situated copyright

19   owners, substantially impeding their ability to protect their interests, while establishing

20   incompatible standards of conduct for the Alibaba Defendants.

21         304.    This action also meets the requirements of Rule 23(b)(2).  The Alibaba Defendants

22   have acted in a manner that applies generally to the class by, *inter alia*, failing to reasonably

23   implement a system for terminating repeat infringers from its Alibaba.com, AliExpress, and

24   Taobao platforms, thereby depriving it of the benefit of the safe harbor defense in response to a

25   copyright infringement claim asserted by any class member.  The Alibaba Defendants continue to

26   infringe copyrights owned by Keck and the members of the class.  Furthermore, their processes

27   and systems for responding to copyright infringement are also inadequate, and this inadequacy

28

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

72
COMPLAINT

1   harms the class generally.  Final injunctive relief or corresponding declaratory relief is thus

2   appropriate respecting the class as a whole.

3        305.    This action further satisfies the requirements of Rule 23(b)(3) as to the claims

4   asserted by the members of the subclasses.  Common questions of law and fact, including those

5   listed above, exist as to the claims of all members of the subclasses and predominate over

6   questions affecting only individual members of the subclasses, and a class action is the superior

7   method for fair and efficient adjudication of this controversy.  Class treatment will permit large

8   numbers of similarly-situated persons to prosecute their respective class claims in a single forum

9   simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, and

10  expense that numerous individual actions would produce.  Furthermore, while damages to

11  members of the subclass are substantial in the aggregate, the damages to any individual member of

12  the proposed subclasses may be insufficient to justify individually controlling the prosecution of

13  separate actions against the Alibaba Defendants.

14       306.    This case is manageable as a class action, and a class trial will be manageable.

15  Notice may be provided to members of the subclass by mail.  Alternative means of publication and

16  the internet may also be utilized to provide notice to members of the proposed class and

17  subclasses.  Moreover, the claims of the class and the subclasses will be decided only under

18  federal law so this Court will not have to grapple with the applicable of multiple jurisdictions' law

19  to the members of the class or subclass.

20       307.    To the extent not all issues or claims, including damages, can be resolved on a

21  class-wide basis, Keck invokes Rule 23(c)(4) and reserves the right to seek certification of a

22  narrower and/or re-defined class and/or to seek certification of a liability class or certification of

23  certain issues common to the class.  To the extent necessary for Rule 23(c)(4) certification, Rules

24  23(a) and 23(b) are satisfied.  And resolution of particular common issues would materially

25  advance the disposition of the litigation as a whole.

26  / / / /

27  / / / /

28  / / / /

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

73
COMPLAINT

**CLAIMS FOR RELIEF**

**Count I – Direct Copyright Infringement**

**(Keck, individually, against Defendant Stores)**

308.    Keck re-alleges all previous paragraphs of this Complaint as if fully set forth herein.

309.    The Defendant Stores, without authority, have reproduced and publicly displayed Keck's Artwork and have produced and publicly displayed artwork and products bearing pictures that are substantially similar to Keck's Artwork, as set forth in Exhibit 3.  The Defendant Stores' conduct constitutes direct infringement of Keck's exclusive rights under the Copyright Act to reproduce and publicly display her copyrighted works.

310.    Certain of the Defendant Stores, without authority, have distributed copies of Keck's Artwork and artwork that is substantially similar to Keck's Artwork.  Their conduct constitutes direct infringement of Keck's exclusive right under the Copyright Act to distribute her copyrighted works.

311.    The foregoing acts of infringement have been willful, intentional and purposeful, in disregard of and with indifference to Keck's rights.

312.    Keck has been harmed as a result.

**Count II – Contributory Copyright Infringement**

**(Keck, individually and on behalf of the class and subclasses, against the**

**Alibaba Defendants)**

313.    Keck re-alleges all previous paragraphs of this Complaint as if fully set forth herein.

314.    Alibaba actually knew or had reason to know, or was willfully blind to the fact, or recklessly disregarded, that material infringing copyrights owned by Keck and members of the subclasses was and are being displayed and reproduced on Alibaba.com, AliExpress, and Taobao by the Defendant Stores and other merchants and that the Defendant Stores and other merchants were distributing infringing material through sales via Alibaba.com, AliExpress, and Taobao.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

315.   Alibaba induced, caused, substantially assisted, or materially contributed to such infringing conduct.

316.   Alibaba's acts of infringement have been willful, intentional, and purposeful, in disregard of and with indifference to the rights of Keck and the members of the subclasses.

317.   Keck and the members of the class and subclasses have been and continue to be harmed as a result.

## Count III – Vicarious Copyright Infringement

### (Keck, individually and on behalf of the class and subclasses, against the Alibaba Defendants)

318.   Keck re-alleges all previous paragraphs of this Complaint as if fully set forth herein.

319.   Alibaba enjoyed a direct financial benefit from the direct infringing activity by Defendant Stores and other merchants on Alibaba.com, AliExpress, and Taobao.

320.   Alibaba had the right and ability to supervise the infringing activity but failed (and continues to fail) to exercise that right and ability to stop the infringement of copyrights owned by members of the class and subclasses.

321.   Alibaba's acts of infringement have been willful, intentional, and purposeful, in disregard of and with indifference to the rights of Keck and the members of the subclasses.

322.   Keck and the members of the subclasses have been harmed as a result.

## Count IV – Declaratory Judgment

### (Keck, individually and on behalf of the class, against the Alibaba Defendants)

323.   Keck re-alleges all previous paragraphs of this Complaint as if fully set forth herein.

324.   Keck and the class members have been harmed as a result of the Alibaba Defendants' infringement of their copyrights.

325.   Alibaba has failed, *inter alia*, to reasonably implement a policy for terminating repeat infringers, fails to remove infringing images from its servers, leaving them accessible to internet users even after taking down those images from storefronts in response to takedown

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

75
COMPLAINT

requests, and has failed to either designate an agent for receiving takedown notices or to process takedown notices submitted to the agent designated by Alibaba.com Hong Kong Ltd.

326.     Keck seeks a declaration, on behalf of herself and the class, that Alibaba is not entitled to a safe harbor defense provided by the Digital Millennium Copyright Act.

## Count V – Injunctive Relief

### (Keck, individually and on behalf of the class, against the Alibaba Defendants)

327.     Keck re-alleges all previous paragraphs of this Complaint as if fully set forth herein.

328.     The Alibaba Defendants have been contributorily or vicariously infringing copyrights owned by Keck and the class members.  This infringement is widespread and is continuing.

329.     The Alibaba Defendants' conduct is causing and, unless enjoined by this Court, will continue to cause Keck and the class great and irreparable injury that cannot fully be compensated or measured in money.  Keck and the class have no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Keck and the members of the class are entitled to injunctive relief, on such terms as the Court deems reasonable, to prevent or restrain infringement of class members' copyrights.

## Count VI – Injunctive Relief

### (Keck, individually, against the Defendant Stores)

330.     Keck re-alleges all previous paragraphs of this Complaint as if fully set forth herein.

331.     The Defendant Stores' conduct is causing and, unless enjoined by this Court, will continue to cause Keck great and irreparable injury that cannot fully be compensated or measured in money.  Keck has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Keck is entitled to injunctive relief, on such terms as the Court deems reasonable, to prevent or restrain infringement of her copyrights.

/ / / /

/ / / /

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

76
COMPLAINT

## Count VII – Contributory Trademark Infringement

### (Keck, individually, against the Alibaba Defendants)

332.    Keck re-alleges all previous paragraphs of this Complaint as if fully set forth herein.

333.    Pursuant to 15 U.S.C. §§ 1114(1), and 1117, Keck is entitled to and seeks all remedies available for infringement of her MICHEL KECK registered mark.

334.    The MICHEL KECK mark is a valid, federally registered trademark entitled to protection under the Lanham Act.

335.    The Alibaba Defendants have provided virtual storefront space and marketing services to merchants who infringed Keck's mark by using her trademark on their websites and on goods without her authority.  Goods sold bearing Keck's trademark are of lower quality than similar goods that Keck sells and which bear her trademark.

336.    The Alibaba Defendants had actual or constructive knowledge that merchants operating on the Alibaba.com, Taobao, and AliExpress platform were engaging in trademark infringement.  The Alibaba Defendants represent that they preemptively identify millions of counterfeit items on their platforms.  The Alibaba Defendants also had knowledge of the infringement of Keck's trademark.  Keck submitted numerous takedown request to the Alibaba Defendants where she provided hyperlinks to images of her Artwork on the Alibaba.com, AliExpress, and Taobao platforms that featured her mark.  Keck notified the Alibaba Defendants that she owns the MICHEL KECK trademark and that merchants operating on the Alibaba Defendants' platforms were infringing her mark.

337.    The Alibaba Defendants nonetheless continued to facilitate the infringement of Keck's trademark.

338.    The Alibaba Defendants had direct control and monitoring of the Alibaba.com and AliExpress platforms, which Defendant Stores utilized in infringing Keck's trademark.

339.    The Alibaba Defendants' actions have been willful and have caused and are likely to cause confusion and mistake and to deceive potential customers and the general purchasing

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

77
COMPLAINT

1  public as to the source, origin, or sponsorship of the counterfeit goods offered for sale by the

2  unauthorized use of Keck's trademark and for bearing her trademark.

3      340.    Keck has been damaged by the Alibaba Defendants' contributory infringement in

4  an amount to be determined at trial.

5  **Count VIII – Contributory Trademark Infringement and False Designation of Origin Under**

6  **15 U.S.C. § 1125(a)**

7  **(Keck, individually, against the Alibaba Defendants)**

8      341.    Keck re-alleges all previous paragraphs of this Complaint as if fully set forth

9  herein.

10     342.    Pursuant to 15 U.S.C. § 1125(a), Keck is entitled to and seeks all remedies

11  available under 15 U.S.C. § 1117 for the Alibaba Defendants' contributory infringement of her

12  KECK and MICHEL KECK marks and other conduct set forth herein.

13     343.    Merchants used Keck's name on non-genuine prints shipped to the United States

14  and offered artwork for sale on their virtual storefronts that showed the Keck mark and name on

15  images of Artwork, conduct that is likely to cause confusion or mistake or to deceive consumers as

16  to the origin of those items.  Those storefronts' use of KECK on the Alibaba website also

17  constitutes commercial advertising or promotions that misrepresent the nature, characteristics,

18  qualities, and/or geographic origin of the art being offered for sale.

19     344.    The Alibaba Defendants knowingly facilitated, induced and contributed to the

20  conduct of the merchants operating on the AliExpress, Alibaba.com, and Taobao platforms

21  described in the paragraph above.

22     345.    Keck has been damaged by the Alibaba Defendants' contributory infringement in

23  an amount to be determined at trial.

24                      **PRAYER FOR RELIEF**

25  WHEREFORE, Keck prays for judgement as follows:

26      a.     For a declaration that the Alibaba Defendants and Defendant Stores are liable for

27  willful infringement of Keck's copyrights.

28

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

78
COMPLAINT

b.      For a declaration that the Alibaba Defendants are liable for willful or contributory infringement of Keck's trademarks and other willful conduct in violation of 15 U.S.C. § 1114 and § 1125(a).

c.      For statutory damages, for Keck and the Statutory Damages Subclass, pursuant to 17 U.S.C. § 504(c).  Alternatively, pursuant to election made under 17 U.S.C. § 504(b), Keck and the Statutory Damages Subclass shall be entitled to actual damages plus the profits, at the election of Keck and each member of the subclass.

d.      For actual damages plus the profits, pursuant to 17 U.S.C. § 504(b), for Keck and the Non-Statutory Damages Subclass.

e.      For actual damages, defendants' profits and treble damages, or statutory damages, for Keck, and Keck's attorneys fees, pursuant to 15 U.S.C. § 1117.

f.      For a declaration, in favor of Keck and the class, that the Alibaba Defendants are not entitled to the Digital Millennium Copyright Act safe harbor defense in any copyright infringement claim asserted against them by members of the class for infringements.

g.      For a permanent injunction, in favor of Keck and the class and on such terms as the Court may deem reasonable, requiring the Alibaba Defendants and their agents, servants, employees, officers, attorneys, successors, licensees, partners, and assigns, and all persons acting in concert or participation with each or any of them, to cease directly or indirectly infringing, or causing, enabling, facilitating, encouraging, promoting and inducing or participating in the infringement of U.S. copyrights owned by Keck or a class member.

h.      For a permanent injunction, in favor of Keck and the class and on such terms as the Court may deem reasonable, requiring the Alibaba Defendants and their agents, servants, employees, officers, attorneys, successors, licensees, partners, and assigns, and all persons acting in concert or participation with each or any of them to implement a takedown process that is reliable and may be utilized by holders of registered or unregistered United States copyrights, records reports of infringements of U.S. copyrights occurring within the United States so as to facilitate identification of repeat infringers, allows for the removal of infringing material from Alibaba.com, AliExpress, and Taobao within seven days of the reporting of an infringement in the

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

79
COMPLAINT

United States of a U.S. copyright, provides for the removal of infringing images from Alibaba's servers as well as from Alibaba.com, AliExpress, and Taobao storefronts, and is responsive to takedown notices that owners of U.S. copyrights submit by mail or e-mail to an agent listed with the United States Copyright Office as a designated agent for receiving notice of the posting of infringing material on Alibaba.com, AliExpress, and Taobao.

i.       For a permanent injunction, in favor of Keck on such terms as the Court may deem reasonable, requiring the Alibaba Defendants and the Defendant Stores and their agents, servants, employees, officers, attorneys, successors, licensees, partners, and assigns, and all persons acting in concert or participation with each or any of them, to cease directly or indirectly infringing, or causing, enabling, facilitating, encouraging, promoting and inducing or participating in the infringement of Keck's U.S. copyrights and her MICHEL KECK trademark and the use of KECK or MICHEL KECK in advertising goods or otherwise on or in connection with their goods.

j.       For a permanent injunction, in favor of Keck on such terms as the Court may deem reasonable, requiring the Alibaba Defendants to actively monitor use of KECK (alone or as part of MICHEL KECK) by merchants operating on the Alibaba.com, AliExpress, and Taobao platforms, promptly response to any complaints that Keck may submit as to any unauthorized use of those marks, cease furnishing services to any merchants who uses KECK on or in connection with artwork displayed or referenced on the Alibaba.com, AliExpress, and Taobao platforms and cancel the Alibaba.com, AliExpress and/or Taobao membership of such merchants, notify Keck in writing upon discovery of any infringement of her marks on Alibaba.com, AliExpress, or Taobao, and report to Keck within 10 days of discovery of such infringement any actions taken by the Alibaba Defendants in response to such infringement.

k.       For the impoundment and destruction of all infringing materials.

l.       For costs and reasonable attorneys' fees, for Keck, the class, and the subclasses, pursuant to 17 U.S.C. § 505.

m.       For pre- and post-judgment interest according to law.

/ / / /

/ / / /

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

80
COMPLAINT

1      n.      For such other and further relief as the Court may deem just and proper.

2   Dated:  October 2, 2017                    WALKUP, MELODIA, KELLY & SCHOENBERGER

3

4

5                                             By:      /s/ Doris Cheng
                                                   MICHAEL A. KELLY
6                                                  DORIS CHENG
                                                   Attorneys for Plaintiff
7                                                  MICHEL KECK

8

9                               **DEMAND FOR JURY TRIAL**

10          Keck, individually and behalf of the class and subclasses, demands a jury trial on all issues

11   so triable.

12   Dated:  October 2, 2017                    WALKUP, MELODIA, KELLY & SCHOENBERGER

13

14

15                                            By:      /s/ Doris Cheng
                                                   MICHAEL A. KELLY
16                                                 DORIS CHENG
                                                   Attorneys for Plaintiff
17                                                 MICHEL KECK

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

81
COMPLAINT