# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| MICHEL KECK,<br>　　　　Plaintiff,<br>　　v.<br>ALIBABA.COM, INC., et al.,<br>　　　　Defendants. | Case No. 17-cv-05672-BLF<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND CASE MANAGEMENT ORDER**<br><br>[Re: ECF 186] |

Before the Court is Plaintiff's Motion to Amend the Case Management Order (ECF 180). Mot., ECF 186. Specifically, Plaintiff requests that the Court extend the deadline for adding parties and amending the pleadings to be 60 days after the Court rules on Defendants' motion to dismiss instead of the current May 14, 2018 deadline (the sixtieth day from the issuance of the Case Management Order). *Id.* at 1. Defendants oppose the motion. Opp'n, ECF 187. Pursuant to Civil Local Rule 7-1(b), the Court takes this matter under submission without oral argument. For the reasons set forth below, Plaintiff's motion is GRANTED.

A party seeking to amend a scheduling order must show "good cause" for such relief. Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). A "good cause determination focuses primarily on the diligence of the moving party." *Yeager v. Yeager*, No. 2:06-CV-001196, 2009 WL 1159175, at *2 (E.D. Cal. Apr. 29, 2009) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). Courts may take into account any resulting prejudice to the opposing party, but "the focus of the [Rule 16(b)] inquiry is upon the moving party's reasons for seeking modification ... [i]f that party was not diligent, the inquiry should end." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 135 S. Ct. 1591 (2015)

1 (quoting *Johnson,* 975 F.2d at 609).

2  Plaintiff argues that there is good cause to extend the deadline for amending the pleadings or adding parties due to the circumstances of this case. Mot. ¶ 10. Specifically, Plaintiff asserts that this case raises special issues regarding "cross-border discovery" and "foreign language documents." *Id.* ¶ 13. Indeed, Defendants have identified that those potential challenges could impact the schedule in the parties' Case Management Statement. Case Management Statement, ECF 173 at 19. Plaintiff further argues that two Defendants Alibaba Group Holding, Ltd. ("AGHL") and Taobao China Holding, Ltd. ("Taobao") are refusing to engage with merits discovery but that Plaintiff will not dispute merits discovery at this time to avoid interference with the parties' efforts on jurisdictional discovery. Mot. ¶¶ 6–9.

The Court finds that Plaintiff has acted diligently in seeking to modify the scheduling order. Plaintiff has diligently sought discovery by promptly sending requests for production on February 2, 2018 when the parties conducted the Rule 26(f) conference. Mot. 3; Case Management Statement 9. Plaintiff also filed the instant motion without undue delay—about ten days after AGHL and Taobao formally objected to all non-jurisdictional discovery. Mot. 14. In fact, Defendants do not argue that Plaintiff lacks diligence. Rather, Defendants essentially respond that Plaintiff's request is premature and that the Court should wait to determine whether good cause exists when Plaintiff actually seeks to amend the complaint. However, Defendants' argument is unpersuasive because Plaintiff is seeking *only to amend the scheduling order* not the complaint at this time. The above factors showing diligence supports a finding of "good cause." Yeager, 2009 WL 1159175, at *2 ("[G]ood cause determination focuses primarily on the diligence of the moving party.").

Although Rule 16(b)'s "good cause" standard primarily considers diligence of the party seeking the amendment, the Court may take into account any resulting prejudice to the opposing party. *See W. States Wholesale Nat. Gas Antitrust Litig.,* 715 F.3d at 737 (quoting Johnson, 975 F.2d at 609). Here, the consideration of prejudice does not undercut Plaintiff's request. As Plaintiff argues, Defendants themselves had proposed that "[a]ny amendments to the Complaint should be made by no later than one (1) month after the pending Motion to Dismiss is decided."

2

Case Management Statement 9.  Hence, Defendants have contemplated amendments to the complaint after their motion to dismiss was ruled on.  Adding an additional 30 days to Defendants' proposed deadline will not prejudice Defendants as trial is schedule more than three years away (ECF 180).

In addition, the circumstances of this case warrant an extension of the deadline to amend the pleadings.  As Plaintiff argues, this case involves special cross-border discovery challenges.  Mot. ¶ 10; Case Management Statement 19.  Also, AGHL and Taobao's delay in merits discovery and the need to avoid interference on the parties' efforts on jurisdictional discovery support a showing that there are good reasons to extend the deadline.  Mot. ¶¶ 6–9.  The Court therefore finds that Plaintiff has shown sufficient reasons that support her request.

For the above reasons, the Court finds that Plaintiff has shown "good cause" under Rule 16(b) that warrants extending the deadline to amend the pleadings.  Therefore, Plaintiff's motion is GRANTED.  The last day to amend pleadings or add parties shall be 60 days after the Court rules on Defendants' motion to dismiss at ECF 152.

**IT IS SO ORDERED.**

Dated: May 4, 2018

BETH LABSON FREEMAN
United States District Judge