LAW OFFICES OF
**WALKUP, MELODIA, KELLY & SCHOENBERGER**
A PROFESSIONAL CORPORATION

650 CALIFORNIA STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94108-2615
T: (415) 981-7210 · F: (415) 391-6965

Michael A. Kelly (State Bar #71460)
Doris Cheng (State Bar #197731)

Scott A. Powell (*pro hac vice*)
Bruce J. McKee (*pro hac vice*)
Christopher S. Randolph, Jr. (*pro hac vice*)
Tempe D. Smith (*pro hac vice* )
HARE, WYNN, NEWELL & NEWTON, LLP
2025 Third Avenue North, 8th Floor
Birmingham, AL 35203

Jason Earley (*pro hac vice*)
HARE, WYNN, NEWELL & NEWTON, LLP
2226 Cottondale Lane, Suite 210
Little Rock, AR 72202

David G. Hymer (*pro hac vice*)
Linda A. Friedman (*pro hac vice*)
Michael R. Pennington (*pro hac vice*)
Ellen Pressley Proctor (*pro hac vice*)
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203

**ATTORNEYS FOR PLAINTIFF
MICHEL KECK**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHEL KECK, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALIBABA.COM, INC., et al.,<br><br>Defendants. | Case No. 5:17-cv-05672-BLF<br><br>**PLAINTIFF'S APPLICATION TO SERVE FOREIGN DEFENDANTS BY ELECTRONIC MEANS**<br><br>Judge:   Hon. Beth Labson Freeman<br>Trial date:   October 4, 2021 |

Plaintiff Michel Keck seeks leave to serve by electronic means numerous Chinese defendants who operate or formerly operated online storefronts on the AliExpress.com shopping platform ("Defendant Stores") (*See* Ex. 1 for a list of the Defendant Stores). Keck—through discovery from defendant Alibaba.com Hong Kong, Ltd. and through the efforts of an investigator—has been unable to locate the physical addresses of the Defendant Stores. But Keck's successful transmission of test messages to the Defendant Stores demonstrates that electronic communications are reasonably calculated to provide the Defendant Stores notice of this action. This Court has already held that Keck may serve by electronic means similarly situated Chinese defendants who do business on AliExpress.com and whose physical addresses could not be located. (*See* ECF 74). Just as with the defendants who were the subject of that previous order, the facts and circumstances presented here justify electronic service on the Defendant Stores under Rule 4(f)(3).

## BACKGROUND

Keck has asserted copyright infringement claims against Alibaba Group Holding, Ltd. and several of its subsidiaries (collectively, "Alibaba Defendants") as well as against various Chinese merchants who have operated virtual storefronts on the e-commerce platforms AliExpress.com and Alibaba.com. (*See* ECF 1 ¶¶ 22-96.) One of the Alibaba Defendants, Alibaba.com Hong Kong, Ltd., admits that it operates Alibaba.com and AliExpress.com. (*See* ECF 152-1 at ¶ 15.)

Keck has served all of the Alibaba Defendants with process (ECF 173 at 2, 3), and the Alibaba Defendants have all entered appearances in this action. As Keck has previously noted, Keck was able to obtain complete physical addresses for three Chinese merchant defendants who have operated virtual storefronts on Alibaba.com or AliExpress.com. (ECF 39-2 at ¶¶ 7-9.) Keck has initiated service on those three defendants through the Chinese Central Authority, consistent with the Hague Convention. (ECF 173 at 2) *See* Fed. R. Civ. P. 4(f)(1).

The Court granted Keck leave under Rule 4(f)(3) to serve an additional 17 Chinese merchant defendants by electronic means. Keck explained in seeking leave to serve those defendants by electronic means that an investigator searched various Chinese databases but was unable to confirm complete physical addresses for those 17 defendants. (*See* ECF 39, "First

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

2

PLAINTIFF'S APPLICATION TO SERVE FOREIGN DEFENDANTS BY ELECTRONIC MEANS
- CASE NO. 5:17-cv-05672-BLF

4(f)(3) Application")  Those defendants, however, maintained active Alibaba.com or AliExpress.com storefronts, and the investigator confirmed that those defendants could be contacted through the Alibaba.com and AliExpress.com electronic messaging systems.  (ECF 39-4.)  This Court therefore allowed Keck leave to serve those 17 defendants through the Alibaba.com and AliExpress.com messaging systems.  (ECF 74 at 7-8.)  None of those 17 defendants appeared in this Court following service (ECF 164-1), and the Clerk entered defaults against all of them. (ECF 168.)

Keck also sought this Court's permission to serve by electronic means additional Chinese defendants who operated storefronts on Alibaba.com or AliExpress.com.  (*See* ECF 148, "Second 4(f)(3) Application").  This Court in denying the Second 4(f)(3) Application without prejudice explained that Keck had not attempted to locate physical addresses for the defendants who were the subject of that application; by contrast, Keck for her First 4(f)(3) Application hired investigators who were unable to find physical addresses for the defendants. (*See* ECF 170 at 4.)

Two days after the Court denied without prejudice Keck's Second 4(f)(3) Application, Keck served a discovery request on the Alibaba Defendants that sought the physical addresses for all the Defendant Stores.  (ECF 173 at 2)  (Keck had previously requested those defendants' e-mail addresses.)  Keck explained in the Case Management Statement that for any additional Chinese merchants that would be served, Keck would "either initiate service under the Hague Convention or seek this Court's permission to serve them by alternate means within 21 days of receiving the Alibaba Defendants' responses to Ms. Keck's requests for those Merchant Defendants' addresses." (ECF 173 at 2.)

Alibaba.com Hong Kong, Ltd. on June 1, 2018, produced a document in response to Keck's discovery requests that provides the Chinese names and e-mail addresses for the Chinese merchant defendants and lists physical addresses for a few of those defendants.  (*See* Ex. 2-A)

Keck hired an investigator in Hong Kong to attempt to locate physical addresses for 32 Chinese merchant defendants for whom Alibaba.com Hong Kong, Ltd. was not able to provide complete physical addresses.  (Ex. 3 at ¶4.) That same investigator had previously attempted to locate the 17 merchants who were the subject of the First 4(f)(3) Application. (*See* ECF 39-4.)

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

3
PLAINTIFF'S APPLICATION TO SERVE FOREIGN DEFENDANTS BY ELECTRONIC MEANS
- CASE NO. 5:17-cv-05672-BLF

The investigator attempted to find addresses for the 32 additional defendant merchants, by searching both their English and Chinese names in the same six Chinese databases that he used when searching for the defendants who were the subject of the First 4(f)(3) Application. (*Compare* Ex. 3 at ¶ 5 *with* ECF 39-4 at ¶ 5.) The investigator was only able to find physical addresses for seven of those merchants (Ex. 3 para. 6.) (Those seven merchants are therefore not included among the Defendant Stores who are the subject of this application.)

The investigator sent test messages through the AliExpress.com messaging system to the 27 Defendant Stores who maintained active AliExpress.com storefronts. None of those test messages were returned as undeliverable, and a majority of the Defendant Stores responded to the test messages. (Ex. 3 at ¶¶ 7-11.)

Four of the Defendant Stores no longer maintain active Alibaba.com or AliExpress.com storefronts. (Ex. 3 at ¶ 12.) A paralegal sent test e-mails to the e-mail addresses that Alibaba.com Hong Kong, Ltd. provided for those four Defendant Stores. None of those e-mails were returned as undeliverable, and three of the Defendant Stores responded to the test e-mails. (Ex. 4 at ¶¶ 2-4.)

**ARGUMENT**

Keck has been unable to locate physical addresses for the 25 Defendant Stores, believed to be in China, despite seeking that information from the Alibaba Defendants in discovery and hiring an investigator in Hong Kong to search for those addresses. The Defendant Stores, however, have conducted business online—in fact, Keck's claims arise out of their online activity. And Keck has established that those Defendant Stores can be contacted through electronic means. Keck therefore requests leave under Rule 4(f)(3) to serve those Defendant Stores by electronic means.

This Court has previously explained that "Rule 4(f)(3) allows for an alternate means of service as long as it is directed by a court and not prohibited by international agreement." (ECF 74 at 3.) A method of service must satisfy due process, but "[s]ervice by email can satisfy due process when a foreign defendant structured its business on the internet using email as the preferred contact method and did not list an easily discoverable street address." ECF 74 at 3 (citing *Rio Props., Inc. v. Rio Int'l. Interlink*, 284 F.3d 1007, 1017-18 (9th Cir. 2002)). This Court has already held that Chinese merchants operating storefronts on Alibaba.com or AliExpress.com

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

4

PLAINTIFF'S APPLICATION TO SERVE FOREIGN DEFENDANTS BY ELECTRONIC MEANS
- CASE NO. 5:17-cv-05672-BLF

may be served through the Alibaba.com or AliExpress.com messaging system when those merchants' physical addresses could not be located. (ECF 74.) As Keck demonstrates below, that holding applies here.

### A. No international agreement prohibits service by electronic means.

The Court previously held in this case that no international agreement prohibits service on Chinese defendants by electronic means. *See* ECF 74 at 5 ("[T]he Court concludes that the Hague Convention, to the extent applicable under the circumstances, does not prohibit service through electronic means."). *See also Microsoft Corp. v. Goldah.com Network Tech. Co.*, No. 17-CV-02896, 2017 WL 4536417, at *4 (N.D. Cal. Oct. 11, 2017) ("China's objection to Article 10 [of the Hague Convention] does not prohibit the email service the Court ordered in the instant case.").

### B. The Defendant Stores' physical addresses could not be located despite Keck's efforts.

Keck has been unable to locate physical addresses for the Defendant Stores. This Court previously allowed Keck to serve AliExpress.com merchants by electronic means when an investigator was unable to locate physical addresses for those merchants. Keck hired the Hong Kong investigator who searched for physical addresses for the merchants who were the subject of Keck's First 4(f)(3) Application. That investigator searched the same databases that he used when searching for the merchants who were the subject of First 4(f)(3) Application, but, despite those efforts, he was unable to find physical addresses for the Defendant Stores. (*See* Ex. 3.) Keck filed her First 4(f)(3) Application before the Alibaba Defendants had appeared, so, unlike with her First 4(f)(3) Application, Keck was able to seek discovery of the physical addresses for the Defendant Stores who are the subject of the present application. But Alibaba.com Hong Kong, Ltd. was not able to provide complete physical addresses for the Defendant Stores.

### C. Service through the AliExpress.com messaging system or e-mail is reasonably calculated to provide notice to the Defendant Stores.

Service through the AliExpress.com messaging system is reasonably calculated to provide notice of this action to the 21 Defendant Stores who still maintain AliExpress.com storefronts, and

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

5
PLAINTIFF'S APPLICATION TO SERVE FOREIGN DEFENDANTS BY ELECTRONIC MEANS
- CASE NO. 5:17-cv-05672-BLF

1  service through e-mail is reasonably calculated to provide notice of this action to the 4 Defendant

2  Stores who no longer maintain AliExpress.com or Alibaba.com storefronts.

3        This Court previously explained that "service through the Alibaba.com and

4  AliExpress.com online messaging system is reasonably calculated to provide notice to Defendant

5  Stores who operate virtual storefronts regarding the pendency of this action.  In fact, service

6  through the messaging system is the method most likely to apprise Defendant Stores of the

7  action." ECF 74 at 5.  The Defendant Stores who are the subject of this application and who

8  continue to operate AliExpress.com storefronts are in the same situation as the defendants who

9  were subject to Keck's First 4(f)(3) Application:  the Defendant Stores operate storefronts on

10 AliExpress.com, their physical addresses could not be located after diligent investigation, and test

11 messages submitted through the AliExpress.com messaging system did not "bounce back" and, in

12 many instances, were answered.  *See* ECF 74 at 6 ("Because Defendant Stores have responded to

13 online messages, service through the online messaging system is reasonably calculated to give

14 notice to Defendant Stores and afford them an opportunity to present objections."); *see also Toyo*

15 *Tire & Rubber Co. v. CIA Wheel Grp.*, No. 15-0246, 2016 WL 1251008, at *3 (C.D. Cal. March

16 25, 2016) ("Many cases have found service of process by email to be reasonably calculated to

17 provide actual notice when the test email is not returned as undeliverable or bounced back.") (cited

18 at ECF 74 at 6).

19       Similarly, e-mail is the most effective method of providing notice of this action to the

20 Defendant Stores who no longer operate AliExpress.com storefronts.  As noted above, test e-mails

21 were recently sent to all four of those Defendant Stores who no longer operate AliExpress.com

22 storefronts.  None of those messages "bounced back" and three of those messages were answered.

23 (*See* Ex. 4.)  Service by e-mail is particularly appropriate here because the Defendant Stores

24 structured and operated online businesses and would therefore be accustomed to communicating

25 by electronic means.  And the evidence indeed shows for these Defendant Stores that e-mail is the

26 preferred means of communication—Alibaba.com Hong Kong, Ltd. had e-mail addresses but not

27 complete physical addresses for those Defendant Stores, and those Defendant Stores do not list

28 their physical addresses listed in the Chinese databases that Keck's investigator searched.  *See Rio*

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

6
PLAINTIFF'S APPLICATION TO SERVE FOREIGN DEFENDANTS BY ELECTRONIC MEANS
- CASE NO. 5:17-cv-05672-BLF

*Props., Inc.*, 284 F.3d at 1018 (allowing e-mail service when the defendant "structured its business such that it could be contacted *only* via its email address. [The defendant] listed no easily discoverable street address in the United States or Costa Rica. Rather, on its website and print media, [the defendant] designated its email address as its preferred contact information."); *see also* ECF 74 at 5 ("Since *Rio Properties*, district courts have repeatedly recognized that electronic mail service can be the most effective way to provide notice where defendants conduct commercial internet activities and their physical addresses are unidentifiable.") (collecting cases).

Keck has been diligent in seeking the physical addresses of the Defendant Stores. Two days after this Court denied without prejudice her Second 4(f)(3) Application, Keck served discovery on the Alibaba Defendants that sought physical addresses for the Defendant Stores. Alibaba.com Hong Kong, Ltd. responded to Keck's discovery request on June 1, 2018. *See* ECF 173 at 2 (stating that Keck would file any additional application under Rule 4(f)(3) within 21 days of the Alibaba Defendants responding to Keck's requests for merchant defendants' physical addresses.) Since the Defendant Stores are in China, Rule 4(m)'s time limit for service is inapplicable. *See* Fed. R. Civ. P. 4(m) ("subdivision (m) does not apply to service in a foreign country . . .").

### D. Subsequent pleadings may be served by electronic means.

Keck further requests that she be permitted to serve subsequent motions and pleadings on the Defendant Stores by electronic means. Specifically, for pleadings that Keck may be required to serve on the Defendant Stores, Keck seeks permission to send the Defendant Stores a link through e-mail or the AliExpress.com messaging system to a secure website where the motions and pleadings may be accessed, unless counsel for the Defendant Stores enter an appearance. This Court previously allowed Keck to serve subsequent motions and pleadings on other Chinese merchant defendants through electronic means. (*See* ECF 74 at 6-7.)

### E. Note regarding service of this Application

A copy of this Application will be automatically served through CM/ECF on the defendants who have appeared in this action. None of the Defendant Stores who are subject to this application have appeared in this action, but Keck has transmitted a copy of this Application, with

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

7
PLAINTIFF'S APPLICATION TO SERVE FOREIGN DEFENDANTS BY ELECTRONIC MEANS
- CASE NO. 5:17-cv-05672-BLF

1  all supporting exhibits, to the Defendant Stores through the AliExpress.com messaging system or
2  through e-mail.  Motions to serve defendants under Rule 4(f)(3) must often be filed ex parte.  *See,*
3  *e.g.*, ECF 74 at 1-2 (noting that Keck's First 4(f)(3) Application was filed ex parte); *Tecnologias*
4  *Avanzadas RD, SRL v. Riegler*, 2017 WL 2772301, at *1 (N.D. Cal. June 1, 2017).  Civil Local
5  Rule 7-10 permits an ex parte application as long as the application is permitted by another statute
6  or rule. California Rule of Court Rule 3.1204(b) permits an application for an ex parte order to
7  proceed without notice upon a showing that the applicant in good faith attempted to inform the
8  opposing party but has been unable to do so.

## CONCLUSION

Keck, through discovery and the efforts of an investigator, has been unable to locate physical addresses for the Defendant Stores listed in Exhibit 1, but those Defendant Stores can be contacted by e-mail or through the AliExpress.com messaging system.  The facts and circumstances of this case thus justify service by electronic means.  Therefore, Keck respectfully requests leave to serve the Complaint, summonses, and the documents required under the local rules to be served with the Complaint on the Defendant Stores listed in Exhibit 1 through the AliExpress.com messaging system or through e-mail.  Keck further requests leave to serve through the AliExpress.com messaging system or through e-mail any other papers she is required under the Federal Rules of Civil Procedure to serve on them.

Dated:  June 22, 2018              By:  */s/ Jason Earley*
                                        Jason Earley
                                        HARE, WYNN, NEWELL & NEWTON, LLP
                                        *One of the attorneys for Plaintiff Michel Keck*

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

8
PLAINTIFF'S APPLICATION TO SERVE FOREIGN DEFENDANTS BY ELECTRONIC MEANS
- CASE NO. 5:17-cv-05672-BLF