**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MICHEL KECK,<br><br>    Plaintiff,<br><br>v.<br><br>ALIBABA.COM, INC., et al.,<br><br>    Defendants. | Case No. 17-cv-05672-BLF<br><br>**ORDER GRANTING PLAINTIFF'S APPLICATION TO SERVE FOREIGN DEFENDANTS BY ELECTRONIC MEANS**<br><br>[Re: ECF 211] |

Before the Court is Plaintiff Michel Keck's third application to serve foreign defendants by electronic means pursuant to Federal Rule of Civil Procedure 4(f)(3).[1] Mot., ECF 211. Specifically, Keck seeks to serve twenty-one Defendant Stores listed in Table 1 through the AliExpress.com messaging system and four Defendant Stores listed in Table 2 by email:

| Table 1: List of Defendant Stores that Keck Seeks to Serve through the AliExpress.com Messaging System |
|---|
| 1. FineArt Store |
| 2. [oLo Art Gallery] Wholesale Retail Oil Paintings |
| 3. Bo Bo Art |
| 4. Dream World 1989 |
| 5. Yiwu Honour Décor |
| 6. Yiwu Art paingting Store |
| 7. My House Painting Store, f/k/a Love Painting Store Co., Ltd |
| 8. AtFipan Art Decors Store f/k/a Modern Art Co., Ltd |
| 9. Modern House Decoration Painting |
| 10. NanYan Art Painting, a/k/a NanYa Elec. Comm. Co., Ltd a/k/a Framed Painting Store |

---

[1] The Court previously granted Keck's first application to serve seventeen Chinese merchants by electronic means (ECF 74) but denied without prejudice Keck's second application to serve an additional thirty-six merchants by electronic means (ECF 170).

| |
|---|
| 11. Racheal Arts Store a/k/a RACHAEL ZHU'S STORE |
| 12. Roy Fit Trading Co., Ltd. |
| 13. Shenzhen No. 1 Technology Co. Ltd |
| 14. MOONCRESIN Official Store f/k/a MOONCRESIN Factory Store |
| 15. Ali-Stars textile Store f/k/a CNLX factory Co., Ltd |
| 16. Rachel Greens Store |
| 17. Shop1710687 Store f/k/a Home-Décor Market |
| 18. OSM Oil Painting Store |
| 19. CSB HO ME GAR D ON Store |
| 20. Seventh Sense Store |
| 21. D-I-Y painting Factory Store |

| **Table 2: List of Defendant Stores that Keck Seeks to Serve by Email** |
|---|
| 1. wholasele oil oaitning shop Store |
| 2. Mai painting flagship store |
| 3. Handpainted oil painting666 Store a/k/a Shop2342274 Store |
| 4. China Arts Painting Ltd |

Although Keck filed the instant motion as an ex parte application, she has sent this motion to Defendant Stores through electronic means. Mot. 7–8; *see also* ECF 212 ("Certificate of Service"). No opposition has been filed. For the reasons stated below, the Court GRANTS Keck's motion.

**I. BACKGROUND**

Keck is a professional artist who alleges that her artwork was reproduced and sold on Alibaba.com and AliExpress.com by Chinese merchants to buyers in the United States without her authorization. Compl. ¶¶ 156–161, ECF 1. She brings this action against Alibaba Defendants[2] and numerous Chinese merchants.

Keck hired a private investigator in Hong Kong to identify the physical addresses of numerous merchant defendants. Ex. 3 to Mot. ("Kavowras Decl."), ECF 211. Investigator Kavowras conducted a search for the physical addresses of the merchant defendants in multiple

---

[2] Defendants Alibaba.com, Inc., Alibaba Group (U.S.), Inc., Alibaba Group Holding, Ltd., Alibaba.com Hong Kong, Ltd., and Taobao China Holding, Ltd. are collectively referred to as "Alibaba Defendants." Defendant Alipay US, Inc. was dismissed without prejudice. ECF 165.

1  Chinese databases, including two manufacturing certification databases and four litigation databases. *Id.* ¶ 5. Several of those databases are operated by the Chinese government. *Id.* Despite his efforts, Kavowras was unable to find the physical addresses of the twenty-five Defendant Stores listed in Tables 1 and 2. *Id.* ¶¶ 4–6. Keck also served a discovery request on Alibaba Defendants. Mot. 3 (citing Joint Case Management Statement 2, ECF 173)). Defendant Alibaba.com Hong Kong, Ltd. was unable to provide the physical addresses for those twenty-five Defendant Stores. *Id.* (citing Ex. 2-A to Randolph Decl., ECF 211-3).

Investigator Kavowras searched and found active storefronts on Alibaba.com or AliExpress.com for the twenty-one Defendant Stores listed in Table 1. Kavowras Decl. ¶ 8. Kavowras sent test messages to those Defendant Stores through the AliExpress.com messaging system. *Id.* None of the test messages were returned as undeliverable. *Id.* ¶ 10. Kavowras did not receive any error messages in response to the test messages. *Id.* In fact, many of the twenty-one Defendant Stores responded to the test messages. *See id.* ¶¶ 10–11.

The four Defendant Stores listed in Table 2 do not currently have an active virtual storefront. Kavowras Decl. ¶ 12. Keck's counsel sent test emails to the email addresses produced by Defendant Alibaba.com Hong Kong, Ltd. for those Defendant Stores. Ex. 4 to Riedinger Decl., ECF 211-5. None of the emails were returned as undeliverable, and three Defendant Stores responded to the test emails. *Id.* ¶¶ 2–4.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 4(f) provides the applicable authority for serving an individual in a foreign country:

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States:
> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;

3

(B) as the foreign authority directs in response to a letter rogatory or letter of request; or
(C) unless prohibited by the foreign country's law, by:
  (i) delivering a copy of the summons and of the complaint to the individual personally; or
  (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
(3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. Proc 4(f); s*ee also* Fed. R. Civ. Proc 4(h)(2) (referring to Rule 4(f) for serving a corporation not within any judicial district of the United States).

Under Rule 4(f)(3), courts can order service through a variety of methods, "including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email," provided that there is no international agreement directly to the contrary. *Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002). To comport with due process, "the method of service crafted by the district court must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* at 1016–17 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). Service by email can satisfy due process when a foreign defendant structured its business on the internet using email as the preferred contact method and did not list an easily discoverable street address. *See id.* at 1017–18.

### III. DISCUSSION

Rule 4(f)(3) allows for an alternate means of service as long as it is directed by a court and not prohibited by international agreement. The decision to provide an order under Rule 4(f)(3) is within the sound discretion of the district court, which must determine whether the "particularities and necessities of a given case require alternative service of process." *Rio Props.*, 284 F.3d at 1016.

The Court previously granted Keck's first application to serve seventeen Chinese merchants by electronic means under Rule 4(f)(3). Prior Order, ECF 74. Keck argues that the twenty-five Defendant Stores subject to this motion are in a similar situation as those seventeen Chinese merchants. Mot. 4–7. The Court agrees with Keck's argument as discussed below.

4

First, as the Court's Prior Order discussed, there is no international agreement precluding service on China-based defendants by electronics means. Prior Order 4–5; *see also Microsoft Corp. v. Goldah.com Network Tech. Co.*, No. 17-CV-02896, 2017 WL 4536417, at *4 (N.D. Cal. Oct. 11, 2017) ("China's objection to Article 10 does not prohibit the email service the Court ordered in the instant case."). This Court thus may allow service by electronic means under Rule 4(f)(3) when such service is necessary in this case. *Rio Props.*, 284 F.3d at 1016.

Second, like the situation considered in Keck's first application, Keck searched multiple Chinese databases but was unable to locate the physical addresses of the twenty-five Defendant Stores listed in Tables 1 and 2. Kavowras Decl. ¶¶ 4–6. Moreover, Alibaba Defendants are unable to provide the physical addresses of those defendants. *See* Mot. 3; Ex. 2-A to Randolph Decl. The fact that the physical addresses of the twenty-five Defendant Stores could not be located indicates that the merchants' contact is through electric means. This supports a finding that the "particularities and necessities of [this] case require [such] alternative service of process." *Rio Props.*, 284 F.3d at 1016–18 (holding that service by email is allowed when a foreign defendant structured its business on the internet using email and did not list an easily discoverable street address).

Furthermore, serving Defendant Stores by electronic means comports with due process. Regarding the twenty-five Defendant Stores who have active virtual storefronts as listed in Table 1, Kavowras did not receive any "undeliverable" or error messages after sending the test messages. Kavowras Decl. ¶¶ 10–11. Thus, the Court finds that service through the AliExpress.com online messaging system is a reasonably calculated method that provides notice to those Defendant Stores and allows an opportunity for them to respond. Thus, this method "comport[s] with constitutional notions of due process." *Rio Props.*, 284 F.3d at 1016 (holding that, to satisfy due process, the method of service that must be reasonably calculated to "apprise interested parties of the pendency of the action and afford them an opportunity to present their objections").

As to the four Defendant Stores without an active storefront and listed in Table 2, Kavowras sent test emails and none were "bounced back." Ex. 4 to Riedinger Decl. ¶¶2–4. In

fact, three of those messages were answered. *Id.* ¶ 3. Under the circumstances, the Court finds that service by email comports with due process and it is "reasonably calculated" to give notice to those four Defendant Stores because they structured and operated online businesses and thus are accustomed to communication by email. *Rio Props, Inc.*, 284 F.3d at 1018–19. This is substantiated by the fact that Defendant Alibaba.com Hong Kong, Ltd. has only their email addresses but not physical addresses. *Id.* at 1018 (holding that email service was permitted where the defendant "structured its business such that it could be contacted *only* via its email address. . . ." (emphasis in original)); *Toyo Tire & Rubber Co. v. CIA Wheel Grp.*, No. 15-0246, 2016 WL 1251008, at *3 (C.D. Cal. Mar. 25, 2016) ("Many cases have found service of process by email to be reasonably calculated to provide actual notice when the test email is not returned as undeliverable or bounced back.").

Accordingly, Keck may electronically serve the twenty-five Defendant Stores listed in Table 1 through the AliExpress.com messaging system and the four Defendant Stores listed in Table 2 by email. As the Court granted Keck's request in her first application, the messages may contain a link to a secure website where PDFs of the English and Chinese versions of the summons, complaint, and other documents required to be served with the complaint, may be downloaded. Prior Order 6. Such a method is reasonably calculated to give notice to Defendant Stores and provide them an opportunity to respond. *See Gucci Am,. Inc. v. Alibaba Group Holding, Ltd.*, No. 15-cv-03784, Dkt. 19, at 10 (S.D.N.Y. July 23, 2015) (permitting electronic service by sending a link to a secure website where defendants could download the summons and complaint).

Keck further requests that she be permitted to serve subsequent motions and pleadings to the twenty-five Defendant Stores by electronic means. Mot. 7. For the same reasons discussed above, service through electronic means under the circumstances is the most effective method to provide notice and also affords Defendant Stores an opportunity to present their objections. Other courts have permitted serving subsequent motions and pleadings by electronic means after defendants were served with the summons and complaint by email. *Gucci Am., Inc., v. Wang Huoqing*, No. 09-cv-05969, Dkt. 17, at 2 (N.D. Cal. March 11, 2010). The Court therefore grants

6

Keck's request to serve subsequent motions and pleadings through electronic means.

**IV. ORDER**

For the foregoing reasons, the Court GRANTS Keck's application to serve twenty-five Defendant Stores by electronic means pursuant to Rule 4(f)(3).

(1) Keck may serve the twenty-one Defendant Stores listed in Table 1 the English and Chinese versions of the summons, complaint, and other documents required to be served with the complaint under the local rules through by sending messages through the AliExpress.com online messaging system.

(2) Keck may serve the four Defendant Stores listed in Table 2 the English and Chinese versions of the summons, complaint, and other documents required to be served with the complaint under the local rules by email.

(3) Keck may serve subsequent motions and pleadings to Defendant Stores listed in Tables 1 and 2 by electronic means, unless counsel for Defendant Stores enters an appearance before the Court.

(4) The messages sent to Defendant Stores may contain a link to a secure website where PDFs of the served documents may be accessed and downloaded.

**IT IS SO ORDERED.**

Dated: July 31, 2018

BETH LABSON FREEMAN
United States District Judge