1

2

3 **UNITED STATES DISTRICT COURT**

4 **NORTHERN DISTRICT OF CALIFORNIA**

5 **SAN JOSE DIVISION**

6

7 MICHEL KECK,                                    Case No. 17-cv-05672-BLF

8                    Plaintiff,

9                                                 **ORDER DENYING ALIBABA**
                                                  **DEFENDANTS' MOTION TO STRIKE**
10        v.                                      **CLASS ALLEGATIONS OR DENY**
                                                  **CLASS CERTIFICATION WITHOUT**
11 ALIBABA.COM, INC., et al.,                     **PREJUDICE AS TO WHETHER CLASS**
                                                  **SHOULD BE CERTIFIED IN THIS**
12                    Defendants.                 **ACTION**

13                                                [Re: ECF 153]

14

15        Before the Court is Defendants Alibaba Group Holding Ltd., Alibaba.com Hong Kong

16 Ltd., Taobao China Holding Ltd., Alibaba.com, Inc., and Alibaba Group (U.S.) Inc.'s

17 (collectively, "Alibaba Defendants") motion to strike class allegations or deny class certification.

18 Mot., ECF 153. Specifically, Alibaba Defendants move to strike Plaintiff Michel Keck's class

19 allegations in paragraphs 295 to 307 of the Complaint pursuant to Federal Rule of Civil Procedure

20 12(f). *See* Notice of Motion, ECF 153. In the alternative, Alibaba Defendants move to deny

21 certification of Plaintiff's proposed classes pursuant to Federal Rule of Civil Procedure 23(c)(1).

22 *Id.* Plaintiff opposes the motion. Opp'n, ECF 188.

23        On June 14, 2018, the Court held a hearing on Alibaba Defendants' motion to strike class

24 allegations or deny class certification and their co-pending motion to dismiss the complaint. The

25 Court stated that it will take the instant motion under submission. For the reasons stated below,

26 Alibaba Defendants' motion to strike class allegations or deny class certification is DENIED. The

27 denial is without prejudice to Alibaba Defendants' ability to raise the arguments presented in this

28 motion at a later stage of the proceedings.

## I. BACKGROUND: PLAINTIFF'S CLASS ALLEGATIONS

This action arises out of Plaintiff's allegations that Alibaba Defendants operated online marketplaces where Chinese merchants sold Plaintiff's copyrighted artwork without authorization. Plaintiff seeks to represent class members pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(1), 23(b)(2), and 23(b)(3). *See* Compl. ¶¶ 295–305, ECF 1. She alleges a general class defined as:

> A class consisting of owners of U.S. copyrights to pictorial, graphic, or visual works who own the copyright to at least one such work that has been or is being reproduced or displayed on Alibaba.com, AliExpress, or Taobao and offered for sale without the permission of the owner. ("General Class")

*Id.* ¶ 295. Plaintiff also brings this action on behalf of two subclasses:

> (1) A subclass of the members of the general class who own U.S. copyright registrations for pictorial, graphic or visual works for which the effective date of registrations are prior to the date they were reproduced or displayed and offered for sale on Alibaba.com, AliExpress, or Taobao or for which the effective date of registration was within three months after the first date of publication of the work, and who submitted to Alibaba written notice of the infringement of those works. ("Statutory Damages Subclass")

> (2) A subclass of the members of the general class who own U.S. copyright registrations for pictorial, graphic or visual works for which the effective date of registrations were not prior to the date they were reproduced or displayed and offered for sale on Alibaba.com, AliExpress, or Taobao or for which the effective date of registration was not within three months after the first date of publication of the copyrighted work, and who submitted to Alibaba written notice of the infringement of those works. ("Non-Statutory Damages Subclass")

*Id.*

On January 31, 2018, Alibaba Defendants filed their motion to strike class allegations or deny class certification. Mot. The same day, Alibaba Defendants filed a motion to dismiss the complaint pursuant to Rule 12(b)(2) and 12(b)(6). ECF 152. Thereafter, the Court granted Plaintiff's request for jurisdictional discovery. ECF 181.

## II. LEGAL STANDARD

Alibaba Defendants move to strike Plaintiffs' class allegations under Rule 12(f). "There is a split in this District as to whether a motion to strike class action allegations may be entertained at the motion to dismiss stage." *Ogala v. Chevron Corp.*, No. 14–cv–173–SC, 2014 WL 4145408, at

*2 (N.D. Cal. Aug. 21, 2014) (collecting cases). Even courts that have been willing to entertain such a motion early in the proceedings "have applied a very strict standard to motions to strike class allegations on the pleadings." *Id.* "Only if the court is convinced that any questions of law are clear and not in dispute, and that under no set of circumstances could the claim or defense succeed may the allegations be stricken." *Id.* (internal quotation marks and citation omitted).

In the alternative, Alibaba Defendants move to deny certification of Plaintiff's proposed classes pursuant to Rule 23(c)(1). The Ninth Circuit has held that a defendant may file a motion to deny class certification before the close of fact discovery and before the pretrial motion deadline. *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 944 (9th Cir. 2009) ("Rule 23 does not preclude a defendant from bringing a 'preemptive' motion to deny certification."). However, such a motion is disfavored and may be denied as premature. *See Amey v. Cinemark USA Inc.*, No. 13-CV05669-WHO, 2014 WL 4417717, at *3–4 (N.D. Cal. Sept. 5, 2014). "District courts have broad discretion to control the class certification process." *Vinole*, 571 F.3d at 942.

## III. DISCUSSION

Alibaba Defendants first argue that the typicality and commonality requirements of Rule 23(a) cannot be met. Mot. 8–13. They contend that Plaintiff cannot show typicality because her copyright infringement claims are different from the claims of putative class members and that Plaintiff's claims based on contributory and vicarious liability require detailed factual investigations. *Id.* at 8–11; *see also* Reply 4–5, ECF 199. As to commonality, Alibaba Defendants assert that Plaintiff cannot show "questions of law or fact common to the class." Mot. 11. In their view, this case involves "fact-specific liability questions" that have no common answers. *Id.* at 12. Alibaba Defendants further contend that the proposed common questions— whether Alibaba Defendants failed to promptly take down unauthorized copyrighted works or benefited directly from the purported infringements—are "individualized and fact-intensive." *Id.* at 13.

Alibaba Defendants next argue that the proposed classes cannot be certified under Rule 23(b)(3) because (i) the predominance requirement cannot be met given the "individual factual issues." Mot. 14–15. They further assert that individual actions would be superior while a class

action would be unmanageable because, "given the scale of Alibaba platforms, it would be impossible to identify the class members." *Id.* at 15–16.

In addition, Alibaba Defendants claim that Plaintiff cannot request certification under (i) Rule 23(b)(1)(A) because she seeks classwide damages and (ii) Rule 23(b)(1)(B) as she does not allege that there is a limited fund. Mot. 17–18. Alibaba Defendants further argue that Plaintiff cannot seek certification under Rule 23(b)(2) for the proposes subclasses because she requests "statutory and/or actual damages." *Id.* at 18. According to Alibaba Defendants, Plaintiff cannot satisfy Rule 23(b)(2) under any circumstances because it is likely that most class members are ineligible for injunctive relief as Alibaba Defendants responded to take down notices. *Id.*

While Alibaba Defendants raise strong points as to the weaknesses in Plaintiff's allegations, the Court finds that their motion to strike class allegations or deny certification is premature as explained below.

Typicality does not require that Plaintiff's claims to be factually identical to the claims of the proposed class members and the requirement may be satisfied by showing that the claims arise from the same course of conduct and are based on the same legal theory. *See Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1053 (N.D. Cal. 2010). Upon reviewing the Complaint and the parties' briefing, the Court is unconvinced that "any questions of law are clear and not in dispute" such that "under no set of circumstances" could Plaintiff would be able to meet Rule 23(a)'s typicality requirement. *Los Gatos Mercantile, Inc. v. E.I. DuPont De Nemours & Co.*, No. 13-CV-01180-BLF, 2015 WL 4755335, at *32–33 (N.D. Cal. Aug. 11, 2015) (citing *Ogola*, 2014 WL 4145408, at *2) (denying without prejudice the defendants' motion to strike class allegations as premature). Moreover, as Plaintiff argues (Opp'n 9), discovery may reveal that Alibaba Defendants had a practice—for example, allowing merchants to violate copyrights and ignoring take down notices—that may expose them to liability.[1] Accordingly, the Court finds that it is premature to address at the pleading stage whether Plaintiff can satisfy the typicality requirement.

---

[1] To the extent that the parties dispute the scope of discovery, this order makes no determination whether Plaintiff is entitled to discovery. This order also does not rule whether a certain practice imposes liability on Alibaba Defendants.

*Amey*, 2014 WL 4417717, at \*3–4 (denying the defendant's motion to deny class certification as premature where no classwide discovery occurred); *see also Los Gatos*, 2015 WL 4755335, at \*32–33. For the same reasons, the Court reaches the same conclusion as to the commonality requirement under Rule 23(a) as well as predominance and superiority requirements under Rule 23(b)(3).

Alibaba Defendants' arguments with respect to certification under Rule 23(b)(1) and Rule 23(b)(2) are also unpersuasive. Alibaba Defendants claim that there is no risk under Rule 23(b)(1)(A) of "inconsistent or varying adjudications" which would "establish incompatible standards of conduct for the party opposing the class." Mot. 17. They further contend that Plaintiff cannot establish that separate adjudications would impair the rights of class members to protect their interests under Rule 23(b)(1)(B). *Id.* The Court does not find these arguments to be persuasive. At this stage of the proceedings, without the benefit of a developed record, the Court simply cannot conclude that Plaintiff will be unable to meet her burden under Rule 23. *See Los Gatos*, 2015 WL 4755335, at \*32.

## IV. CONCLUSION

Alibaba Defendants' motion to strike class allegations or deny class certification is DENIED without prejudice to their ability to raise the arguments presented in this motion at a later stage of the proceedings.

**IT IS SO ORDERED.**

Dated: August 30, 2018

BETH LABSON FREEMAN
United States District Judge