UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHEL KECK,<br><br>    Plaintiff,<br><br>v.<br><br>ALIBABA.COM HONG KONG LTD., et al.,<br><br>    Defendants. | Case No. 17-cv-05672-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO AMEND CASE MANAGEMENT ORDER**<br><br>[Re: ECF 280] |

Before the Court is Plaintiff's Motion to Amend Case Management Order ("Motion"). Motion, ECF 280. Defendants oppose Plaintiff's Motion in part. Opp'n, ECF 288. No reply was filed. Specifically, Plaintiff requests the Court (1) extend the deadline to amend pleadings and add parties by six months; and (2) extend class certification deadlines by six months. *See* Motion at 1. Defendants oppose Plaintiff's request to extend the deadline to amend pleadings and add parties, but do not oppose Plaintiff's request to extend class certification deadlines. *See* Opp'n at 1. Pursuant to Civil Local Rule 7-1(b), the Court takes this matter under submission without oral argument. For the reasons stated below, Plaintiff's Motion is GRANTED IN PART and DENIED IN PART.

**I.  LEGAL STANDARD**

A party seeking to amend a scheduling order must show "good cause" for such relief. Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). A "good cause determination focuses primarily on the diligence of the moving party." *Yeager v. Yeager*, 2009 WL 1159175, at *2 (E.D. Cal. Apr. 29, 2009) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). Courts may take into account any resulting prejudice to the opposing party, but "the focus of the [Rule 16(b)] inquiry is upon the moving

party's reasons for seeking modification . . . [i]f that party was not diligent, the inquiry should end." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 135 S. Ct. 1591 (2015) (quoting *Johnson,* 975 F.2d at 609).

**II. DISCUSSION**

    **A. Plaintiff's request to extend deadline to amend pleadings and add parties**

The Court previously granted Plaintiff's request to extend the deadline to amend pleadings and add parties. *See* ECF 194. In that order, the Court modified the deadline from May 14, 2018, to October 29, 2018. *Id.* (granting Plaintiff's request to set deadline 60 days after the Court rules on Defendants' motion to dismiss, which the Court did so on August 30, 2018, *see* ECF 270).

Plaintiff argues there is good cause to further extend the deadline for amending the pleadings and adding parties due to "[t]he current state of discovery." *See* Motion at 5. Specifically, Plaintiff asserts that she "does not yet have a meaningful production of documents from Alibaba HK, much less from TCHL and Zhejiang Taobao who are just now subject to full discovery for the first time." *Id.* Defendants counter that Plaintiff has not shown "good cause" to extend the deadline because Plaintiff has already amended her pleadings and added parties based on the Court's prior extension of the deadline and "after having received meaningful discovery regarding which entities operate the various platforms at issue and handle notice and takedown." *See* Opp'n at 3–4. The Court agrees with Defendants.

First of all, following the Court's prior extension of the deadline to amend pleadings and add parties, Plaintiff has taken discovery aimed at identifying or clarifying which entities are responsible for various e-commerce platforms central to Plaintiff's case. *See, e.g.*, Defendant TCHL's Supplemental Responses and Objections to Second Interrogatories, Ex. B to Friedmann Decl., ECF 288-2 (dated June 26, 2018). Indeed, Plaintiff requested leave of the Court to file her First Amended Complaint ahead of the deadline for amending pleadings and adding parties. ECF 278. The Court granted leave, *see* ECF 285, and Plaintiff subsequently filed her First Amended Complaint on October 8, 2018, amending the pleadings and adding parties, three weeks in advance of the deadline to do so, *see* First Amended Complaint, ECF 286. Thus, it does not appear that Plaintiff has fully utilized the time period available to her under the Court's prior extension of the

deadline to amend the pleadings and add parties. *See Yeager*, 2009 WL 1159175, at *2.

Second of all, Plaintiff has failed to identify in non-conclusory fashion why, despite Plaintiff's diligence, Plaintiff does not already have access to sufficient discovery for amending the pleadings or adding parties. Plaintiff merely argues that "[t]he current state of discovery [] justifies a modification of the deadline to amend pleadings," without specifying how or why the current state of discovery is insufficient for the particular purpose of amending the pleadings or adding parties. *See* Motion at 5. For example, as noted by Defendants, Plaintiff does not indicate the nature or category of outstanding discovery that may lead to identification of additional claims or defendants. *See* Opp'n at 4. Thus, the Court does not find that Plaintiff has articulated adequate "reasons for seeking modification" under Rule 16(b). *In re W. States*, 715 F.3d at 737.

Accordingly, Plaintiff's request to further extend the deadline to amend pleadings and add parties is DENIED.

### B. Plaintiff's request to extend class certification deadlines

At present, the last day for class certification hearing is October 3, 2019. *See* ECF 180. Plaintiff requests to extend the last day for class certification hearing (and associated deadlines) by approximately six months to "allow Plaintiff adequate time to review [] documents . . . [and] depose [] witnesses," in light of Defendants' indication that discovery relevant to class issues will not be complete until March 2019. *See* Motion at 1; Opp'n at 2. Defendants concur, stating that "Plaintiff's request to push out the class certification deadlines by six months is well warranted," due to the timing and scope of discovery. Opp'n at 3. Thus, the Court finds that Plaintiff has shown "good cause" under Fed. R. Civ. P. 16(b)(4) to modify the class certification deadlines. Accordingly, Plaintiff's request to extend class certification deadlines by six months is GRANTED.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion at ECF 280 is GRANTED IN PART and DENIED IN PART. The following dates or deadlines as depicted in the table below shall apply:

| EVENT | EXISTING DATE OR DEADLINE[1] | UPDATED DATE OR DEADLINE |
|---|---|---|
| Last day to amend pleadings and add parties | Oct. 29, 2018 | REQUEST TO CHANGE DENIED |
| Plaintiff's last day to serve class certification expert reports | ~~Mar. 15, 2019~~ | Sept. 16, 2019 |
| Defendants' last day to serve class certification expert reports | ~~Apr. 26, 2019~~ | Oct. 25, 2019 |
| Plaintiff's last day to serve reply class certification reports | ~~May 10, 2019~~ | Nov. 12, 2019 |
| Class certification expert discovery cutoff | ~~May 31, 2019~~ | Dec. 2, 2019 |
| Last day to file class certification motions | ~~June 21, 2019~~ | Dec. 20, 2019 |
| Last day to hear class certification motion | ~~Oct. 3, 2019~~ | Apr. 2, 2020 |
| Fact discovery cutoff | June 11, 2020 | NO CHANGE REQUESTED |
| Plaintiff's last day to serve expert reports | July 16, 2020 | NO CHANGE REQUESTED |
| Defendants' last day to serve expert reports | Sept. 10, 2020 | NO CHANGE REQUESTED |
| Plaintiff's last day to serve reply expert reports | Oct. 8, 2020 | NO CHANGE REQUESTED |
| Expert discovery cutoff | Nov. 12, 2020 | NO CHANGE REQUESTED |
| Last day to file dispositive motions | Jan. 18, 2021 | NO CHANGE REQUESTED |
| Last day to hear dispositive motions | May 27, 2021 | NO CHANGE REQUESTED |
| Last day to file motions *in limine* and other motions | July 2, 2021 | NO CHANGE REQUESTED |
| Final pretrial conference | Sept. 2, 2021 | NO CHANGE REQUESTED |
| Trial | Oct. 4, 2021 | NO CHANGE REQUESTED |

**IT IS SO ORDERED.**

Dated: October 23, 2018

/s/ Beth Labson Freeman
BETH LABSON FREEMAN
United States District Judge

---

[1] Prior deadlines set by the Court complied from the Court's orders at ECF 180 and ECF 183, respectively.

4